IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REYNALD LOPS, individually and on behalf
of his minor daughter, MARIA-RENÉE LOPS;
VICTORIA LOPS, individually and on behalf
of her minor daughters, CRISTEN VAN HORN
and MARIA RENÉE LOPS; and JACOB VAN HORN,

    Plaintiffs,

vs.                                                                                                   Civ. No. 00-1268 JP/LFG

ALFRED HABERMAN, individually and in his
official capacity as an agent of CHILDREN YOUTH
& FAMILIES DEPARTMENT; DEBBIE CLARK,
individually and in her official capacity as an agent of
CHILDREN YOUTH & FAMILIES DEPARTMENT;
DEBORAH HARTZ, in her official capacity as Secretary
of CHILDREN YOUTH & FAMILIES DEPARTMENT;
VERONICA MONTAÑO PILCH, individually and in her
official capacity as an agent of CHILDREN YOUTH
& FAMILIES DEPARTMENT and as COURT APPOINTED
SPECIAL ADVOCATE; ANGELA VERNADO, individually
and as an agent of CHILDREN YOUTH & FAMILIES DEPARTMENT
and as GUARDIAN AD LITEM of CRISTEN VAN HORN;
BRIAN LINK, individually and in his official capacity as an
agent of the CITY OF RIO RANCHO, RIO RANCHO DEPARTMENT
OF PUBLIC SAFETY; JOHN DOES 1-15, individually and in their
official capacities as agents of the CITY OF RIO RANCHO,
RIO RANCHO DEPARTMENT OF PUBLIC SAFETY; JANE DOES
1-15, individually and in their official capacities as agents of the CITY
OF RIO RANCHO, RIO RANCHO DEPARTMENT OF PUBLIC
SAFETY; and DENNY HAYCOX, individually and in his official
capacity as Director of the RIO RANCHO DEPARTMENT OF PUBLIC SAFETY,

    Defendants.

MEMORANDUM OPINION AND ORDER

    On December 7, 2000, Defendant Montaño-Pilch filed a Motion to Dismiss Pursuant to

Rule 12B6 [sic] on the Grounds of Absolute Immunity (Doc. No. 37).  Having reviewed the briefs

and relevant law, I find that the motion to dismiss should be granted in part.

A.  Background

The Plaintiffs are suing a myriad of persons who were involved in removing Plaintiff Cristen Van Horn, a minor, from her family home.  One of the Defendants is Veronica Montaño-Pilch.  She was a Court Appointed Special Advocate (CASA) for Plaintiff Cristen Van Horn.  In summarizing their first amended complaint against Defendant Montaño-Pilch, the Plaintiffs state that they

> allege that Montaño-Pilch violated Plaintiffs' civil rights by encouraging and coercing Cristen Van Horn to lie about events and circumstances involved in the family relationship.  Montaño-Pilch used threats, coercion, intimidation and other improper techniques to compel Cristen Van Horn to falsely accuse Plaintiffs of improper conduct.  Montaño-Pilch also knowingly presented information about Plaintiffs that she knew to be false.  Plaintiffs also allege that Montaño-Pilch disregarded lawful court orders and acted unilaterally and of her own volition when she participated in removing Cristen Van Horn from New Mexico and placing her in the custody of her father, Scott Van Horn, in Tennessee thereby depriving Plaintiffs of their constitutional rights.
> Additionally, Montaño-Pilch counseled and encouraged Cristen Van Horn to puncture a voodoo doll, which represented [Plaintiff] Rey Lops, with pins in various locations with areas entitled "Rey Lops", "divorce," "jail", "prison," "lose job," "guilty" and other similar notations.

Plaintiffs' Response to Defendant Montaño-Pilch's Rule 12B6 [sic] Motion to Dismiss at 6-7 (Doc. No. 42), filed Dec. 18, 2000 (citations omitted).  Defendant Montaño-Pilch argues that because of her position as a CASA she is entitled to quasi-judicial immunity.  She also requests an award of attorney's fees under 42 U.S.C. §1988 for bringing this motion to dismiss.

B.  Discussion

  1.  Quasi-Judicial Immunity

The person seeking absolute immunity carries the burden of showing that public policy requires an exemption to legal liability for damages.  *Cleavinger v. Saxner*, 474 U.S. 193, 201

2

(1985)(quoting *Butz v. Economou*, 438 U.S. 478, 506 (1978)).  To determine whether an official is entitled to quasi-judicial immunity, the court engages in a functional analysis of the "nature of the responsibilities of the individual official." *Id*.  In applying this functional analysis, "[t]he more distant a function is from the judicial process, the less likely absolute immunity will attach." *Snell v. Tunnell*, 920 F.2d 673, 687 (10th Cir. 1990), *cert. denied*, 499 U.S. 976 (1991).  In other words, the court must examine the nexus of the official's actions to the judicial process and whether the actions are an integral part of the judicial process.  *Id*. at 687, 689.  Factors to consider in making that examination include whether

> the defendant's duties and the procedures employed are functionally comparable to those of a court of law; (2) maintenance of the impartiality and effectiveness of the adjudicatory process in question requires eliminating any threat of personal liability; (3) the defendant's actions are more likely than other governmental actions to result in disappointed parties' institution of lawsuits; and (4) procedural safeguards exist and are adequate to correct or prevent erroneous or intentional constitutional violations.

*Saavedra v. City of Albuquerque*, 73 F.3d 1525, 1530 (10th Cir. 1996)(citations omitted).

A CASA is appointed by a children's court judge "to assist in any children's court proceeding" including aiding the court in determining the best interests of the child.  NMSA 1978, §32A-1-4(D) (1993); Rule 10-121(A) NMRA 1998.  The CASA's powers include "investigating the facts of the situation when directed by the court and submitting reports to the parties" as well as "monitoring compliance with the treatment plan and submitting reports to the court and the parties subsequent to adjudication."  Rule 10-121(C) NMRA 1998.  Judgments finding child neglect or abuse are subject to judicial review.  Rules 10-310(B) and 10-325(H) NMRA 1998.

As a court appointed official who assists the court by gathering information and preparing reports, a CASA is integrally involved in the adjudicative process as an arm of the court.  *See*

*Short by Oosterhous v. Short*, 730 F.Supp. 1037, 1038 (D. Colo. 1990)(discussing quasi-judicial immunity for guardian ad litem with similar functions as a CASA's). A CASA's function in sensitive family matters would undoubtably subject the CASA to unfounded lawsuits by disappointed parents or custodians. *See id*. at 1038-39. A CASA must also maintain an appearance of neutrality in providing reports and recommendations to the court. *See id*. Moreover, judicial mechanisms are in place to prevent a CASA's misconduct. For example, there is a procedure for judicial review of children's court judgments and the children's court presumably oversees a CASA's performance. *See id*. Under these circumstances, I find that a CASA is subject to quasi-judicial immunity. *See Fleming v. Asbill*, 42 F.3d 886, 889 (4th Cir. 1994)(court appointed guardian ad litem entitled to absolute immunity); *Gardner by Gardner v. Parson*, 874 F.2d 131, 146 (3d Cir. 1989)(same); *Cok v. Cosentino*, 876 F.2d 1, 3 (1st Cir. 1989)(same); *Oltremari by McDaniel v. Kansas Social and Rehabilitative Service*, 871 F.Supp. 1331, 1345-46 (D. Kan. 1994)(same); *Short*, 730 F.Supp. at 1038-39 (same); *Foster v. Washoe County*, 114 Nev. 936, 943-44, 964 P.2d 788, 793 (1998)(CASA entitled to absolute immunity); *Lithgoe v.Guinn*, 884 P.2d 1085, 1088-89 (Alaska 1994)(court appointed psychologist entitled to absolute immunity); *Lavit v. Superior Court In and For County of Maricopa*, 173 Ariz. 96, 99-100, 839 P.2d 1141, 1144-45 (Ariz. App. Div. 1 1992)(same); *Collins on Behalf of Collins v. Tabet*, 111 N.M. 391, 395, 806 P.2d 40, 45 (1991)(court appointed guardian ad litem entitled to absolute immunity).

Although a CASA is entitled to quasi-judicial immunity, the CASA can only enjoy that immunity for actions performed within "the scope of appointment as a functionary of the court...." *Collins*, 111 N.M. at 395, 806 P.2d at 45 (discussing absolute immunity for guardian ad

litem).  *See also Turney v. O'Toole*, 898 F.2d 1470, 1474 (10th Cir. 1990)(quasi-judicial immunity attaches if official does not act outside scope of jurisdiction); *T & W Investment Co., Inc. v. Kurtz*, 588 F.2d 801, 802 (10th Cir. 1978)(court appointed receiver has immunity "at least if he is carrying out the orders of his appointing judge.").  With the exception of the claim of untruthfulness by Defendant Montaño-Pilch, the Plaintiffs' allegations regarding Defendant Montaño-Pilch do not concern her investigation of the Cristen Van Horn case nor do they concern her reports to the court.  Those allegations against Defendant Montaño-Pilch of other conduct are outside the scope of her appointment as a CASA.  Consequently, Defendant Montaño-Pilch cannot claim quasi-judicial immunity for those actions. However, to the extent that the claim of untruthfulness includes false testimony before a tribunal, Defendant Montaño-Pilch is entitled to absolute immunity from damages as a witness.  *Briscoe v. La Hue*, 460 U.S. 325, 329-30 (1983).

    2.  Attorney's Fees Under 42 U.S.C. §1988

Section 1988(b) provides that the court, in its discretion, may award attorney's fees to the prevailing party in a civil rights action.  For a defendant to obtain attorney's fees under §1988, the plaintiff's claims must be "'frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'"  *Witham v. Baptist Health Care of Oklahoma, Inc.*, 98 F.3d 581 (10th Cir. 1996)(quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)).  "[P]roof that a plaintiff's case is frivolous, unreasonable or groundless must follow a judicial determination of the plaintiff's case on the merits.  Thus, at the very least defendant would have to make a successful motion for summary judgment on the merits. ...  In short, a defendant cannot be a prevailing party unless it has benefitted from a judicial determination going to the merits of

the case." *Easiley v. Norris*, 107 F.Supp.2d 1332, 1339 (N.D. Okla. 2000)(discussing *Marquart v. Lodge 837, Intern. Ass'n of Machinists and Aerospace Workers*, 26 F.3d 842, 852 (8th Cir. 1994)).  Here, the determination that Defendant Montaño-Pilch is entitled only to absolute immunity as to Plaintiffs' claim that she provided false information to the court is not a determination on the merits of the Plaintiffs' false testimony claim.  Without a judicial determination on the merits, Defendant Montaño-Pilch is not a prevailing party for §1988(b) purposes.  Moreover, Defendant Montaño-Pilch established absolute immunity to only one aspect of her alleged conduct.  Defendant Montaño-Pilch request for attorney's fees is, therefore, without merit.

IT IS ORDERED that Defendant Montaño-Pilch's Motion to Dismiss Pursuant to Rule 12B6 [sic] on the Grounds of Absolute Immunity (Doc. No. 37) is granted in part.  Plaintiffs' claim that Defendant Montaño-Pilch falsely testified before a state tribunal will be dismissed with prejudice.

IT IS FURTHER ORDERED that Defendant Montaño-Pilch's request for attorney's fees is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE