IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REYNALD LOPS, individually and on behalf
of his minor daughter, MARIA-RENÉE LOPS;
VICTORIA LOPS, individually and on behalf
of her minor daughters, CRISTEN VAN HORN
and MARIA RENÉE LOPS; and JACOB VAN HORN,

     Plaintiffs,

vs.                                                                                       Civ. No. 00-1268 JP/LFG

ALFRED HABERMAN, individually and in his
official capacity as an agent of CHILDREN YOUTH
& FAMILIES DEPARTMENT; DEBBIE CLARK,
individually and in her official capacity as an agent of
CHILDREN YOUTH & FAMILIES DEPARTMENT;
DEBORAH HARTZ, in her official capacity as Secretary
of CHILDREN YOUTH & FAMILIES DEPARTMENT;
VERONICA MONTAÑO PILCH, individually and in her
official capacity as an agent of CHILDREN YOUTH
& FAMILIES DEPARTMENT and as COURT APPOINTED
SPECIAL ADVOCATE; ANGELA VERNADO, individually
and as an agent of CHILDREN YOUTH & FAMILIES DEPARTMENT
and as GUARDIAN AD LITEM of CRISTEN VAN HORN;
BRIAN LINK, individually and in his official capacity as an
agent of the CITY OF RIO RANCHO, RIO RANCHO DEPARTMENT
OF PUBLIC SAFETY; JOHN DOES 1-15, individually and in their
official capacities as agents of the CITY OF RIO RANCHO,
RIO RANCHO DEPARTMENT OF PUBLIC SAFETY; JANE DOES
1-15, individually and in their official capacities as agents of the CITY
OF RIO RANCHO, RIO RANCHO DEPARTMENT OF PUBLIC
SAFETY; and DENNY HAYCOX, individually and in his official
capacity as Director of the RIO RANCHO DEPARTMENT OF PUBLIC SAFETY,

     Defendants.

MEMORANDUM OPINION AND ORDER

     On December 19, 2000, Defendants City of Rio Rancho, Rio Rancho Department of

Safety, Brian Link, and Dencil Haycox (Rio Rancho Defendants) filed Rio Rancho Defendants'

Motion to Dismiss No. I: Fourteenth Amendment Procedural Due Process Claims (Doc. No. 43). Having reviewed the briefs and the relevant law, I find that this motion to dismiss should be denied.[1]

A. Background

The Plaintiffs are suing various Defendants for alleged actions surrounding the removal of Plaintiff Cristen Van Horn from her family home on child abuse grounds. The paragraph of the first amended complaint at issue in this motion to dismiss is ¶144. Paragraph 144 alleges that "[a]ll Defendants deprived Plaintiffs of their Fourteenth Amendment rights to due process of law by engaging in the conduct detailed in this Complaint and more specifically by concealing and misrepresenting material facts in the prosecution of Plaintiffs, permanently separating Plaintiffs from Cristen Van Horn and violating Plaintiffs' liberty interests." The parties are treating this paragraph as alleging a procedural due process claim under 42 U.S.C. §1983. Two other paragraphs of the first amended complaint relevant to this motion to dismiss are ¶¶140 and 141. Those paragraphs allege that Defendant Haycox, the Director of the Rio Rancho Department of Public Safety, acquiesced, condoned, and accepted alleged civil rights violations by members of the Rio Rancho Department of Public Safety including Defendant Brian Link.

B. Standard of Review

In considering a motion to dismiss for failure to state a claim, I must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences

---

[1] The Plaintiffs ask the Court to amend their first amended complaint to avoid having this motion to dismiss granted while the Rio Rancho Defendants ask the Court for an award of attorney's fees and costs should this motion to dismiss be granted. Since I find that the motion to dismiss should be denied, the requests to amend the first amended complaint and for attorney's fees and costs will be denied as moot.

in the plaintiff's favor. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).  I may dismiss the complaint if it appears to a certainty that the plaintiff can prove no set of facts in support of the plaintiff's claim which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

C. Discussion

The Rio Ranch Defendants argue that the Fourteenth Amendment procedural due process claim should be dismissed with prejudice for failure to state a cognizable claim because the Plaintiffs' alleged loss of liberty and property was caused by the random, unauthorized acts of Defendant Link and the state provided Plaintiffs with an adequate post-deprivation remedy, namely, the New Mexico Tort Claims Act.  "[T]he United State Supreme Court has held that neither negligent nor intentional deprivations of property [or liberty] under color of law that are random and unauthorized give rise to a §1983 claim where the plaintiff has an adequate state remedy."  *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989)(citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)(intentional deprivation of property interest); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981)(negligent deprivation of property interest), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986)).  *See also Zinermon v. Burch*, 494 U.S. 113, 132-32 (1990)(deprivation of liberty interest).  However, a deprivation of a property or liberty interest is not random and unauthorized when it is made under "an affirmatively established or *de facto* policy, procedure, or custom."  *Gillihan*, 872 F.2d at 939 (citations omitted).  For example, stating a claim for municipal liability by definition establishes a policy, procedure or custom.  *See Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 380 (7th Cir. 1988). Where a deprivation of a property or liberty interest is not random and unauthorized, the government "generally must, in

the absence of compelling reasons to the contrary, give the plaintiff a predeprivation hearing" and "the availability of an adequate state post-deprivation remedy is irrelevant and does not bar a §1983 claim." *Gillihan*, 872 F.2d at 939 (citations omitted).

The Plaintiffs argue that Defendant Link's alleged illegal actions were not random or unauthorized because Defendant Haycox adopted and accepted those actions. The Plaintiffs contend that in adopting and accepting those actions, Defendant Haycox in effect established a city policy subject to municipal liability. A municipality can be held liable under §1983 "only when an injury was inflicted by execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may be fairly said to represent official policy." *Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993). "[M]unicipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances.... If the decision to adopt [a] particular course of action is properly made by that government's authorized decisionmakers, it surely represents an act of official government 'policy' as that term is commonly understood. More importantly, where action is directed by those who establish governmental policy, the municipal is equally responsible whether that action is to be taken once or to be taken repeatedly." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986). Moreover, "[i]f the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their decision is final." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).

In this case, although the Plaintiffs do not specifically allege that Defendant Haycox is an authorized policymaker for the City of Rio Rancho, his position as director of the Rio Rancho Department of Public Safety suggests that Defendant Haycox is an authorized policymaker. *See*

*Praprotnik*, 485 U.S. at 123 (whether an official has final policymaking authority is a question of state law).  Drawing all reasonable inferences in the Plaintiffs' favor and liberally construing the first amended complaint, I conclude that the first amended complaint alleges sufficient facts to show that Defendant Haycox, as an authorized policy maker, adopted and ratified the alleged illegal actions of Defendant Link.  *See Wilson*, 839 F2d at 381 (although defendants may establish that alleged actions were not within their authority to make, dismissal at this stage of the litigation is inappropriate). The first amended complaint contains sufficient facts from which it can reasonably be inferred that the alleged deprivations by Defendant Link were not random and unauthorized but were made under a *de facto* policy.  Under these circumstances, I cannot find to a certainty that the Plaintiffs can prove no set of facts in support of their Fourteenth Amendment procedural due process claim which would entitle them to relief.  Hence, the Plaintiffs have stated a Fourteenth Amendment procedural due process claim.

  IT IS ORDERED that Rio Rancho Defendants' Motion to Dismiss No. I:  Fourteenth Amendment Procedural Due Process Claims (Doc. No. 43) is denied.

  IT IS FURTHER ORDERED that the Plaintiffs' request to amend the first amended complaint and the Rio Rancho Defendants' request for an award of attorney's fees and costs are both denied as moot.

_____
CHIEF UNITED STATES DISTRICT JUDGE