IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REYNALD LOPS, individually and on behalf
of his minor daughter, MARIA-RENÉE LOPS;
VICTORIA LOPS, individually and on behalf
of her minor daughters, CRISTEN VAN HORN
and MARIA RENÉE LOPS; and JACOB VAN HORN,

    Plaintiffs,

vs.                                                                                                  Civ. No. 00-1268 JP/LFG

ALFRED HABERMAN, individually and in his
official capacity as an agent of CHILDREN YOUTH
& FAMILIES DEPARTMENT; DEBBIE CLARK,
individually and in her official capacity as an agent of
CHILDREN YOUTH & FAMILIES DEPARTMENT;
DEBORAH HARTZ, in her official capacity as Secretary
of CHILDREN YOUTH & FAMILIES DEPARTMENT;
VERONICA MONTAÑO PILCH, individually and in her
official capacity as an agent of CHILDREN YOUTH
& FAMILIES DEPARTMENT and as COURT APPOINTED
SPECIAL ADVOCATE; ANGELA VERNADO, individually
and as an agent of CHILDREN YOUTH & FAMILIES DEPARTMENT
and as GUARDIAN AD LITEM of CRISTEN VAN HORN;
BRIAN LINK, individually and in his official capacity as an
agent of the CITY OF RIO RANCHO, RIO RANCHO DEPARTMENT
OF PUBLIC SAFETY; JOHN DOES 1-15, individually and in their
official capacities as agents of the CITY OF RIO RANCHO,
RIO RANCHO DEPARTMENT OF PUBLIC SAFETY; JANE DOES
1-15, individually and in their official capacities as agents of the CITY
OF RIO RANCHO, RIO RANCHO DEPARTMENT OF PUBLIC
SAFETY; and DENNY HAYCOX, individually and in his official
capacity as Director of the RIO RANCHO DEPARTMENT OF PUBLIC SAFETY,

    Defendants.

MEMORANDUM OPINION AND ORDER

    On December 19, 2000, Defendants City of Rio Rancho, Rio Rancho Department of

Public Safety, Brian Link, and Dencil Haycox (Rio Rancho Defendants) filed Rio Rancho

Defendants' Motion to Dismiss No. II:  Fourteenth Amendment Substantive Due Process, Official Capacity Claims Against Detective Link, Individual Capacity Claims Against Chief Haycox, Injunctive Relief, Section 1983 Gross Negligence, and Punitive Damages Claims (Doc. No. 45).  Having reviewed the briefs and relevant law, I find that this second motion to dismiss should be granted in part.

B.  Background

The Plaintiffs filed this lawsuit against various Defendants for damages resulting from alleged  civil rights violations and tortious conduct relating to Plaintiff Cristen Van Horn's removal from the family home.  The Plaintiffs seek compensatory damages, punitive damages, declaratory relief, and injunctive relief.  The Rio Rancho Defendants ask the Court to dismiss with prejudice the following claims:  the Fourteenth Amendment substantive due process claim that the Rio Rancho Defendants' illegal conduct sullied Plaintiffs' good reputations, the official capacity claims against Defendant Link, the individual capacity claims against Defendant Haycox, the prospective injunctive relief claim, any gross negligence claims, and the punitive damages claims asserted against the Rio Rancho Defendants under the New Mexico Tort Claims Act and against them in their official capacities under 42 U.S.C. §1983.  The Rio Rancho Defendants also ask that the Court award them attorney's fees and costs for bringing this second motion to dismiss.

C.  Standard of Review

In considering a motion to dismiss for failure to state a claim, I must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).  I may dismiss the complaint if it appears to a certainty that the plaintiff can prove no set of facts in support of the

plaintiff's claim which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

D.  Discussion

    1.  Fourteenth Amendment Damage to Reputations Claim

The Rio Rancho Defendants argue that, as a matter of law, Plaintiffs' alleged loss of good reputations fails to state an actionable Fourteenth Amendment claim under *Paul v. Davis*, 424 U.S. 693 (1976). *Paul* held that a claim for defamation standing alone, apart from any other governmental action, does not state a Fourteenth Amendment claim under 42 U.S.C. §1983. *Id*. at 694. The Tenth Circuit in interpreting *Paul* established a two part test to determine whether a plaintiff has stated a Fourteenth Amendment claim for deprivation of a liberty interest based on damage to reputation. First, the plaintiff must allege that false and sitgmatizing information was published. *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1558 (10th Cir. 1993)(citing *Wulf v. City of Wichita*, 883 F.2d 842, 869 (10th Cir. 1989)). Second, the plaintiff must allege that the stigmatization is entangled with some further interest. *Id*. (quoting *Allen v. Denver Public School Bd.*, 928 F.2d 978, 982 (10th Cir. 1991)).

    Paragraph 87 of the First Amended Complaint alleges that

> [b]y failing and refusing to advise others that the information from the United States Air Force had been discredited by its own internal investigation, and that there was no factual basis for the information relayed, Defendants Link, Haberman, Clark, Vernado and Pilch knowingly presented false and defamatory information to others with a malicious and bad faith intent to harm Plaintiffs by securing indictments against them.

Paragraph 88 of the First Amended Complaint also alleges that "[i]n furtherance of their retaliatory conspiracy, Defendants falsely branded Reynald Lops' father as a child abuser, implying that [sic] made it more likely that Reynald Lops was one too." These paragraphs allege

3

sufficient facts that the Defendants published[1] false and stigmatizing information regarding Plaintiff Reynald Lops.

The Plaintiffs argue that other interests are entangled with the alleged stigmatization. Those interests include Plaintiff Reynald Lops' interest in not being a convicted felon, Plaintiff Victoria Lops' interest in not being indicted, Plaintiff Reynald Lops' interest in his career, and the Plaintiffs' liberty interest in the integrity of their family.[2] The Plaintiffs do not point to any specific constitutional guarantee which safeguards Plaintiff Reynald Lops' interest in not being a convicted felon, Plaintiff Victoria Lops' interest in not being indicted, and Plaintiff Reynald Lops' interest in his career. *See Paul*, 424 U.S. at 700. In fact, "[d]amage to prospective employment opportunities is too intangible to constitute deprivation of a liberty interest." *Jensen*, 998 F.2d at 1559 (citation omitted). The Plaintiffs Reynald and Victoria Lops, however, have a substantive due process right of familial association, a right which is "consonant with the right of privacy."[3] *Griffin v. Strong*, 983 F.2d 1544, 1547 (10th Cir. 1993). Certainly the stigma of being a reported child abuser erodes a family's internal solidarity. I, therefore, find that one can reasonably infer

---

[1]"Publication is an intentional or negligent communication to one other than the person defamed. [If, however, the communication is only to a person who knows that the communication is false, then there has been no publication.]" UJI 13-1003 NMRA 2001.

[2]Paragraph 145 of the First Amended Complaint alleges that the Defendants violated the Plaintiffs' right to familial association.

[3]To determine whether the right to familial association was violated in an alleged child abuse situation, the Court must balance the plaintiff's interests in the familial association with the state's interest in protecting children, and look at the facts surrounding the parties' interests. *Griffin*, 983 F.2d at 1547-49. At this point in the litigation, the Plaintiffs need only allege sufficient facts showing that their right to familial association is entangled with the alleged stigmatization. Whether the Defendants violated the right to familial association is a question best addressed in a motion for summary judgment after development of an evidentiary record.

from the First Amended Complaint that the alleged stigmatization is entangled with the interest in familial association. Consequently, the Plaintiffs have stated a Fourteenth Amendment claim of defamation.[4]

    2.  Official Capacity Claims Against Defendant Link

The Rio Rancho Defendants further argue that the official capacity claims against Defendant Link, who is identified as an "agent" of the Rio Rancho Department of Public Safety, are duplicative because Defendant Haycox, the Director of the Rio Rancho Department of Public Safety, is also sued in his official capacity. The Rio Rancho Defendants reason that the official capacity claims against Defendant Link are in reality claims against the Rio Rancho Department of Safety and the City of Rio Rancho. Consequently, the official capacity claims against Defendant Haycox should suffice. The Plaintiffs argue, however, that the official capacity claims against Defendant Link are distinct and separate from those against Defendant Haycox and so should not be dismissed.

"As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). By naming both a municipality and a municipal officer in his official capacity, the lawsuit against the officer becomes "redundant, confusing, and unnecessary and should be dismissed." *Sims v. Unified Government of Wynadotte*

---

[4] Interestingly, the court in *Bohn v. Dakota County*, 772 F.2d 1433, 1436 n.4 (8th Cir. 1985), found that in light of the "clear adverse effects on familial integrity and stability" caused by allegations that a family member is a child abuser, that family member has a protectible interest in his reputation. The court came to this conclusion by distinguishing *Paul* from an earlier Supreme Court case, *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971) which held, "Where a person's good name, reputation, honor or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential."

*County/Kansas City, Kan.*, 120 F.Supp.2d 938, 945 (D. Kan. 2000)(citations omitted).  In other words, when the same claim is brought against a municipality and the municipal officer in his official capacity, the claim brought against the municipal officer in his official capacity is redundant.  That is the case here with two exceptions.  In ¶¶140 and 143 Plaintiffs allege that Defendant Link violated Plaintiffs' First Amendment and Sixth Amendment rights.  Those claims are not alleged against the Rio Rancho Department of Safety or the City of Rio Rancho in ¶¶140 and 143.  Accordingly, the Plaintiffs' claims against Defendant Link in his official capacity will be dismissed with prejudice except for the claims against Defendant Link listed in ¶¶140 and 143.

    3.  Individual Capacity Claims Against Defendant Haycox

The Rio Rancho Defendants argue that since the Plaintiffs failed to allege that Defendant Haycox personally participated in the alleged deprivation of the Plaintiffs' constitutional rights, the individual claims against Defendant Haycox should be dismissed.  The Rio Rancho Defendants also argue that conclusory allegations against Defendant Haycox are insufficient to state an actionable civil rights claim against Defendant Haycox in his individual capacity.

To establish supervisory liability, a plaintiff "must demonstrate an affirmative link between the supervisor's conduct and the constitutional deprivation...."  *Snell v. Tunnell*, 920 F.2d 673, 700 (10th Cir. 1990), *cert. denied*, 499 U.S. 976 (1991)(citations omitted).  An affirmative link occurs when "a supervisory defendant, expressly or otherwise, authorized, supervised, or participated in conduct which caused the constitutional deprivation."  *Id*.  Acquiescence in unconstitutional conduct can also demonstrate an affirmative link.  *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 816 (10th Cir. 1981), *cert. denied*, 459 U.S. 840 (1982).  "[A] cause of action under §1983 had been adequately plead and stated where the complaint

alleged that a chief of police was liable for his failure ... to adequately train or supervise personnel in his department which led to the deprivation of ... constitutional rights." *Id*. (citing *Dewell v. Lawson*, 489 F.2d 877 (10th Cir. 1974)).

The Plaintiffs allege that Defendant Haycox failed to train and supervise Defendant Link and others thereby causing violations of the Plaintiffs' constitutional rights. ¶148 of First Amended Complaint. In support of this allegation, the Plaintiffs contend that "Defendant Haycox had actual knowledge of the training deficiencies and violations of civil rights alleged, and acquiesced in them, condoned them, adopted and otherwise accepted them." ¶140 of First Amended Complaint. The Plaintiffs further contend that "Defendant Haycox's acquiescence in and his condoning, adoption and acceptance of the violations of Plaintiffs' civil rights by members of his Department were motivated by his desire and intent to shield his Department and its agents from liability for and public scrutiny of those violations." ¶141 of First Amended Complaint. The First Amended Complaint clearly alleges an affirmative link between Defendant Haycox's conduct and the alleged constitutional violations by alleging that Defendant Haycox acquiesced in, condoned, adopted, and accepted the allegedly illegal conduct of members of his Department. Under *Wiggins*, these allegations are sufficient to state a claim of supervisory liability. Accordingly, the individual capacity claims against Defendant Haycox survive this motion to dismiss.

    4. Injunctive Relief Claim

The Rio Rancho Defendants argue that the Plaintiffs lack standing to seek prospective injunctive relief because they have failed to allege any facts which show a real or immediate threat of future harm by the Rio Rancho Defendants against the Plaintiffs. In response to this argument,

the Plaintiffs state that they will not pursue the claim for injunctive relief. That being so, the claim for injunctive relief will be dismissed with prejudice.

     5. Gross Negligence Claims

The Rio Rancho Defendants argue that the Plaintiffs' gross negligence claims are not actionable under §1983. Although the Plaintiffs allege gross negligence with respect to their failure to train and supervise claim and their punitive damages claim (¶¶148 and 171 of the First Amended Complaint), they contend that they are not in fact making a claim for gross negligence but are instead making a claim for failure to train. Since the Plaintiffs do not wish to make a gross negligence claim, any gross negligence claims will be dismissed with prejudice.

     6. Punitive Damages Claim

The Rio Rancho Defendants argue lastly that as a matter of law neither a court nor a jury can award punitive damages against the Rio Rancho Defendants under the New Mexico Tort Claims Act or against them in their official capacities under 42 U.S.C. §1983. The Plaintiffs respond to this argument by stating that they intend to pursue their claim for punitive damages under §1983 against the Defendants only in their individual capacities. The claim for punitive damages will therefore be dismissed with prejudice with respect to the state tort claims and the §1983 claims brought against the Defendants in their official capacities.

     7. Attorney's Fees and Costs

The Rio Rancho Defendants request that the Court award them attorney's fees and costs for bringing this motion to dismiss. Since the Rio Rancho Defendants have prevailed only partially on this motion to dismiss, I will deny their request for attorney's fees and costs.

IT IS ORDERED that the Rio Rancho Defendants' Motion to Dismiss No. II: Fourteenth Amendment Substantive Due Process, Official Capacity Claims Against Detective Link, Individual Capacity Claims Against Chief Haycox, Injunctive Relief, Section 1983 Gross Negligence, and Punitive Damages Claims (Doc. No. 45) is granted in part.

IT IS FURTHER ORDERED that the following claims will be dismissed with prejudice:

1. Plaintiffs' claims against Defendant Link in his official capacity except for the claims alleged in ¶¶140 and 143 of the First Amended Complaint;

2. Plaintiffs' claim for injunctive relief;

3. Plaintiffs' gross negligence claim; and

4. Plaintiffs' claim for punitive damages made under the New Mexico Tort Claims Act and Plaintiffs' claim for punitive damages made under §1983 against the Defendants in their official capacities.

IT IS ALSO ORDERED that the Rio Rancho Defendants' request for an award of attorney's fees and costs is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE