IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REYNALD LOPS, individually and on behalf
of his minor daughter, MARIA-RENÉE LOPS;
VICTORIA LOPS, individually and on behalf
of her minor daughters, CRISTEN VAN HORN
and MARIA RENÉE LOPS; and JACOB VAN HORN,

    Plaintiffs,

vs.                                                                                                                                                  Civ. No. 00-1268 JP/LFG

ALFRED HABERMAN, individually and in his
official capacity as an agent of CHILDREN YOUTH
& FAMILIES DEPARTMENT; DEBBIE CLARK,
individually and in her official capacity as an agent of
CHILDREN YOUTH & FAMILIES DEPARTMENT;
DEBORAH HARTZ, in her official capacity as Secretary
of CHILDREN YOUTH & FAMILIES DEPARTMENT;
VERONICA MONTAÑO PILCH, individually and in her
official capacity as an agent of CHILDREN YOUTH
& FAMILIES DEPARTMENT and as COURT APPOINTED
SPECIAL ADVOCATE; ANGELA VERNADO, individually
and as an agent of CHILDREN YOUTH & FAMILIES DEPARTMENT
and as GUARDIAN AD LITEM of CRISTEN VAN HORN;
BRIAN LINK, individually and in his official capacity as an
agent of the CITY OF RIO RANCHO, RIO RANCHO DEPARTMENT
OF PUBLIC SAFETY; JOHN DOES 1-15, individually and in their
official capacities as agents of the CITY OF RIO RANCHO,
RIO RANCHO DEPARTMENT OF PUBLIC SAFETY; JANE DOES
1-15, individually and in their official capacities as agents of the CITY
OF RIO RANCHO, RIO RANCHO DEPARTMENT OF PUBLIC
SAFETY; and DENNY HAYCOX, individually and in his official
capacity as Director of the RIO RANCHO DEPARTMENT OF PUBLIC SAFETY,

    Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

        On January 9, 2001, Defendants City of Rio Rancho, Rio Rancho Department of Public

Safety, Brian Link, and Dencil Haycox (Rio Rancho Defendants) filed Rio Rancho Defendants'

Motion to Dismiss No. IV:  Dismissal of Plaintiffs' Sixth Amendment, First Amendment Right to Petition the Government, Fifth Amendment Miranda Rights, Fourteenth Amendment Right of Privacy, and Fourteenth Amendment Right of Familial Association Claims based on Defendants' Qualified Immunity Defense (Doc. No. 54).[1]  Having reviewed the briefs and the relevant law, I find that this motion to dismiss should be granted in part and denied in part.

A.    Standard of Review

In considering a motion to dismiss for failure to state a claim, I must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiffs' favor.  *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).  I may dismiss the complaint only if it appears to a certainty that the plaintiffs can prove no set of facts in support of their claims which would entitle the plaintiffs to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

The Rio Rancho Defendants have claimed qualified immunity.  Therefore, Plaintiffs bear the heavy burden of establishing that the individual Rio Rancho Defendants have violated clearly established rights.  *Hannula v. City of Lakewood*, 907 F.2d 129, 130-31 (10th Cir.1990).  To meet this burden in response to a motion to dismiss, Plaintiffs must articulate the clearly established federal right and allege conduct which violated this right.  *Ramirez v. Oklahoma Dept. of Mental Health*, 41 F.3d 584, 593 (10th Cir.1994).  Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point.  *Medina v. City and County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992).  Although the similarity need not

---

[1] Although the movants do not purport to include John and Jane Does 1-15, their motion will nonetheless be construed to include the Doe Defendants.

be precise, there must be some factual correspondence between the pending case and the cases cited. *Calhoun v. Gaines*, 982 F.2d 1470, 1475 (10th Cir. 1992).

B.  Discussion

    1.  Sixth Amendment claims

In paragraph 104 of the First Amended Complaint Plaintiffs allege that certain Defendants denied Plaintiffs their Sixth Amendment rights of confrontation "by relying upon, and presenting to the Sandoval County Grand Jury and the 13th Judicial District Court, and other tribunals information which they knew, or should have known was false . . . and which they knew would negatively impact on Plaintiffs' rights before that Grand Jury and Court and other tribunals . . . ." In paragraph 143 of the First Amended Complaint Plaintiffs allege that certain Defendants violated their Sixth Amendment rights to confront witnesses against them and to compel testimony on their behalf. Plaintiffs in paragraph 143 do not mention a grand jury, court, or tribunal.[2]

The Sixth Amendment right to confrontation applies at trial, not during the grand jury phase of a criminal prosecution. *See California v. Green*, 399 U.S. 149, 157 (1970); *Maryland v. Craig*, 497 U.S. 836, 845 (1990). The Sixth Amendment right to compulsory process is similar. *See Michigan v. Lucas*, 500 U.S. 145, 149 (1991). Therefore, the Rio Rancho Defendants argue that Plaintiffs suffered no Sixth Amendment deprivation for actions taken with respect to "the criminal cases"[3] brought against Plaintiffs because at least Plaintiff Reynald Lops' state court

---

    [2] Defendant Link is the only Rio Rancho Defendant specifically named in the allegations in paragraphs 104 and 143.

    [3] In their briefing the parties do not make clear exactly how many criminal and civil cases were brought against Plaintiffs, collectively or individually, and in what fora.

prosecution did not proceed all the way to trial. (Memo. at 9; Reply at 5.) Plaintiffs concede that they cannot pursue a Sixth Amendment claim with respect to Plaintiff Reynald Lops' now-closed New Mexico state court proceeding.

However, Plaintiffs do contend that they may maintain their Sixth Amendment Confrontation Clause claim with respect to Plaintiff Reynald Lops' United States Air Force Court Martial which ended in acquittal.[4] The Rio Rancho Defendants' position is that Plaintiffs limited their Sixth Amendment claims to certain Defendants' actions with respect to the Sandoval County Grand Jury and pretrial phase "of the criminal cases" brought against them. The Rio Rancho Defendants argue that Plaintiffs impermissibly add new factual allegations to their First Amended Complaint by alleging in their brief that Plaintiff Reynald Lops was deprived of Sixth Amendment rights during the Air Force Court Martial.[5]

The Rio Rancho Defendants read Plaintiffs' First Amended Complaint too narrowly. In paragraph 104 Plaintiffs allege that Defendant Link and others deprived Plaintiffs of the right to confront accusers and cross examine witnesses "by relying upon, and presenting to" the grand jury, district court, "and other tribunals" information which Defendants knew would harm

---

[4] The Air Force Office of Special Investigations wrote a report (the OSI report) concerning Plaintiff Reynald Lops. Defendant Link allegedly used the OSI report to write a report of his own. Defendant Link testified against Plaintiff Reynald Lops during the Court Martial and Defendant Link's report was admitted into evidence. Plaintiffs contend that Defendant Link's refusal to turn over the foundation for his report--the OSI report--and his refusal to identify the authors of the OSI report violated the Sixth Amendment, as described in *Green*, 399 U.S. at 157-58.

[5] The alleged Sixth Amendment violations occurred during a proceeding in which Plaintiff Reynald Lops was acquitted. The alleged violations may also have been cured at least in part by acquisition of the OSI report from another source. The Rio Rancho Defendants do not address whether these allegations, if true, would amount to a violation of clearly established Sixth Amendment law.

Plaintiffs, and then refusing "access to the very information Defendants were using to . . . prosecute Plaintiffs." The allegations in paragraph 143 are similar. Contrary to the Rio Rancho Defendants' interpretation, the allegations in paragraphs 104 and 143 are not limited to only the grand jury or pretrial phases of only state court cases. It is not necessary for Plaintiffs to have included in their complaint every factual allegation which might support their claims in order to survive a motion to dismiss. *State of Utah v. Babbitt*, 137 F.3d 1193, 1205 (10th Cir. 1998). Indeed, general allegations of injury are sufficient, and are also presumed to embrace the facts necessary to support claims. *Id.* Liberally construing Plaintiffs' First Amended Complaint as I must, *Swanson*, 750 F.2d at 813, I find that Plaintiffs have sufficiently alleged that Defendant Link deprived Plaintiff Reynald Lops of his Sixth Amendment rights during his Air Force Court Martial.

    2.    *Miranda* or Fifth Amendment claim

The Rio Rancho Defendants argue that when Plaintiffs' First Amended Complaint is construed liberally, Plaintiffs allege a section 1983 claim for *Miranda* or Fifth Amendment violations when Defendant Link and others failed to advise Plaintiffs of their *Miranda* rights during various investigations of Plaintiffs.[6] However, a failure to receive *Miranda* warnings cannot form the basis of a section 1983 action. *Lucero v. Gunter*, 17 F.3d 1347, 1350-51 (10th Cir. 1994); *Bennett v. Passic*, 545 F.2d 1260, 1263 (10th Cir. 1976)). Plaintiffs therefore contend that they claim Defendants violated their right under N.M. Stat. Ann. § 32A-4-4(B) to "be advised of their basic rights" "[a]t the commencement of [an] investigation."

---

[6] Plaintiffs' allegations concerning *Miranda* violations precede count I. In count I, Plaintiffs explicitly invoke 42 U.S.C. § 1983 and explicitly allege several violations of federal law, but alleged Fifth Amendment and *Miranda* violations are not among them.

5

Plaintiffs' contention suffers from several problems. First, a section 1983 claim must have its basis in a violation of federal, not state, law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Maine v. Thiboutot*, 448 U.S. 1, 4-5 (1980). Second, Plaintiffs do not explain how a violation of section 32A-4-4 would support an implied right of action for money damages. *See National Trust v. City of Albuquerque*, 117 N.M. 590, 593-94, 874 P.2d 798, 801-02 (Ct. App. 1994). Third, and most fundamentally, nowhere in their First Amended Complaint do Plaintiffs cite to section 32A-4-4. In contending in their brief that section 32A-4-4 enables them to sue for damages following an alleged failure to be given *Miranda* warnings, Plaintiffs are not simply explaining the factual allegations supporting a claim, they are attempting to pursue a legal cause of action not properly made in their First Amended Complaint. Accordingly, any claims for a violation of *Miranda*, the Fifth Amendment or section 32A-4-4, that Plaintiffs are attempting to assert by implication, will be dismissed.

       3.      First Amendment right to petition claim

In paragraphs 110-112, Plaintiffs allege that unspecified Defendants destroyed and concealed evidence, misrepresented facts, and falsified testimony. Plaintiffs contend that this conduct improperly influenced Plaintiffs' views and decision-making as to the various cases against them. The Rio Rancho Defendants construe these factual allegations as forming the basis of Plaintiffs' claim that Defendants abridged Plaintiffs' right to petition the government. The Rio Rancho Defendants point out that *Wilson v. Meeks*, 52 F.3d 1547, 1556-59 (10th Cir. 1995) clearly establishes that, within the Tenth Circuit, allegations of a police "cover-up" cannot support a First Amendment right to petition claim.

Plaintiffs explain that their right to petition claim is not based on factual allegations of a

police cover-up. Instead Plaintiffs contend that their right to petition claim arises from their allegation concerning surveillance by the Rio Rancho Police Department. Plaintiffs make that charge in paragraph 135 of the First Amended Complaint, under the heading "Factual Allegations," against the Doe Defendants and Defendant Haycox. In paragraph 135, Plaintiffs claim that those Defendants began "unwarranted surveillance" of Plaintiffs at their home, following Defendants' receipt of Plaintiffs' tort claim notice, "to harass, intimidate, and coerce Plaintiffs" and interfere with their privacy rights. Plaintiffs invoke their First Amendment right to petition the government in the second paragraph numbered 140, within count I, in which Plaintiffs allege various section 1983 violations.

The only First Amendment right to petition retaliation claim is found in the second paragraph numbered 140 and is only made against Defendants Link, Haberman, Clark, Vernado, and Pilch. Plaintiffs have plainly limited their claims that some Defendants violated their First Amendment rights be free from retaliation in response to petitioning the government to allegations against Defendants Link, Haberman, Clark, Vernado and Pilch. Although Plaintiffs may be attempting to pursue various causes of action based on the factual allegations in paragraph 135 about unwarranted surveillance by the Doe Defendants and Defendant Haycox, or based on Plaintiffs' allegations in paragraphs 128 and 129 that unspecified Defendants retaliated against Plaintiffs for "contacting numerous governmental officials," it was fair and reasonable for the Rio Rancho Defendants to assume in light of the second paragraph numbered 140 that a right to petition claim is not among these causes of action. Any claim that the Doe Defendants or Defendant Haycox retaliated against Plaintiffs for exercising their right to petition the government has not been properly alleged and, therefore, will be dismissed.

7

Further, even if Plaintiffs could now be allowed to squeeze a right to petition claim from the second paragraph numbered 140 based on "unwarranted surveillance" by "Defendants, while acting as agents of the Rio Rancho Police Department," the Doe Defendants and Defendant Haycox would be entitled to qualified immunity in their individual capacities on a claim of that nature.  The two cases which Plaintiffs offer to meet their burden in response to the Rio Rancho Defendants' claim of qualified immunity fall short.  *Penrod v. Zavaras*, 94 F.3d 1399, 1404-06 (10th Cir. 1996) clearly establishes that prison officials may not retaliate against prisoners who file lawsuits by withholding toiletries, undertaking cell searches, or depriving prisoners of rights in other ways not analogous to this case.  *Umbehr v. McClure*, 44 F.3d 876, 878-79 (10th Cir. 1996) is even farther afield, factually and legally.  It involves neither law enforcement officers nor the right to petition.[7]  Certainly, as Plaintiffs point out, the First Amendment clearly establishes the right to freedom from retaliation for petitioning the government.  But resting on this truism is exactly the sort of approach the Supreme Court has rejected as insufficient to meet a qualified immunity challenge.  *Anderson v. Creighton*, 483 U.S. 635, 639 (1987).  Accordingly, the Rio Rancho Defendants would be entitled to qualified immunity with respect to Plaintiffs' right to petition claim even if it were clearly alleged.

    4.    Fourteenth Amendment right to privacy claim

Plaintiffs allege in paragraph 145 of the First Amended Complaint that all Defendants deprived Plaintiffs of their "rights to privacy and familial association by engaging in the conduct detailed in the Complaint and more specifically by interfering with Plaintiffs' familial relationship"

---

[7] Plaintiffs' counsel who drafted and signed Plaintiffs' response brief should read and memorize Fed. R. Civ. P. 11.

by removing Plaintiff Cristen Van Horn from the home, by imposing Defendants' religious and moral values on her, and by denying Plaintiffs their right to raise their daughter in accordance with their own religious and moral values. The Rio Rancho Defendants read these factual allegations as a charge that they violated Plaintiffs' privacy rights by disclosing confidential information about Plaintiffs to others. The Rio Rancho Defendants argue that because none of the disclosed information is entitled to confidentiality, no Fourteenth Amendment privacy right violation occurred. Plaintiffs accuse the Rio Rancho Defendants of again misconstruing their First Amended Complaint. Plaintiffs' position is that their "clearly established Fourteenth Amendment right to privacy has been violated because Defendants interfered with Plaintiffs['] right to familial association." (Resp. at 11.)

The right to familial association protected by the Fourteenth Amendment is "consonant with" the right to privacy. (Resp. at 12) (citing *Griffin v. Strong*, 983 F.2d 1544, 1547 (10th Cir. 1993)). However, even those cases upon which the Tenth Circuit relied in noting the close relationship between the rights to privacy and familial association (or relations) indicate that while the two rights may overlap, they are distinct. *See Arnold v. Board of Education*, 880 F.2d 305, 310-12 (11th Cir. 1989); *Fleisher v. City of Signal Hill*, 829 F.2d 1491, 1496-99 (9th cir. 1987). Plaintiffs, on the other hand, combine the two and present them as one. By making a right to privacy claim that is indistinct from their familial association claim, Plaintiffs have improperly alleged a Fourteenth Amendment right to privacy claim. Accordingly, Plaintiffs' right to privacy claim will be dismissed with respect to the Rio Rancho Defendants.

    5.    Fourteenth Amendment right to familial association claim

Plaintiffs in paragraph 145 of the First Amended Complaint allege that unspecified

Defendants violated the familial right to association between Plaintiff Cristen Van Horn and the other Plaitniffs.[8]  Defendant Link moves to dismiss the familial association claim as to him on the ground that he is qualifiedly immune.  He argues that Tenth Circuit caselaw clearly establishes that the state's interest in investigating allegations of child abuse in this case outweighs Plaintiffs' right to associate with their family members.

The Tenth Circuit has commented that "[n]ot every statement or act that results in an interference with the rights of intimate association is actionable."  *Griffin v. Strong*, 983 F.2d at 1584.  In *Griffin*, the defendant law enforcement officer had investigated a report that the male plaintiff had sexually abused a young girl.  *Griffin v. Strong*, 739 F. Supp. 1496, 1497-98 (D. Utah 1990).  Dorothy, the co-plaintiff and wife of the alleged abuser, claimed that the defendant had interfered with her familial right to associate with her husband.  *Griffin*, 938 F.2d at 1545.  The defendant lied to Dorothy by telling her that her husband had confessed to child abuse, then questioned her morals for believing her husband's version of events.  *Id.* at 1548.  The defendant also counseled Dorothy to leave her husband in custody and begin a new life out of state.  *Id.*  In view of this "minimal infringement," balanced against the state's important interest in investigating allegations of child abuse, the Tenth Circuit held that the district court erred in declining to direct a verdict for the defendant.  *Id.* at 1549.

In *J.B. v. Washington County*, 127 F.3d 919, 922 (10th Cir. 1997), county officials suspected a father of molesting his young daughter.  The girl's mother claimed the investigation violated her right to associate with her daughter.  *J.B.*, 127 F.3d at 923.  The Tenth Circuit first

---

[8] Elsewhere in the First Amended Complaint, Plaintiffs attribute interference with the family relationship to virtually all of the individual Defendants, including Rio Rancho Defendants Link and Haycox. (E.g., First Am. Compl. ¶ 85.)

10

noted that the alleged interference must be directed "at the intimate relationship with knowledge that the statements or conduct will adversely affect that relationship." *Id.* at 927 (citing *Griffin*, 983 F.2d at 1548). The Tenth Circuit then observed that the plaintiffs failed to allege any motivation other than to investigate. *Id.* at 927-28. Further, the plaintiffs had the opportunity to present evidence that the defendants directed their conduct at the familial relationship with knowledge that it would adversely affect it, but failed to do so. *Id.* at 928. Accordingly, the Tenth Circuit affirmed summary judgment for Washington County. *Id.*

In this case, by contrast, no evidence has yet been presented because the time for that has not yet arrived. The Rio Rancho Defendants move for qualified immunity with a motion to dismiss. Therefore, I must assume for purposes of the Rio Ranch Defendants motion to dismiss that Plaintiffs' allegations are true. *Swanson*, 750 F.2d at 813. In paragraphs 68 and 70, Plaintiffs allege that Defendant Link undertook the investigation that led to Cristen Van Horn's removal from the home, even though Defendant Link believed he was not up to the task. In paragraphs 70 and 71, Plaintiffs indicate their belief that Defendant Link therefore conducted an inadequate investigation. In paragraph 85, Plaintiffs aver that Defendant Link acted with the intent to undermine Cristen Van Horn's relationship with her family. In paragraph 105, Plaintiffs also allege that Defendant Link further worked to undermine Plaintiff Victoria Lops' relationship with her family when Defendant Link conspired with other to prosecute her after she spoke out in defense of her husband.

Plaintiffs' allegations in this case with respect to Plaintiffs' claim that Defendant Link interfered with Plaintiffs' rights to familial association would, if supported by evidence, amount to a constitutional violation, in contrast with the allegations in *Morgan v. Church's Fried Chicken*,

11

829 F.2d 10, 12 (6th Cir. 1987). This is not altered by the undisputed fact that Defendant Link was not among the Defendants who physically removed Cristen Van Horn from Plaintiffs' home.

Defendant Link's alleged conduct is unconstitutional in light of caselaw which was clearly established at the time. Plaintiffs allege that Defendant Link acted with the intent to interfere with the family relationship, in contrast to the allegations made against the defendant in *J.B.* Unlike the officers' conduct in *Griffin*, Defendant Link's actual interference in this case--promoting removal of Cristen Van Horn from the home and subjecting Plaintiff Victoria Lops to civil and criminal suit--is much more substantial and severe. This conduct would shock the conscience if done with the wrong intent, in further contrast with *Griffin* and *J.B.* Accordingly, Defendant Link is not entitled, at this stage of the case, to qualified immunity from suit with respect a familial association claim.

      6.    Attorney's fees

The Rio Rancho Defendants have not prevailed on certain aspects of their motion to dismiss and they have not shown or even argued that Plaintiffs' claims were frivolous, unreasonable, or groundless. The Rio Rancho Defendants' request for attorney's fees will therefore be denied. *Withiam v. Baptist Health Care of Oklahoma*, 98 F.3d 581, 584 (10th Cir. 1996).

      IT IS THEREFORE ORDERED THAT

      1.    The Rio Rancho Defendants' motion to dismiss Plaintiffs' Sixth Amendment Confrontation Clause claim against Defendant Link with respect to Plaintiff Reynald Lops' Air Force Court Martial is denied;

      2.    The Rio Rancho Defendants' motion to dismiss Plaintiffs' claim against the Rio

12

Rancho Defendants with respect to an alleged violation of N.M. Stat. Ann. § 32A-4-4 arising from a failure to advise Plaintiffs of their *Miranda* or Fifth Amendment rights is granted;

      3.      The Rio Rancho Defendants' motion to dismiss Plaintiffs' First Amendment claim against the Doe Defendants and Defendant Haycox with respect to an alleged violation of Plaintiffs' right to petition the government is granted;

      4.      The Rio Rancho Defendants' motion to dismiss Plaintiffs' Fourteenth Amendment claim against the Rio Rancho Defendants with respect to an alleged violation of Plaintiffs' right to privacy is granted;

      5.      The Rio Rancho Defendants' motion to dismiss Plaintiffs' Fourteenth Amendment claim against Defendant Link with respect to an alleged violation of the right to familial association is denied; and

      6.      The Rio Rancho Defendants' request for attorney's fees is denied.

                                                              *James A. Parker*
                                           CHIEF UNITED STATES DISTRICT JUDGE