IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REYNALD LOPS, individually and on behalf
of his minor daughter, MARIA-RENÉE LOPS;
VICTORIA LOPS, individually and on behalf
of her minor daughters, CRISTEN VAN HORN
and MARIA RENÉE LOPS; and JACOB VAN HORN,

       Plaintiffs,

vs.                                        Civ. No. 00-1268 JP/LFG

ALFRED HABERMAN, individually and in his
official capacity as an agent of CHILDREN YOUTH
& FAMILIES DEPARTMENT; DEBBIE CLARK,
individually and in her official capacity as an agent of
CHILDREN YOUTH & FAMILIES DEPARTMENT;
DEBORAH HARTZ, in her official capacity as Secretary
of CHILDREN YOUTH & FAMILIES DEPARTMENT;
VERONICA MONTAÑO PILCH, individually and in her
official capacity as an agent of CHILDREN YOUTH
& FAMILIES DEPARTMENT and as COURT APPOINTED
SPECIAL ADVOCATE; ANGELA VERNADO, individually
and as an agent of CHILDREN YOUTH & FAMILIES DEPARTMENT
and as GUARDIAN AD LITEM of CRISTEN VAN HORN;
BRIAN LINK, individually and in his official capacity as an
agent of the CITY OF RIO RANCHO, RIO RANCHO DEPARTMENT
OF PUBLIC SAFETY; JOHN DOES 1-15, individually and in their
official capacities as agents of the CITY OF RIO RANCHO,
RIO RANCHO DEPARTMENT OF PUBLIC SAFETY; JANE DOES
1-15, individually and in their official capacities as agents of the CITY
OF RIO RANCHO, RIO RANCHO DEPARTMENT OF PUBLIC
SAFETY; and DENNY HAYCOX, individually and in his official
capacity as Director of the RIO RANCHO DEPARTMENT OF PUBLIC SAFETY,

       Defendants.

MEMORANDUM OPINION AND ORDER

On December 19, 2000, Defendants City of Rio Rancho, Rio Rancho Department of

Public Safety, Brian Link, and Dencil Haycox (Rio Rancho Defendants) filed Rio Rancho

Defendants' Motion to Dismiss No. III:  All of Plaintiffs' State Constitutional and Intentional

Infliction of Emotional Distress (Doc. No. 47).  Having reviewed the briefs and the relevant law, I

find that the third motion to dismiss should be granted in part.

A.  Background

      The Plaintiffs are suing various Defendants for alleged unconstitutional and tortious

conduct with respect to the removal of Plaintiff Cristen Van Horn from the family home.  The

portions of the First Amended Complaint relevant to this motion to dismiss concern allegations of

violations of the New Mexico Constitution and intentional infliction of emotional distress.

Paragraph 27 of the First Amended Complaint alleges that "[t]his Court has supplemental

jurisdiction pursuant to the provisions of 42 U.S.C. §1367, over ... deprivations by Defendants

and their agents, of rights, privileges and immunities secured to Plaintiffs by the Constitution,

statutory and common law of the State of New Mexico ...."  Paragraph 74 of the First Amended

Complaint alleges that "[d]uring the course of their purported investigation, Defendants Link and

Haberman decided individually, and by conspiring one with the other and with other persons as

yet unidentified, to deprive, or cause Plaintiffs to be deprived of civil rights, privileges and

immunities secured by the Constitution and laws of the United States and the State of New

Mexico."  Paragraph 170 of the First Amended Complaint alleges that "[b]y engaging in such

extreme and outrageous conduct, Defendants intentionally and recklessly caused Plaintiffs to

suffer severe emotional distress contrary to New Mexico law."

      The Rio Rancho Defendants assume that the relevant New Mexico Constitutional

provisions at issue in this case are Art. II, §§4, 10, 11, 14, 17 and 18.  Having made that

assumption, the Rio Rancho Defendants argue that under New Mexico law the Plaintiffs cannot

state a claim upon which relief may be granted for a violation of Art. II, §4.  The Rio Rancho

Defendants then argue that they are entitled to qualified immunity with respect to any alleged

violations of Art. II, §§10, 11, 14, 17 and 18.  In the alternative, the Rio Rancho Defendants

argue that under 28 U.S.C. §1367(c)(1) the Court should decline to exercise supplemental

jurisdiction over the Art. II, §§10, 11, 14, 17 and 18 claims, because the issue of qualified

immunity for state constitutional violations involves "novel or complex" issues of state law.  Next,

the Rio Rancho Defendants argue that, as a matter of law, the New Mexico Tort Claims Act does

not waive immunity from liability for the Plaintiffs' intentional infliction of emotional distress

claim.  Finally, the Rio Rancho Defendants ask the Court to award them attorney's fees and costs

incurred in bringing this third motion to dismiss.

The Plaintiffs ask the Court for permission to amend their First Amended Complaint to

cure any deficiencies raised in this motion to dismiss if the Court is inclined to grant this motion to

dismiss.  A request to amend a complaint must be put forth in a motion according to this district's

motion practice as specified in the Local Civil Rules, United States District Court, District of New

Mexico.  I will not entertain the Plaintiffs' request to amend the First Amended Complaint until it

is presented in a form that complies with the rules of this Court.

B.  Standard of Review

In considering a motion to dismiss for failure to state a claim, I must liberally construe the

pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences

in the plaintiff's favor. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).  I may dismiss the

complaint if it appears to a certainty that the plaintiff can prove no set of facts in support of the

plaintiff's claim which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46

3

(1957).

C.  Discussion

1.  Art. II, §4 of the New Mexico Constitution

The Rio Rancho Defendants argue that the Plaintiffs cannot state a claim upon which relief

may be granted by alleging a violation of Art. II, §4 of the New Mexico Constitution.  Art. II, §4

states:

> All persons are born equally free, and have certain natural, inherent and inalienable rights,
> among which are the rights of enjoying and defending life and liberty, of acquiring,
> possessing and protecting property, and of seeking and obtaining safety and happiness.

Plaintiffs may only sue governmental entities or public employees acting within the scope of their

duties for damages resulting from violations of the New Mexico Constitution when the state of

New Mexico has waived immunity.  *See, e.g., Chavez v. City of Albuquerque*, 124 N.M. 479,

482, 952 P.2d 474, 477 (Ct. App. 1997).  In this case, the relevant section of the New Mexico

Tort Claims Act is NMSA 1978, §41-4-12 (1976).  Section 41-4-12 states that immunity for

governmental entities or public employees acting within the scope of their duties does not apply to

liability for "deprivation of any rights, privileges or immunities secured by the constitution and

laws of the United States or New Mexico when caused by law enforcement officers while acting

within the scope of their duties."

"[V]ague references to safety or happiness in article II, Section 4 of the state Constitution

are not sufficient to state a claim under Section 41-4-12."  *Blea v. City of Española*, 117 N.M.

217, 221, 870 P.2d 755, 759 (Ct. App.), *cert. denied*, 117 N.M. 328, 871 P.2d 984 (1994)(citing

*Caillouette v. Hercules, Inc.*, 113 N.M. 492, 497, 827 P.2d 1306, 1311 (Ct. App.), *cert. denied*,

113 N.M. 352, 826 P.2d 573 (1992)).  In this case, the Plaintiffs' references to violations of the

New Mexico Constitution do not refer to Art. II, §4 at all; they make no references to the right to obtain safety or happiness under Art. II, §4.  The Plaintiffs clearly have not stated, explicitly, a claim under Art. II, §4.  Accordingly, any Art. II, §4 claim Plaintiffs are attempting to assert by implication is subject to dismissal for that reason.

Even if the Plaintiffs had expressly stated an Art. II, §4 claim, it could not be pursued unless the state of New Mexico had waived immunity from that claim under the New Mexico Tort Claims Act.  The New Mexico courts have held that the state legislature did not intend to waive immunity for Art. II, §4 claims.  The New Mexico Court of Appeals held in *Caillouette*:

> If we were to base a waiver of immunity on [Art. II, §4], the exceptions thus created would eliminate the principle of sovereign immunity.  We do not think that can have been the legislature's intent in enacting Section 41-4-12.

113 N.M. at 497, 827 P.2d at 1311, *quoted in Tafoya v. Bobroff*, 1996 WL 15524 at *2 (10th Cir. (N.M.)).  The Court of Appeals in *Blea* went on to state that "[w]aiver of immunity based on such constitutional grounds would emasculate the immunity preserved in the Tort Claims Act." 117 N.M. at 221, 870 P.2d at 759. Consequently, the Rio Rancho Defendants are immune under the New Mexico Tort Claims Act from suit based on any allegation of a violation of Art. II, §4.

2.  Art. II, §§10, 11, 14, 17 and 18 Claims

The Rio Rancho Defendants also argue that the assumed Art. II, §§10, 11, 14, 17 and 18 claims are subject to dismissal on qualified immunity grounds.  The Plaintiffs assert, however, that their Art. II, §10 claim as stated in ¶142 of the First Amended Complaint is not directed at any of the Rio Rancho Defendants but at other Defendants.  Any Art. II, §10 claim is, therefore, not subject to dismissal by reason of the Rio Rancho Defendants' motion.

5

The Rio Rancho Defendants must obtain qualified immunity for the assumed Art. II, §§11, 14, 17 and 18 claims in the context of the New Mexico Tort Claims Act. *See Chavez*, 124 N.M. at 482, 952 P.2d at 477 (plaintiff may not seek damages from the government for violations of state constitutional rights unless immunity is waived under the New Mexico Tort Claims Act). "Whether the doctrine of qualified immunity protects an official from an action brought under the Tort Claims Act is an open question" in New Mexico. *Romero v. Sanchez*, 119 N.M. 690, 696, 895 P.2d 212, 218 (1995). Since these Art. II, §§11, 14, 17 and 18 claims raise a novel and perhaps complex issue of state law, I decline to exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. §1367(c)(1). Any Art. II, §§11, 14, 17 and 18 claims will, therefore, be dismissed without prejudice.

3. The Intentional Infliction of Emotional Distress Claim

The Rio Rancho Defendants argue next that, as a matter of law, the New Mexico Tort Claims Act does not waive the Rio Rancho Defendants' immunity from liability for the Plaintiffs' claim of intentional infliction of emotional distress. The parties agree that §41-4-12 does not list intentional infliction of emotional distress in its enumerated common law torts for which immunity is waived. However, a plaintiff may under §41-4-12 "bring a direct claim for personal injury, including emotional distress, arising from a violation of a statutory right." *Weinstein v. City of Santa Fe ex rel. Santa Fe Police Dept.*, 121 N.M. 646, 653, 916 P.2d 1313, 1320 (1996). The Plaintiffs contend that their intentional infliction of emotional distress claim arises from a violation of NMSA 1978, §§ 30-3A-2 (1997)(criminal offense of harassment) and 30-24-3 (1963)(criminal offense of bribery or intimidation of a witness, and retaliation against a witness).

6

A plain reading of the First Amended Complaint does not reveal any allegation that the Defendants violated §§30-3A-2 and 30-24-3.  Absent that allegation, the Plaintiffs have not stated a claim for an intentional infliction of emotional distress based on a violation of a statutory right.  The Rio Rancho Defendants are, therefore, immune from the intentional infliction of emotional distress claim under the New Mexico Tort Claims Act as it presently is alleged.

4.  Rio Rancho Defendants' Request for Attorney's Fees and Costs

The Rio Rancho Defendants ask the Court to award them attorney's fees and costs for bringing this motion to dismiss.  Since the Rio Rancho Defendants do not entirely prevail on this motion to dismiss, I find that an award of attorney's fees and costs is not warranted.

IT IS ORDERED that Rio Rancho Defendants' Motion to Dismiss No. III:  All of Plaintiffs' State Constitutional and Intentional Infliction of Emotional Distress (Doc. No. 47) is granted in part.

IT IS FURTHER ORDERED that:

1.  Plaintiffs' request to amend the First Amended Complaint is denied at this time;

2.  Any Art. II, §4 claim against the Rio Rancho Defendants will be dismissed with prejudice on the ground of immunity from suit under the New Mexico Tort Claims Act;

3.  Plaintiffs' Art. II, §§11, 14, 17 and 18 claims will be dismissed without prejudice on the ground that this federal court should decline to exercise supplemental jurisdiction over them;

4.  The Plaintiffs' claim for intentional infliction of emotional distress against the Rio Rancho Defendants will be dismissed with prejudice on the ground of immunity from suit under the New Mexico Tort Claims Act; and

5.  The Rio Rancho Defendants' request for attorney's fees and costs is denied.


_____

CHIEF UNITED STATES DISTRICT JUDGE