IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REYNALD LOPS, individually and on behalf
of his minor daughter, MARIA-RENÉE LOPS;
VICTORIA LOPS, individually and on behalf
of her minor daughters, CRISTEN VAN HORN
and MARIA RENÉE LOPS; and JACOB VAN HORN,

    Plaintiffs,

vs.                                                                                                Civ. No. 00-1268 JP/LFG

ALFRED HABERMAN, individually and in his
official capacity as an agent of CHILDREN YOUTH
& FAMILIES DEPARTMENT; DEBBIE CLARK,
individually and in her official capacity as an agent of
CHILDREN YOUTH & FAMILIES DEPARTMENT;
DEBORAH HARTZ, in her official capacity as Secretary
of CHILDREN YOUTH & FAMILIES DEPARTMENT;
VERONICA MONTAÑO PILCH, individually and in her
official capacity as an agent of CHILDREN YOUTH
& FAMILIES DEPARTMENT and as COURT APPOINTED
SPECIAL ADVOCATE; ANGELA VERNADO, individually
and as an agent of CHILDREN YOUTH & FAMILIES DEPARTMENT
and as GUARDIAN AD LITEM of CRISTEN VAN HORN;
BRIAN LINK, individually and in his official capacity as an
agent of the CITY OF RIO RANCHO, RIO RANCHO DEPARTMENT
OF PUBLIC SAFETY; JOHN DOES 1-15, individually and in their
official capacities as agents of the CITY OF RIO RANCHO,
RIO RANCHO DEPARTMENT OF PUBLIC SAFETY; JANE DOES
1-15, individually and in their official capacities as agents of the CITY
OF RIO RANCHO, RIO RANCHO DEPARTMENT OF PUBLIC
SAFETY; and DENNY HAYCOX, individually and in his official
capacity as Director of the RIO RANCHO DEPARTMENT OF PUBLIC SAFETY,

    Defendants.

MEMORANDUM OPINION AND ORDER

    On January 9, 2001, Defendants City of Rio Rancho, Rio Rancho Department of Public

Safety, Brian Link, and Dencil Haycox (Rio Rancho Defendants) filed Rio Rancho Defendants'

Motion to Dismiss No. V:  Dismissal of Cristen Van Horn's, Maria Renée Lops', and Jacob Van Horn's Sixth Amendment, Fourteenth Amendment Equal Protection, and Fourteenth Amendment *Brady* Claims Based on Defendants' Qualified Immunity Defense (Doc. No. 52).  Having reviewed the briefs and the relevant law, I find that this fifth motion to dismiss should be granted.

This case involves the actions of various Defendants with respect to the removal of Plaintiff Cristen Van Horn from the family home.  This fifth motion to dismiss concerns the Sixth Amendment, Fourteenth Amendment equal protection, and Fourteenth Amendment *Brady* claims brought by Plaintiffs Reynald Lops and Victoria Lops on behalf of Cristen Van Horn, Maria Renée Lops, and Jacob Van Horn, the children of Plaintiff Victoria Lops.[1]  The Plaintiffs indicate in their response brief to this motion that since the Plaintiffs filed this lawsuit Plaintiff Cristen Van Horn has reached the age of 18.  Consequently, Plaintiff Victoria Lops can no longer sue on Plaintiff Cristen Van Horn's behalf.  Plaintiffs further indicate that Plaintiff Cristen Van Horn does not wish to pursue her claims and that a motion and order dismissing those claims without prejudice is being circulated among the Defendants for approval.  Plaintiffs' counsel do not represent Plaintiff Cristen Van Horn and so they will not address the Rio Rancho Defendants' motion to dismiss as it concerns Plaintiff Cristen Van Horn's claims.  Because Plaintiff Cristen Van Horn through her mother, Plaintiff Victoria Lops, is still a Plaintiff in this lawsuit and Plaintiff Victoria Lops filed the First Amended Complaint on her behalf, I will address Cristen Van Horn's claims as they relate to this motion to dismiss.

---

[1]Plaintiff Reynald Lops is the father of Plaintiff Maria Renée Lops.  Scott Van Horn, who is not a party, is the father of Plaintiffs Cristen and Jacob Van Horn.

The Rio Rancho Defendants argue that the Sixth Amendment, Fourteenth Amendment equal protection, and Fourteenth Amendment *Brady* claims should be dismissed with prejudice because the Rio Rancho Defendants are entitled to qualified immunity on those claims.  The Rio Rancho Defendants also ask the Court to award them attorney's fees and costs for bringing this fifth motion to dismiss.

The Plaintiffs contend that although the First Amended Complaint alleges that the "Plaintiffs," collectively, brought the Sixth Amendment, Fourteenth Amendment equal protection, and Fourteenth Amendment *Brady* claims against Defendant Link and other Defendants, only Plaintiffs Reynald Lops, individually, and Victoria Lops, individually, are bringing those claims. According to the Plaintiffs, the children are bringing only a familial association claim.  Since a plain reading of the First Amended Complaint does not indicate which specific Plaintiff is bringing the Sixth Amendment, Fourteenth Amendment equal protection, and Fourteenth Amendment *Brady* claims, and the Plaintiffs do not wish to have the children bring those claims, the children's Sixth Amendment, Fourteenth Amendment equal protection, and Fourteenth Amendment *Brady* claims will be dismissed without prejudice in order to avoid any confusion and to clarify the First Amended Complaint.

Moreover, the Rio Rancho Defendants are entitled to an award of attorney's fees and costs for bringing this motion to dismiss.  The Rio Rancho Defendants were compelled to file this motion to dismiss because the Plaintiffs poorly drafted the First Amended Complaint and the Plaintiffs apparently failed to make their allegations more specific as requested by Defendants.  In addition, once the Rio Rancho Defendants filed this motion to dismiss, the Plaintiffs should have concurred in the motion instead of requiring the Rio Rancho Defendants to file a reply brief.

IT IS ORDERED that Rio Rancho Defendants' Motion to Dismiss No. V: Dismissal of Cristen Van Horn's, Maria Renée Lops', and Jacob Van Horn's Sixth Amendment, Fourteenth Amendment Equal Protection, and Fourteenth Amendment *Brady* Claims Based on Defendants' Qualified Immunity Defense (Doc. No. 52) is granted.

IT IS FURTHER ORDERED that:

1. the Sixth Amendment, Fourteenth Amendment Equal Protection, and Fourteenth Amendment *Brady* Claims brought by Plaintiffs Reynald Lops and Victoria Lops on behalf of Cristen Van Horn, Maria Renée Lops, and Jacob Van Horn will be dismissed without prejudice;

2. the Rio Rancho Defendants are entitled to the reasonable attorney's fees and costs they incurred in bringing this fifth motion to dismiss;

3. counsel for the Rio Rancho Defendants must file an affidavit documenting those attorney's fees and costs by April 3, 2001; and

4. Plaintiffs' counsel may file a response to that affidavit by April 12, 2001.

_____
CHIEF UNITED STATES DISTRICT JUDGE