IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REYNALD LOPS, individually and on behalf
of his minor daughter, MARIA-RENÉE LOPS;
VICTORIA LOPS, individually and on behalf
of her minor daughters, CRISTEN VAN HORN
and MARIA RENÉE LOPS; and JACOB VAN HORN,

    Plaintiffs,

vs.                                                                                                       Civ. No. 00-1268 JP/LFG

ALFRED HABERMAN, individually and in his
official capacity as an agent of CHILDREN YOUTH
& FAMILIES DEPARTMENT; DEBBIE CLARK,
individually and in her official capacity as an agent of
CHILDREN YOUTH & FAMILIES DEPARTMENT;
DEBORAH HARTZ, in her official capacity as Secretary
of CHILDREN YOUTH & FAMILIES DEPARTMENT;
VERONICA MONTAÑO PILCH, individually and in her
official capacity as an agent of CHILDREN YOUTH
& FAMILIES DEPARTMENT and as COURT APPOINTED
SPECIAL ADVOCATE; ANGELA VERNADO, individually
and as an agent of CHILDREN YOUTH & FAMILIES DEPARTMENT
and as GUARDIAN AD LITEM of CRISTEN VAN HORN;
BRIAN LINK, individually and in his official capacity as an
agent of the CITY OF RIO RANCHO, RIO RANCHO DEPARTMENT
OF PUBLIC SAFETY; JOHN DOES 1-15, individually and in their
official capacities as agents of the CITY OF RIO RANCHO,
RIO RANCHO DEPARTMENT OF PUBLIC SAFETY; JANE DOES
1-15, individually and in their official capacities as agents of the CITY
OF RIO RANCHO, RIO RANCHO DEPARTMENT OF PUBLIC
SAFETY; and DENNY HAYCOX, individually and in his official
capacity as Director of the RIO RANCHO DEPARTMENT OF PUBLIC SAFETY,

    Defendants.

MEMORANDUM OPINION AND ORDER

    On January 16, 2001, Defendants City of Rio Rancho, Rio Rancho Department of Public

Safety, Brian Link, and Dencil Haycox (Rio Rancho Defendants) filed Rio Rancho Defendants'

Motion for Partial Summary Judgment No. I:  Dismissal of Lt. Col. Lops' Malicious Abuse of Process, Fourteenth Amendment *Brady*, First Amendment, Sixth Amendment, and Conspiracy Claims Based on the Bar Imposed by *Heck v. Humphrey* (Doc. No. 56).  Defendant Angela Vernado joins in this motion for partial summary judgment.  Order (Doc. No. 102), filed March 15, 2001.  Having reviewed the briefs and relevant law, I find that this motion for partial summary judgment should be granted in part.

A.  Background

This lawsuit involves the alleged illegal actions by the Defendants regarding the removal of Plaintiff Cristen Van Horn from the family home.  On May 18, 1997, Plaintiff Reynald Lops spanked his stepdaughter Plaintiff Cristen Van Horn with a belt "for lying about her continued association with an 18 year old male known to be an illegal drug abuser and dealer...."  First Amended Complaint (Doc. No. 16) at ¶53.  After Plaintiff Cristen Van Horn informed a teacher about this spanking incident, Defendant Link (a detective with the Rio Rancho Department of Public Safety), Defendant Haberman, and Defendant Clark, individually and collectively, investigated the incident.  *Id*. at  ¶54.  On November 13, 1997, the Sandoval County Grand Jury found probable cause to accuse Plaintiff Reynald Lops of:

> COUNT I
>  Child Abuse, (Intentionally Caused, No Great Bodily Harm).
> OR IN THE ALTERNATIVE TO COUNT I
>  Child Abuse, (Negligently Caused).
> COUNT III
>  Aggravated Battery Against a Household Member
>  (No Great Bodily Harm).

Exhibit A (attached to Memorandum in Support of Rio Rancho Defendants' Motion for Partial Summary Judgment No. I (Memo in Support) (Doc. No. 57)).  On the same date, the Sandoval

2

County Grand Jury returned an indictment against Plaintiff Lt. Lops based on those counts. Exhibit B (attached to Memo in Support).

In May 1998, Defendant Link and the Children Youth and Families Department conducted another investigation of Plaintiff Reynald Lops based on other allegations that he battered and sexually abused Plaintiff Cristen Van Horn. Exhibit A at ¶8 (attached to Plaintiffs' Response to Rio Rancho Defendants' Motion for Summary Judgment No. I Based on *Heck v. Humphrey* filed January 16, 2001 (Response) (Doc. No. 76)). In February 1999, the United States Air Force held a General Court Martial of Plaintiff Reynald Lops on the allegations of battery and sexual abuse arising from the May 1998 investigation. Exhibit B (attached to Response). The General Court Martial resulted in a finding of not guilty. *Id*.

On March 9, 1999, Plaintiff Reynald Lops agreed to enter an *Alford* plea to Count I of the Sandoval County Grand Jury indictment. Exhibit C (attached to Memo in Support). In exchange for the plea, the prosecution dismissed the remaining charges against Plaintiff Reynald Lops and dismissed all charges against Plaintiff Victoria Lops. *Id*. As a result of his plea, the state court placed Plaintiff Reynald Lops on supervised probation for a three year period. Exhibit E (attached to Memo in Support).

In January 2000, the United States Air Force held a Board of Inquiry with respect to the 1997 spanking incident that had been considered by the Sandoval County Grand Jury. Exhibit C (attached to Response). The Board of Inquiry found that Plaintiff Reynald Lops "did not commit serious misconduct punishable by civilian or military authorities ... consisting of child abuse." *Id*. The Board of Inquiry also determined to retain Plaintiff Reynald Lops in the Air Force. *Id*.

B.  Standard of Review

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).  An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Bacchus Indus., Inc.*, 939 F.2d at 891.

C.  Discussion

The Rio Rancho Defendants argue that *Heck v. Humphrey*, 512 U.S. 477 (1994) precludes Plaintiff Reynald Lops from bringing a 42 U.S.C. §1983 action based on his claims of malicious abuse of process, *Brady v. Maryland*, 373 U.S. 83 (1963), the First Amendment, the Sixth Amendment, and conspiracy, because those claims challenge the validity of the Judgment and Order filed in the state court criminal proceeding.  In addition to requesting partial summary judgment on that basis, the Rio Rancho Defendants ask the Court for an award of attorney's fees and costs for filing this motion for partial summary judgment.  Plaintiff Reynald Lops contests this

motion for partial summary judgment on three grounds.  First, Plaintiff Reynald Lops argues that *Heck* does not bar his claims since the Air Force Board of Inquiry invalidated his state court conviction.  Second, Plaintiff Reynald Lops argues that his claims are not tied soley to the investigation and alleged illegal conduct resulting in the *Alford* plea but are also tied to the March 1998 investigation.  Third, Plaintiff Reynald Lops asserts that his claims do not necessarily imply the invalidity of his state conviction.

      1.  Whether Plaintiff Lt. Col. Lop's state conviction was invalidated.

*Heck* is a case which "lies at the intersection of the two most fertile sources of federal-court prisoner litigation--the Civil Rights Act of 1871, Rev. Stat. §1979, as amended, 42 U.S.C. §1983, and the federal habeas corpus statute, 28 U.S.C. §2254."  512 U.S. at 480.  *Heck* held that a §1983 action for damages is inappropriate when the action necessarily requires "the plaintiff to prove the unlawfulness of his conviction or confinement...."  *Id*. at 486.  A petition for habeas corpus relief is appropriate in that situation.  *Heck* further held, however, that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254."

*Id*. at 486-87.  In sum, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Id*. at 487.

Plaintiff Reynald Lops argues first that the United States Air Force Board of Inquiry for all intents and purposes invalidated his state conviction. Plaintiff Reynald Lops admits that the United States Air Force Board of Inquiry proceeding is not of a type listed in *Heck* which can lead to an invalidated conviction. Plaintiff Reynald Lops relies on Justice Souter's concurrence in *Heck* for the proposition that adherence to *Heck's* "short list" of ways to invalidate a conviction should not preclude cases like this one where there is no "collision" between §1983 and the habeas corpus statute. Justice Souter stated in his concurrence that he believed persons not "in custody" for habeas corpus purposes should be able to file §1983 actions for damages based on unconstitutional convictions without being required to show that the convictions had been invalidated. 512 U.S. at 500-03. In this case, Plaintiff Reynald Lops is "in custody" for habeas corpus purposes because he is serving a term of probation. *See Olson v. Hart*, 965 F.2d 940, 942-43 (10th Cir. 1992). Consequently, Justice Souter's remarks are not applicable to this case. Plaintiff Reynald Lops provides no other legal support for his argument that the Board of Inquiry's finding invalidated his state court conviction. Following the majority opinion in *Heck*, I find that Plaintiff Reynald Lops' state court conviction has not been invalidated as prescribed by *Heck*.

  2. Whether Plaintiff Reynald Lops' claims arise from the Rio Rancho Defendants'
    participation in the military prosecutions.

Plaintiff Reynald Lops argues next that his claims also extend to the May 1998 investigation of other alleged batteries and sexual abuse of Plaintiff Cristen Van Horn. Plaintiff Reynald Lops contends that since his claims with respect to the May 1998 investigation did not result in any conviction, *Heck* cannot bar those claims. Initially, the Rio Rancho Defendants assert

6

that the First Amended Complaint does not allege that Defendant Link violated Plaintiff Reynald Lops' constitutional rights during the military investigation or proceedings. The First Amended Complaint is, however, sufficiently broad that one could liberally construe the First Amended Complaint to contain allegations that Defendant Link violated Plaintiff Reynald Lops' constitutional rights with respect to the May 1998 investigation and the following military proceedings. *See* Memorandum Opinion and Order (Doc. No.107) at 5, filed March 22, 2001 ("Plaintiffs have sufficiently alleged that Defendant Link deprived Plaintiff Reynald Lops of his Sixth Amendment rights during his Air Force Court Martial.").

The Rio Rancho Defendants further contend that *Heck* applies to bar litigation which challenges the validity of a conviction even though there is parallel litigation which does not result in a conviction of the same offense. The Rio Rancho Defendants rely on *Beck v. City of Muskogee Police Dept.*, 195 F.3d 553 (10th Cir. 1999) to support this contention. The Tenth Circuit in *Beck* held that *Heck* applies to "factually identical claims involving related legal proceedings, that so far, have produced essentially contrary legal results...." *Id*. at 560. The Tenth Circuit also noted that *Heck* applies to pending charges that are subsequently dismissed. *Id*. at 557 (citations omitted). The Tenth Circuit went on to hold that

> *Heck* precludes §1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges. Such claims arise at the time the charges are dismissed.

*Id*. Following *Beck* and analogizing an acquittal to a dismissal of a charge, I find that since Plaintiff Reynald Lops was acquitted of the General Court Martial charges, the claims relating to those charges and General Court Martial may proceed in this §1983 lawsuit. *See id.* at 560

(claims with respect to dismissed charge are ripe and may proceed).

      3.  Whether Plaintiff Reynald Lops' claims necessarily imply the invalidity of the state court conviction.

Plaintiff Reynald Lops argues that this case does not require a prior invalidation of the state court conviction as mandated by *Heck*, because it is similar to a case which claims that a lawful arrest was obtained by using unlawful means.  Plaintiff Reynald Lops, however, fails to explain how that situation is analogous to this case.  Moreover, Plaintiff Reynald Lops maintains that since the alleged unconstitutional conduct carries forward into the General Court Martial, those claims are not subject to dismissal.  As stated above, the alleged unconstitutional conduct arising from the May 1998 investigation are not subject to dismissal.  Plaintiff Reynald Lops, however, fails to directly address whether his §1983 claims necessarily imply the invalidity of the state court conviction.  I will nonetheless analyze each of the claims at issue in this motion for partial summary judgment to determine if they necessarily imply the invalidity of the state conviction.

      a.  Malicious Abuse of Process

In New Mexico, a claim of malicious abuse of process necessarily includes a claim for malicious prosecution. *DeVaney v. Thriftway Marketing Corp.*, 1998 NMSC-001 ¶¶15, 17, 124 N.M. 512, *cert. denied*, 524 U.S. 915 (1998) (malicious prosecution is "a specific application of the more general tort of abuse of process.").  The Tenth Circuit acknowledged that malicious prosecution claims may implicate *Heck*. *Beck*, 195 F.3d at 560.  The Eighth Circuit specifically found that malicious prosecution including perjured testimony would "'necessarily imply the invalidity of [the] conviction or sentence.'"  *Williams v. Schario*, 93 F.3d 527, 529 (8th Cir.

1996)(quoting *Heck*, 512 U.S. at 487)). Since malicious prosecution claims have been found to necessarily imply the invalidity of a conviction or sentence, the same can fairly be said for a claim of malicious abuse of process. *Heck*, therefore, requires that Plaintiff Reynald Lops' state court conviction be invalidated before he can bring a malicious abuse of process claim with respect to the state court conviction. As I determined, *supra*, Plaintiff Reynald Lops' state court conviction has not been invalidated. Consequently, Plaintiff Reynald Lops cannot bring the malicious abuse of process claim as it relates to his state conviction.

      b. *Brady* Claims

A *Brady* claim "involving the alleged destruction or suppression of exculpatory evidence is closely related, if not part of, [a] malicious prosecution claim." *Beck*, 195 F.3d at 559 (citing *Heck*, 512 U.S. at 479)). The Tenth Circuit also acknowledged that a *Brady* claim may implicate *Heck. Id*. at 560. The Second Circuit actually held that a *Brady* claim calls into question the validity of a conviction or sentence. *Amaker v. Weiner*, 179 F.3d 48, 51 (2nd Cir. 1999)(cited in *Beck*, 195 F.3d at 560). Following this authority, I find that Plaintiff Reynald Lops' *Brady* claim can only be brought with respect to the state court conviction if the conviction has been invalidated. As I already found, the state court conviction has not been invalidated. Therefore, Plaintiff Reynald Lops cannot bring his *Brady* claim with respect to the state court conviction.

      c. First Amendment Claims[1]

Plaintiff Reynald Lops' First Amendment claim against Defendants Link and Vanardo alleges that those Defendants retaliated against Plaintiff Reynald Lops for his exercise of free

---

[1] I have already dismissed the Plaintiffs' First Amendment right to petition claim asserted against the Doe Defendants and Defendant Haycox. Memorandum Opinion and Order (Doc. No.107), filed March 22, 2001.

9

speech and religion. Construing the First Amended Complaint liberally, I find that Plaintiff Reynald Lops' First Amendment claim is one of retaliatory or vindictive prosecution. A claim of vindictive prosecution is similar to a claim of malicious prosecution. Considering this similarity, I find that like a claim of malicious prosecution, the claim of vindictive prosecution implies the invalidity of Plaintiff Reynald Lops' state court conviction. Since the state court conviction has not been invalidated, Plaintiff Reynald Lops cannot bring his First Amendment claim of vindictive prosecution with respect to the state court conviction.

> d.  Sixth Amendment Claims

Plaintiffs have previously conceded that they cannot pursue a Sixth Amendment claim with respect to Plaintiff Reynald Lops's state court conviction. Memorandum Opinion and Order at 4 (Doc. No. 107), filed March 22, 2001. I will, therefore, dismiss the Sixth Amendment claim which relates to the state court conviction.

> e.  Conspiracy

The holding in *Heck* has been extended to conspiracy claims brought under 42 U.S.C. §1985. *Quarterman v. Crank*, 2000 WL 988312 \*\*1 (10th Cir.). Here, Plaintiff Reynald Lops' §1985 claim includes an alleged conspiracy by the Defendants to deprive the Plaintiffs of their First, Fourth, Sixth, and Fourteenth Amendment rights. Since Plaintiff Reynald Lops' First Amendment and Fourteenth Amendment *Brady* claims should be dismissed under *Heck* with respect to the state court conviction, a conspiracy claim encompassing those claims should also be dismissed with respect to the state court conviction. Furthermore, because I determined that Plaintiff Reynald Lops' Sixth Amendment claim made with respect to the state court conviction should be dismissed, I find that a conspiracy claim encompassing that claim should likewise be

10

dismissed.

    4.  Rio Rancho Defendants' request for attorney's fees and costs.

The Rio Rancho Defendants were unsuccessful in obtaining a full dismissal of Plaintiff Reynald Lops' malicious abuse of process, *Brady*, First Amendment, Sixth Amendment, and conspiracy claims under *Heck*. Consequently, an award of attorney's fees and costs to the Rio Rancho Defendants is unwarranted.

IT IS ORDERED that Rio Rancho Defendants' Motion for Partial Summary Judgment No. I:  Dismissal of Lt. Col. Lops' Malicious Abuse of Process, Fourteenth Amendment *Brady*, First Amendment, Sixth Amendment, and Conspiracy Claims Based on the Bar Imposed by *Heck v. Humphrey* (Doc. No. 56) is granted in part and will apply to Defendant Varnado where relevant.

IT IS FURTHER ORDERED that the following claims will be dismissed without prejudice:

    1.  Plaintiff Reynald Lops' malicious abuse of process claim as it relates to his state court conviction;

    2. Plaintiff Reynald Lops' *Brady* claim as it relates to his state court conviction;

    3.  Plaintiff Reynald Lops' First Amendment vindictive prosecution claim as it relates to his state court conviction; and

    4. Plaintiff Reynald Lops' claim of conspiracy to violate his First Amendment and Fourteenth Amendment rights as it relates to his state court conviction.

IT IS ALSO ORDERED that:

    1.  Plaintiff Reynald Lops' Sixth Amendment claim and his claim of conspiracy to violate

11

his Sixth Amendment rights as they relate to his state court conviction will be dismissed with prejudice; and

    2. the Rio Rancho Defendants' request for attorney's fees and costs is denied.


                                                        _____
                                              CHIEF UNITED STATES DISTRICT JUDGE