IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REYNALD LOPS, individually and on behalf
of his minor daughter, MARIA-RENÉE LOPS;
VICTORIA LOPS, individually and on behalf
of her minor daughters, CRISTEN VAN HORN
and MARIA RENÉE LOPS; and JACOB VAN HORN,

     Plaintiffs,

vs.                                                                       Civ. No. 00-1268 JP/LFG

ALFRED HABERMAN, individually and in his
official capacity as an agent of CHILDREN YOUTH
& FAMILIES DEPARTMENT; DEBBIE CLARK,
individually and in her official capacity as an agent of
CHILDREN YOUTH & FAMILIES DEPARTMENT;
DEBORAH HARTZ, in her official capacity as Secretary
of CHILDREN YOUTH & FAMILIES DEPARTMENT;
VERONICA MONTAÑO PILCH, individually and in her
official capacity as an agent of CHILDREN YOUTH
& FAMILIES DEPARTMENT and as COURT APPOINTED
SPECIAL ADVOCATE; ANGELA VERNADO, individually
and as an agent of CHILDREN YOUTH & FAMILIES DEPARTMENT
and as GUARDIAN AD LITEM of CRISTEN VAN HORN;
BRIAN LINK, individually and in his official capacity as an
agent of the CITY OF RIO RANCHO, RIO RANCHO DEPARTMENT
OF PUBLIC SAFETY; JOHN DOES 1-15, individually and in their
official capacities as agents of the CITY OF RIO RANCHO,
RIO RANCHO DEPARTMENT OF PUBLIC SAFETY; JANE DOES
1-15, individually and in their official capacities as agents of the CITY
OF RIO RANCHO, RIO RANCHO DEPARTMENT OF PUBLIC
SAFETY; and DENNY HAYCOX, individually and in his official
capacity as Director of the RIO RANCHO DEPARTMENT OF PUBLIC SAFETY,

     Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

     On February 15, 2001, Defendant Varnado filed Defendant Varnado's Motion for Summary Judgment (Doc. No. 72). The motion for summary judgment is based on Defendant

Varnado's argument that she is entitled to quasi-judicial immunity based on her conduct as a guardian *ad litem*. Defendant Varnado also argues that because of her role as a guardian *ad litem* she was not acting "under color of state law" for 42 U.S.C. §1983 purposes. Finally, Defendant Varnado argues that the Plaintiffs' conclusory allegations of conspiracy are insufficient to overcome her entitlement to quasi-judicial immunity. The Plaintiffs responded to this motion for summary judgment by asking the Court to stay consideration of the motion pending discovery. Steven Scholl, Plaintiffs' counsel, attached to his response brief an affidavit in support of this request to stay consideration of the motion for summary judgment. The Plaintiffs nonetheless attempted to address the substantive issues of the motion for summary judgment. In her reply brief, Defendant Varnado opposed the Plaintiffs' request to stay consideration of the motion for summary judgment and moved to strike Mr. Scholl's affidavit as inadequate. Defendant Varnado also addressed the Plaintiffs' substantive arguments.

    Fed. R. Civ. P. 56(f) allows the court to "order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had" when a party opposing a motion for summary judgment needs additional discovery to respond to the motion for summary judgment. To obtain a continuance under Rule 56(f), the party opposing the motion for summary judgment must furnish an affidavit explaining what facts he or she needs to discover, why those facts have not been discovered, and how additional time will help to rebut the allegations of no genuine issue of fact. *Price ex rel. Price v. Western Resources, Inc.*, 232 F.3d 779, 783-84 (10th Cir. 2000)(citation omitted).

    Mr. Scholl stated in his affidavit that he needed "a fully developed record to determine what function Ms. Varnado was serving at various points in her involvement in the case, i.e.,

whether she was performing tasks which were functionally equivalent to judicial acts, or was more of an investigator [sic] etc." ¶13 of Affidavit of Steven S. Scholl, Exhibit B (attached to Plaintiffs' Response to Defendant Angela J. Varnado's Motion for Summary Judgment (Doc. No. 104), filed March 20, 2001). Although Mr. Scholl lays out his proposed discovery, it is rather broad in nature. *Id*. at ¶15. Mr. Scholl, however, notes that the facts Defendant Varnado relies on in her Motion for Summary Judgment are "solely within the knowledge of Ms. Varnado, CYFD and the Rio Rancho Defendants." *Id*. at ¶6. Mr. Scholl also observes that discovery has been stayed in this case pending a ruling on immunity issues. *Id*. at ¶12. *See also* Order Denying Motion to Extend Pretrial Deadlines and Continuing Stay of Discovery (Doc. No. 98), filed March 8, 2001 ("Discovery will remain stayed until such time as the Court considers and rules on all pending motions involving qualified immunity."). Mr. Scholl further implies that the additional time for discovery is needed because no discovery has been undertaken in the case except for some informal discovery. I find that Mr. Scholl's affidavit is sufficient to support a Rule 56(f) request for a continuance limited to discovery of information or documents relevant to the issue of whether Defendant Varnado's alleged misconduct occurred within the scope of her duties as a guardian *ad litem*. Moreover, I find that Defendant Varnado's request to strike Mr. Scholl's affidavit should be denied.

    IT IS ORDERED that:

    1. the Plaintiffs' Rule 56(f) request for a continuance in order to obtain discovery is granted;

    2. the Plaintiffs may engage in discovery limited to information or documents relevant to the issue of whether Defendant Varnado's alleged misconduct occurred within the scope of her

3

duties as a guardian *ad litem*, and this discovery must be completed by June 1, 2001;

3. once the Plaintiffs have completed this limited discovery, the Plaintiffs may supplement their response brief to Defendant Varnado's Motion for Summary Judgment (Doc. No. 72) by June 15, 2001 and Defendant Varnado may supplement her reply brief to the supplemental response brief by June 25, 2001;

4. the supplemental briefs must comply with the Local Rules for the District of New Mexico; and

5. Defendant Varnado's request to strike Mr. Scholl's affidavit is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE