IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REYNALD LOPS, individually and on behalf
of his minor daughter, MARIA-RENÉE LOPS;
VICTORIA LOPS, individually and on behalf
of her minor daughters, CRISTEN VAN HORN
and MARIA RENÉE LOPS; and JACOB VAN HORN,

      Plaintiffs,

vs.                                                          Civ. No. 00-1268 JP/LFG

ALFRED HABERMAN, individually and in his
official capacity as an agent of CHILDREN YOUTH
& FAMILIES DEPARTMENT; DEBBIE CLARK,
individually and in her official capacity as an agent of
CHILDREN YOUTH & FAMILIES DEPARTMENT;
DEBORAH HARTZ, in her official capacity as Secretary
of CHILDREN YOUTH & FAMILIES DEPARTMENT;
VERONICA MONTAÑO PILCH, individually and in her
official capacity as an agent of CHILDREN YOUTH
& FAMILIES DEPARTMENT and as COURT APPOINTED
SPECIAL ADVOCATE; ANGELA VERNADO, individually
and as an agent of CHILDREN YOUTH & FAMILIES DEPARTMENT
and as GUARDIAN AD LITEM of CRISTEN VAN HORN;
BRIAN LINK, individually and in his official capacity as an
agent of the CITY OF RIO RANCHO, RIO RANCHO DEPARTMENT
OF PUBLIC SAFETY; JOHN DOES 1-15, individually and in their
official capacities as agents of the CITY OF RIO RANCHO,
RIO RANCHO DEPARTMENT OF PUBLIC SAFETY; JANE DOES
1-15, individually and in their official capacities as agents of the CITY
OF RIO RANCHO, RIO RANCHO DEPARTMENT OF PUBLIC
SAFETY; and DENNY HAYCOX, individually and in his official
capacity as Director of the RIO RANCHO DEPARTMENT OF PUBLIC SAFETY,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

      On February 2, 2001, Defendants City of Rio Rancho, Rio Rancho Department of Public

Safety, Brian Link, and Dencil Haycox (Rio Rancho Defendants) filed Rio Rancho Defendants'

Motion for Partial Summary Judgment No. II:  Dismissal of Lt. Col. Lops' Malicious Abuse of

Process Based on the Criminal Charges Brought Against Him and the Dismissal of Lt. Col. Lops'

and Ms. Lops' Malicious Abuse of Process Claims Based on the Civil Abuse and Neglect

Proceeding Brought Against Them (Doc. No. 68).  Having reviewed the briefs and relevant law, I

find that this second motion for partial summary judgment should be granted.

A.  Background

        This lawsuit involves the alleged illegal actions by the Defendants regarding the removal of

Plaintiff Cristen Van Horn from the family home.  As a result of having spanked Plaintiff Cristen

Van Horn on May 18, 1997, the Sandoval County Grand Jury found probable cause to accuse

Plaintiff Reynald Lops of:

> COUNT I
>  Child Abuse, (Intentionally Caused, No Great Bodily Harm).
> OR IN THE ALTERNATIVE TO COUNT I
>  Child Abuse, (Negligently Caused).
> COUNT III
>  Aggravated Battery Against a Household Member
>  (No Great Bodily Harm).

Exhibit A (attached to Memorandum in Support of Rio Rancho Defendants' Motion for Partial

Summary Judgment No. I (Memo in Support) (Doc. No. 57)).  On the same date, the Sandoval

County Grand Jury returned an indictment against Plaintiff Reynald Lops charging the offenses

described in those three counts.  Exhibit B (attached to Memo in Support).

        In May 1998, Defendant Link and the Children, Youth and Families Department

conducted another investigation of Plaintiff Reynald Lops based on other allegations that he

battered and sexually abused Plaintiff Cristen Van Horn.  Exhibit A at ¶8 (attached to Plaintiffs'

Response to Rio Rancho Defendants' Motion for Summary Judgment No. I Based on *Heck v.*

*Humphrey* filed January 16, 2001 (Response) (Doc. No. 76)). On May 29, 1998, the Children, Youth and Families Department filed a Neglect/Abuse Petition in Children's Court naming Plaintiffs Reynald and Victoria Lops as respondents.  The Neglect/Abuse Petition was based on the other allegations that Plaintiff Reynald Lops physically and emotionally abused Plaintiff Cristen Van Horn. The Neglect/Abuse Petition further alleged that Plaintiff Victoria Lops failed to report or protect Plaintiff Cristen Van Horn from Plaintiff Reynald Lops' abuse.  Exhibit A (attached to Rio Rancho Defendants' Memorandum in Support of Rio Rancho Defendants' Motion for Partial Summary Judgment No. II (Second Memo in Support)(Doc. No. 69)).   On July 17, 1998, the Children's Court Judge entered a Stipulated Judgment in which Plaintiffs Reynald Lops and Victoria Lops entered pleas of no contest to the allegations presented in the Neglect/Abuse Petition.  Exhibit C (attached to Second Memo in Support).  The Stipulated Judgment also contained the Children's Court Judge's determination that Plaintiff Cristen Van Horn was neglected and abused; and that Plaintiff Cristen Van Horn should remain in the custody of the Children, Youth and Families Department.  *Id*.

In February 1999, the United States Air Force held a General Court Martial of Plaintiff Reynald Lops on the allegations of battery and sexual abuse arising from the May 1998 investigation.  Exhibit B (attached to Response).  The General Court Martial resulted in a finding of not guilty.  *Id*.  On March 9, 1999, Plaintiff Reynald Lops agreed to enter an *Alford* plea to Count I of the Sandoval County Grand Jury indictment.  Exhibit C (attached to Memo in Support).  In exchange for the *Alford* plea, the prosecution dismissed the remaining charges against Plaintiff Reynald Lops and dismissed all charges against Plaintiff Victoria Lops.  *Id*.  As a result of his *Alford* plea, the state court placed Plaintiff Reynald Lops on supervised probation for

3

a three year period.  Exhibit E (attached to Memo in Support).

In January 2000, the United States Air Force held a Board of Inquiry with respect to the 1997 spanking incident that had been considered by the Sandoval County Grand Jury.  Exhibit C (attached to Response).  The Board of Inquiry found that Plaintiff Reynald Lops "did not commit serious misconduct punishable by civilian or military authorities ... consisting of child abuse."  *Id*. The Board of Inquiry also determined to retain Plaintiff Reynald Lops in the Air Force.  *Id*.

B.  Standard of Review

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).  An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Bacchus Indus., Inc.*, 939 F.2d at 891.

C.  Discussion

The Rio Rancho Defendants argue that the state and 42 U.S.C. §1983 malicious abuse of process claims brought by Plaintiffs Reynald and Victoria Lops based on the filing of criminal charges against Plaintiff Reynald Lops, and the civil abuse and neglect proceedings against Plaintiffs Reynald and Victoria Lops are subject to summary judgment.  The Rio Rancho Defendants maintain that probable cause to initiate a lawsuit is an affirmative defense to the malicious abuse of process claims.  The Rio Rancho Defendants contend that probable cause is proven because Plaintiff Reynald Lops entered an *Alford* plea to the criminal proceeding and both Plaintiffs Reynald and Victoria Lops entered no contest pleas in the civil proceedings.  Applying the doctrine of collateral estoppel, the Rio Rancho Defendants conclude that the issue of probable cause cannot be relitigated in this Court, thus establishing an affirmative defense to the §1983 malicious abuse of process claims. Accordingly, the Rio Rancho Defendants argue that their affirmative defense of probable cause defeats both the state and §1983 malicious abuse of process claims. The Rio Rancho Defendants also ask the Court to award them attorney's fees and costs for filing this second motion for partial summary judgment.

Before proceeding further with the legal analysis of the Rio Rancho Defendants' probable cause argument, I note that I have already dismissed without prejudice Plaintiff Reynald Lops' malicious abuse of process claim as it relates to his state court conviction.  Order of Dismissal of Certain Claims (Doc. No. 114), filed March 29, 2001.  Since the dismissal of the malicious abuse of process claim was without prejudice, I will in the context of this motion for partial summary judgment consider whether that claim should be dismissed with prejudice.

1.  The Affirmative Defense of Probable Cause

The elements of a claim of malicious abuse of process in New Mexico[1] are as follows:

> (1) the initiation of judicial proceedings against the plaintiff by the defendant; (2) an act by the defendant in the use of process other than such as would be proper in the regular prosecution of the claim; (3) a primary motive by the defendant in misusing the process to accomplish an illegitimate end; and (4) damages.

*DeVaney v. Thriftway Marketing Corp.*, 1998-NMSC-001 ¶17, 124 N.M. 512, *cert. denied*, 524 U.S. 915 (1998). Filing a complaint without probable cause is a misuse of power under element two of the tort of malicious abuse of process. *Id*. at ¶22. "[A]n unfavorable termination [of the underlying proceeding] has significance in demonstrating the existence of probable cause. An unfavorable termination for the malicious-abuse-of process plaintiff, meaning some form of recovery for the original-proceeding plaintiff, is 'conclusive evidence of the existence of probable cause.'" *Id*. at ¶23 (citation omitted). The question of whether probable cause exists in the underlying proceeding is a question of law. *Id*. at ¶24. The Rio Rancho Defendants argue that since the *Alford* plea and the no contest pleas were unfavorable terminations of Plaintiff Reynald Lops' criminal case and the civil case against both Plaintiffs Reynald and Victoria Lops, those pleas constitute conclusive evidence that there was probable cause to prosecute those cases. The Rio Rancho Defendants, therefore, conclude that the state malicious abuse of process claims are without merit and subject to summary judgment.

Plaintiffs Reynald and Victoria Lops argue that the *Alford* plea and the no contest pleas do not conclusively establish probable cause for the state court criminal and civil cases. Plaintiffs

---

[1]The starting point for analyzing a 42 U.S.C. §1983 claim of malicious abuse of process is New Mexico tort law. *See Wolford v. Lasater*, 78 F.3d 484, 489 (10th Cir. 1996)(analysis of §1983 malicious prosecution claim is made under state tort law).

Reynald and Victoria Lops argue first that they have not ever admitted guilt to the charges arising from Defendant Link's investigation of Plaintiff Reynald Lops for sexual abuse.  The Children's Court Judge in the civil case found that Plaintiff "Cristen Van Horn is a neglected/abused child as defined in the Children's Code." Stipulated Judgment at  ¶6, Exhibit C (attached to Second Memo in Support).  This finding is based on the Neglect/Abuse Petition which references the Affidavit for Ex Parte Emergency Custody.  The Affidavit for Ex Parte Emergency Custody contains allegations that Plaintiff Reynald Lops made inappropriate sexual contacts with Plaintiff Cristen Van Horn.  Exhibit B (attached to Second Memo in Support).  The Children's Court Judge's finding of neglect and abuse and his decision to have Plaintiff Cristen Van Horn remain in the custody of the Children, Youth and Families Department constitute an unfavorable termination of the civil case against Plaintiffs Reynald and Victoria Lops based upon physical abuse including inappropriate sexual contact.

Second, Plaintiffs Reynald and Victoria Lops argue that the Rio Rancho Defendants ignore that the criminal charges against Plaintiff Victoria Lops were dismissed.  The Rio Rancho Defendants maintain that the claim of malicious abuse of process as to Plaintiff Reynald Lops with respect to his criminal court case should be dismissed.  The Rio Rancho Defendants, however, do not maintain that the claim of malicious abuse of process as to Plaintiff Victoria Lops with respect to her criminal court case should be dismissed.

Third, Plaintiffs Reynald and Victoria Lops argue that the Rio Rancho Defendants ignore the verdicts of Plaintiff Reynald Lops' military court martial and board of inquiry proceedings. Plaintiff Reynald Lops asserts that the acquittals on all of the charges before the military tribunals is a favorable outcome.  The acquittals, however, are favorable outcomes only for the military

proceedings but not for Plaintiff Reynald Lops' state court criminal and civil cases.  Plaintiffs

Reynald and Victoria Lops fail to provide any legal support to uphold their contention that the

military proceedings should carry any significant weight in determining whether there was

probable cause for the state criminal and civil charges brought against Plaintiff Reynald Lops.

Fourth, Plaintiffs Reynald and Victoria Lops argue that there was a lack of probable cause

to initiate the state court criminal and civil cases because the Rio Rancho Defendants "did not

hold a reasonable belief in the validity of the allegations of fact or law of the underlying claim."

*See DeVaney*, 1998-NMSC-001 ¶27.  When the assertion of a malicious abuse of process claim is

made after the termination of the underlying proceeding the plaintiff must prove lack of probable

cause by a preponderance of the evidence.  *Id*. at ¶26.  Plaintiffs Reynald and Victoria Lops make

the conclusory statement that "[t]here are a multitude of factual disputes over whether the charges

that the Rio Rancho Defendants brought were based on facts which were false and misleading."

Plaintiffs' Response to Rio Rancho Defendants' Motion for Partial Summary Judgment No. II

(Doc. No.) at 9. Without any specific factual support let alone a preponderance of the evidence,

this conclusory statement fails to counter the holding in *DeVaney*  that an unfavorable termination

"'is conclusive evidence of the existence of probable cause.'" *See DeVaney*, 1998-NMSC-001

¶23.  In this case, it is clear that the *Alford* plea and the no contest pleas were unfavorable

terminations of the state court criminal and civil cases as to Plaintiffs Reynald and Victoria Lops.

According to *DeVaney*, as a matter of law, there was probable cause to file those cases.  *See id*. at

¶24 ("the existence of probable cause in the underlying proceeding, that is, whether the facts

amount to probable cause, is a question of law.").  Consequently, the state malicious abuse of

process claims brought by Plaintiffs Reynald and Victoria Lops against the Rio Rancho

Defendants are subject to summary judgment.

    2.  Collateral Estoppel

    The Rio Rancho Defendants also argue that the doctrine of collateral estoppel prevents Plaintiffs Reynald and Victoria Lops from relitigating the issue of probable cause in this Court, thereby subjecting the §1983 claim of malicious abuse of process to summary judgment.  Under 28 U.S.C. §1738, federal courts must "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgment emerged."  *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466 (1982).  Federal courts seeking to determine the preclusive effect of a judgment must look to the preclusion  law of the state rendering the judgment. *Gates Learjet Corp. v. Duncan Aviation*, 851  F.2d 303, 305 (10th Cir.1988). However, even when the requirements of collateral estoppel are met, the court must still determine whether the plaintiff  had a full and fair opportunity to litigate his claims before a court with the authority to  adjudicate the merits of those claims. *Kremer*, 456 U.S. at 480-81. "A State may not grant preclusive effect in its own courts to a constitutionally infirm judgment, and other state and federal courts are not required to accord full faith and credit to a constitutionally infirm judgment." *Id*. at 482.  Nevertheless, state court proceedings need only satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by federal law. *Id*. at 481. If the due process requirements are met, preclusion will operate and the claims will be barred. *Id*.

    The elements of collateral estoppel in New Mexico are as follows: "(1) the parties are the same or in privity with the parties in the original action [as defined under the modern view of mutuality]; (2) the subject matter or cause of action in the two suits are different; (3) the ultimate

facts or issues were actually litigated; and (4) the issue was necessarily determined." *Reeves v. Wimberly*, 107 N.M. 231, 233-34, 755 P.2d 75, 77-78 (Ct.App.1988).  The party invoking the doctrine of collateral estoppel has the initial burden of establishing a *prima facie* case of collateral estoppel.  *Padilla v. Intel Corp.*, 1998-NMCA-124 ¶9, 125 N.M. 698.  Once the *prima facie* case of collateral estoppel is established, "the burden shifts to the party opposing collateral estoppel to show that he or she was not afforded a full and fair opportunity to litigate the issue in the prior proceeding."  *Id*.

Plaintiffs Reynald and Victoria Lops argue that collateral estoppel does not apply to the probable cause issue for two reasons.  First, Plaintiffs Reynald and Victoria Lops contend that the issue of probable cause was not actually litigated nor necessarily determined in state court.  Second, Plaintiffs Reynald and Victoria Lops contend that they did not have a full and fair opportunity to litigate their malicious abuse of process claims in state court.

Plaintiffs Reynald and Victoria Lops argue that the charges to which Plaintiff Reynald Lops entered an *Alford* plea to do not include an element requiring a finding of probable cause.  Consequently, Plaintiffs Reynald and Victoria Lops assert that the issue of probable cause was not considered by the state court or Plaintiff Reynald Lops in the entry of the *Alford* plea.  Plaintiffs Reynald and Victoria Lops' argument that the criminal charges against Plaintiff Reynald Lops do not contain a probable cause element misconstrues the Rio Rancho Defendants' contention that an affirmative defense to a malicious abuse of process claim is probable cause to initiate the lawsuit.  The probable cause issue raised in this motion for partial summary judgment focuses on probable cause to initiate the underlying state lawsuits.

Plaintiffs Reynald and Victoria Lops also argue that the propriety of the Rio Rancho Defendants' conduct in the underlying state court cases has not been actually litigated nor necessarily determined.  I agree.  Entry of the *Alford*  plea and the no contest pleas prevented the parties from presenting as well as contesting evidence surrounding the Rio Rancho Defendants' alleged improper actions.  *See Eyer v. City of Reynoldsburg*, 756 F.Supp. 344, 348 (S.D. Ohio 1991). In addition, the state courts never had the opportunity in the underlying cases to make an actual determination as to the legality of the Rio Rancho Defendants' conduct since the pleas were entered prior to any court decision that would address the alleged impropriety of the Rio Rancho Defendants' conduct.  *See id.* (citing *Haring v. Prosise*, 462 U.S. 306, 316 (1983)).  The propriety of the Rio Rancho Defendants' actions was, therefore, never "actually litigated" in state court.  *See id.*

Moreover, the alleged impropriety of the Rio Rancho Defendants' actions "would not have been essential to the trial court's acceptance" of the *Alford* plea and the no contest pleas. *See id*.  In fact, the propriety of the Rio Rancho Defendants' actions is irrelevant to the state court's decision to accept the *Alford*  plea and the pleas of no contest.  *See id.*  Accordingly, the issue of whether the Rio Rancho Defendants' actions constituted a §1983 malicious abuse of process violation would not have been "necessarily determined" in the state court proceedings. *See id*.  In sum, "[t]he fact that a plea of guilty was in fact entered by [a] plaintiff does not permit this Court to presume that the defendant's actions were conducted in a constitutionally permissible manner...."  *Id*. (citing *Haring*, 462 U.S. at 319).  Since the Rio Rancho Defendants do not establish a *prima facie* case of collateral estoppel, it is unnecessary to address whether Plaintiffs Reynald and Victoria Lops had a full and fair opportunity to litigate their malicious

11

abuse of process claims in state court.

Although the doctrine of collateral estoppel does not apply as the Rio Rancho Defendants have argued, the §1983 malicious abuse of process claims are nonetheless subject to summary judgment. The §1983 malicious abuse of process claims are necessarily premised on a showing that Plaintiffs Reynald and Victoria Lops have met the elements of a state claim of malicious abuse of process. As I have already determined, Plaintiffs Reynald and Victoria Lops have not established a state claim of malicious abuse of process. Consequently, Plaintiffs Reynald and Victoria Lops cannot establish a §1983 malicious abuse of process claim. The §1983 malicious abuse of process claims will, therefore, be dismissed with prejudice.

3. The Rio Rancho Defendants' Request for Attorney's Fees and Costs

Even though the Rio Rancho Defendants have ultimately prevailed on their second motion for partial summary judgment an award of attorney's fees and costs is not warranted, because the Rio Rancho Defendants' arguments were not particularly well thought out. For example, the Rio Rancho Defendants' collateral estoppel argument was confusing and unnecessary. As a result, I expended more time and effort on deciding this motion for partial summary judgment than should have been expended.

IT IS ORDERED that Rio Rancho Defendants' Motion for Partial Summary Judgment No. II: Dismissal of Lt. Col. Lops' Malicious Abuse of Process Based on the Criminal Charges Brought Against Him and the Dismissal of Lt. Col. Lops' and Ms. Lops' Malicious Abuse of Process Claims Based on the Civil Abuse and Neglect Proceeding Brought Against Them (Doc. No. 68) will be granted.

IT IS ALSO ORDERED that the malicious abuse of process claims against the Rio Rancho Defendants will be dismissed with prejudice.

IT IS FURTHER ORDERED that the Rio Rancho Defendants' request for an award of attorney's fees and costs is denied.


_____

CHIEF UNITED STATES DISTRICT JUDGE

13