IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REYNALD LOPS, individually and on behalf
of his minor daughter, MARIA-RENÉE LOPS;
VICTORIA LOPS, individually and on behalf
of her minor daughters, CRISTEN VAN HORN
and MARIA RENÉE LOPS; and JACOB VAN HORN,

       Plaintiffs,

vs.                                               Civ. No. 00-1268 JP/LFG

ALFRED HABERMAN, individually and in his
official capacity as an agent of CHILDREN YOUTH
& FAMILIES DEPARTMENT; DEBBIE CLARK,
individually and in her official capacity as an agent of
CHILDREN YOUTH & FAMILIES DEPARTMENT;
DEBORAH HARTZ, in her official capacity as Secretary
of CHILDREN YOUTH & FAMILIES DEPARTMENT;
VERONICA MONTAÑO PILCH, individually and in her
official capacity as an agent of CHILDREN YOUTH
& FAMILIES DEPARTMENT and as COURT APPOINTED
SPECIAL ADVOCATE; ANGELA VERNADO, individually
and as an agent of CHILDREN YOUTH & FAMILIES DEPARTMENT
and as GUARDIAN AD LITEM of CRISTEN VAN HORN;
BRIAN LINK, individually and in his official capacity as an
agent of the CITY OF RIO RANCHO, RIO RANCHO DEPARTMENT
OF PUBLIC SAFETY; JOHN DOES 1-15, individually and in their
official capacities as agents of the CITY OF RIO RANCHO,
RIO RANCHO DEPARTMENT OF PUBLIC SAFETY; JANE DOES
1-15, individually and in their official capacities as agents of the CITY
OF RIO RANCHO, RIO RANCHO DEPARTMENT OF PUBLIC
SAFETY; and DENNY HAYCOX, individually and in his official
capacity as Director of the RIO RANCHO DEPARTMENT OF PUBLIC SAFETY,

       Defendants.

MEMORANDUM OPINION AND ORDER

      On June 1, 2001, the Plaintiffs filed Plaintiffs' Motion for Protective Order Clarifying

Scope of Discovery (Doc. No. 141) and Plaintiffs' Motion for Extension of Time for Completion

of Rule 56(f) Discovery (Doc. No. 139).   The parties agree that the scope of discovery should be clarified and that the motion to extend Rule 56(f) discovery should be granted.  The Plaintiffs request a hearing on their motion to clarify the scope of discovery.  The request for a hearing will be denied.

A.  Background

On May 2, 2001, I entered a Memorandum Opinion and Order (Doc. No. 126) granting the Plaintiffs' request to stay consideration of Defendant Varnado's Motion for Summary Judgment (Doc. No. 72) so that the Plaintiffs could conduct further discovery.  That discovery was "limited to information or documents relevant to the issue of whether Defendant Varnado's alleged misconduct occurred within the scope of her duties as a guardian *ad litem*...."  Memorandum Opinion and Order at 3-4.  I also ordered that the Plaintiffs complete this limited discovery by June 1, 2001.  *Id*. at 4. After completion of the limited discovery, the Plaintiffs were allowed to supplement their response brief to Defendant Varnado's Motion for Summary Judgment by June 15, 2001 and Defendant Varnado was allowed to supplement her reply brief to the supplemental response brief by June 25, 2001.  *Id*.  Disagreements as to the scope of the limited discovery arose during the deposition of Defendant Varnado.  As a result of those disagreements, the discovery and supplemental briefing deadlines could not be met.

B.  Discussion

The limited discovery should be directed to the issue of whether Defendant Varnado's alleged misconduct occurred while she was acting as a guardian *ad litem*.  The limited discovery should focus on whether Defendant Varnado's alleged misconduct was committed in the course of Defendant Varnado's duties as a guardian *ad litem* and whether those duties were functionally

2

equivalent to judicial actions.  In other words, the limited discovery should address whether Defendant Varnado's alleged misconduct occurred while she was acting as an arm of the state court.

IT IS ORDERED that:

1.  Plaintiffs' Motion for Protective Order Clarifying Scope of Discovery (Doc. No. 141) is granted;

2. Plaintiffs' Motion for Extension of Time for Completion of Rule 56(f) Discovery (Doc. No. 139) is granted;

3.  the Plaintiffs' request for a hearing is denied;

4.  Plaintiffs must complete the limited discovery by July 24, 2001;

5.  once the Plaintiffs have completed this limited discovery, the Plaintiffs may supplement their response brief to Defendant Varnado's Motion for Summary Judgment (Doc. No. 72) by August 8, 2001; and

6.  Defendant Varnado may supplement her reply brief to the supplemental response brief by August 20, 2001.


_____

CHIEF UNITED STATES DISTRICT JUDGE

3