IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REYNALD LOPS, individually and on behalf
of his minor daughter, MARIA-RENÉE LOPS;
VICTORIA LOPS, individually and on behalf
of her minor daughters, CRISTEN VAN HORN
and MARIA RENÉE LOPS; and JACOB VAN HORN,

       Plaintiffs,

vs.                                      Civ. No. 00-1268 JP/LFG

ALFRED HABERMAN, individually and in his
official capacity as an agent of CHILDREN YOUTH
& FAMILIES DEPARTMENT; DEBBIE CLARK,
individually and in her official capacity as an agent of
CHILDREN YOUTH & FAMILIES DEPARTMENT;
DEBORAH HARTZ, in her official capacity as Secretary
of CHILDREN YOUTH & FAMILIES DEPARTMENT;
VERONICA MONTAÑO PILCH, individually and in her
official capacity as an agent of CHILDREN YOUTH
& FAMILIES DEPARTMENT and as COURT APPOINTED
SPECIAL ADVOCATE; ANGELA VERNADO, individually
and as an agent of CHILDREN YOUTH & FAMILIES DEPARTMENT
and as GUARDIAN AD LITEM of CRISTEN VAN HORN;
BRIAN LINK, individually and in his official capacity as an
agent of the CITY OF RIO RANCHO, RIO RANCHO DEPARTMENT
OF PUBLIC SAFETY; JOHN DOES 1-15, individually and in their
official capacities as agents of the CITY OF RIO RANCHO,
RIO RANCHO DEPARTMENT OF PUBLIC SAFETY; JANE DOES
1-15, individually and in their official capacities as agents of the CITY
OF RIO RANCHO, RIO RANCHO DEPARTMENT OF PUBLIC
SAFETY; and DENNY HAYCOX, individually and in his official
capacity as Director of the RIO RANCHO DEPARTMENT OF PUBLIC SAFETY,

       Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

On April 17, 2001, Defendants City of Rio Rancho, Rio Rancho Department of Public

Safety, Brian Link, and Dencil Haycox (Rio Rancho Defendants) filed Rio Rancho Defendants'

Motion for Partial Summary Judgment No. III:  Dismissal of All of Plaintiffs' Remaining Federal and State Claims Based on Their Failure to File Their Complaint Within the Applicable Statute of Limitations (Doc. No. 122).[1]  Having reviewed the briefs and relevant law, I find that this third motion for partial summary judgment should be denied.

A.  Background

  This lawsuit involves allegations of child abuse by Plaintiff Reynald Lops against his stepdaughter Cristen Van Horn[2] and the eventual removal of Cristen Van Horn from the family home.  The first alleged incident of child abuse occurred on May 18, 1997 when Plaintiff Reynald Lops disciplined Cristen Van Horn by spanking her with a belt.  There is a question of fact as to whether the spanking was severe enough to bruise Cristen Van Horn.  Cristen Van Horn made subsequent statements that she hit herself to produce a bruise so she could gain sympathy from her mother, Plaintiff Victoria Lops.

  A teacher noticed the bruising on Cristen Van Horn and reported it to the police.  Defendants Link (a detective employed by the Rio Rancho Department of Public Safety (RRDPS)), Haberman (a supervising social worker employed by Children, Youth, and Families Department (CYFD)), and Clark (a social worker employed by CYFD) investigated the spanking incident.  On June 17, 1997, Defendant Haberman mailed a letter to Plaintiff Reynald Lops informing him that the CYFD determined that the allegation of physical abuse, i.e., the spanking,

---

[1]The Plaintiffs mistakenly believe that Defendant Varnado joined in the Rio Rancho Defendants' third motion for partial summary judgment.  In fact, Defendant Varnado had joined in the Rio Rancho Defendants' first motion for partial summary judgment.  *See* Order (Doc. No. 102), filed March 15, 2001.

[2]Cristen Van Horn's claims against the Defendants were dismissed with prejudice on June 6, 2001 (Doc. No. 140).

was substantiated and he could appeal this determination.  On June 18, 1997, Plaintiff Reynald

Lops went to the RRDPS Administration Building in an attempt to meet with Defendant Haycox,

Director of the RRDPS.  Plaintiff Reynald Lops initially met with RRDPS Lt. Larry Tatum and

then met with RRDPS Sgt. Arlen Norby.  Plaintiff Reynald Lops expressed to Sgt. Norby his

concerns about the negative effect that Defendant Link's investigation could have on his United

States Air Force career.  On June 19, 1997, Sgt. Norby provided Plaintiff Reynald Lops with a

preliminary draft of Defendant Link's Incident Report.  By July 10, 1997, Plaintiff Reynald Lops

had submitted to RRDPS a written complaint about Defendant Link's investigation of the

spanking incident.  The complaint alleged that Defendant Link's report was inaccurate and

contained fabrications.  The complaint also suggested that the report was skewed because of

Plaintiff Reynald Lops' race and that Defendant Link caused Plaintiff Reynald Lops' children to

have a severe moral crisis. On July 10, 1997, Defendant Haycox assigned Sgt. Norby to

investigate Plaintiff Reynald Lops' complaint.  On July 14, 1997, Sgt. Norby prepared a report

which concluded that Defendant Link properly investigated the spanking incident.

On November13, 1997, a Grand Jury indicted Plaintiff Reynald Lops of child abuse

(intentionally caused, no great bodily harm), or in the alternative child abuse (negligently caused),

and aggravated battery against a household member.  In May 1998, Defendant Link and CYFD

conducted another investigation of Plaintiff Reynald Lop with respect to other alleged batteries

and sexual abuse of Cristen Van Horn.  On May 29, 1998, the CYFD filed a Neglect/Abuse

Petition in Children's Court naming Plaintiffs Reynald and Victoria Lops as respondents.  The

Neglect/Abuse Petition was based on the other allegations that Plaintiff Reynald Lops had

physically and emotionally abused Plaintiff Cristen Van Horn. The Neglect/Abuse Petition further

3

alleged that Plaintiff Victoria Lops failed to report the abuse or to protect Plaintiff Cristen Van Horn from Plaintiff Reynald Lops' abuse.  On July 17, 1998, the Children's Court Judge entered a Stipulated Judgment in which Plaintiffs Reynald Lops and Victoria Lops entered pleas of no contest to the allegations presented in the Neglect/Abuse Petition.  The Stipulated Judgment also contained the Children's Court Judge's determination that Plaintiff Cristen Van Horn was neglected and abused; and that Plaintiff Cristen Van Horn should remain in the custody of the CYFD.

In February 1999, the United States Air Force held a general court-martial of Plaintiff Reynald Lops on the allegations of battery and sexual abuse arising from the May 1998 investigation. The court-martial resulted in a finding of not guilty.  On March 9, 1999, Plaintiff Reynald Lops agreed to enter an *Alford* plea to Count I of the Sandoval County Grand Jury indictment.  In exchange for the *Alford* plea, the prosecution dismissed the remaining charges against Plaintiff Reynald Lops and dismissed all charges against Plaintiff Victoria Lops.  As a result of his *Alford* plea, the state court placed Plaintiff Reynald Lops on supervised probation for a three year period.

In January 2000, the United States Air Force held a Board of Inquiry with respect to the 1997 spanking incident that had been considered by the Sandoval County Grand Jury.  The Board of Inquiry found that Plaintiff Reynald Lops "did not commit serious misconduct punishable by civilian or military authorities ... consisting of child abuse."  The Board of Inquiry also determined to retain Plaintiff Reynald Lops in the Air Force.  The Plaintiffs filed this lawsuit on August 31, 2000.

4

B.  Standard of Review

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).  An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Bacchus Indus., Inc.*, 939 F.2d at 891.

C.  Discussion

The Rio Rancho Defendants argue that the Plaintiffs have not met the statute of limitations for the following claims:

--Plaintiffs Victoria Lops, Maria Renee Lops, and Jacob Van Horn's First Amendment claims,

--Plaintiff Reynald Lops' Sixth Amendment confrontation clause and compulsory process clause claims based on the actions of Defendant Link during the court-martial proceeding,

--Plaintiffs' Fourteenth Amendment procedural due process claims,

--Plaintiffs' Fourteenth Amendment right to good reputations claims,

--Plaintiffs' Fourteenth Amendment right to familial association claims,

--Plaintiff Victoria Lops' Fourteenth Amendment *Brady* claim with respect to her state court criminal proceedings and Plaintiff Reynald Lops' Fourteenth Amendment *Brady* claim with respect to his court-martial,

--Plaintiffs' Fourteenth Amendment equal protection claims,

--Plaintiffs' 42 U.S.C. §1983 malicious prosecution claims and state malicious abuse of process claims,

--Plaintiffs' 42 U.S.C. §1983 conspiracy claims, and

--Plaintiffs' 42 U.S.C. §1985 conspiracy claims (except for Plaintiff Reynald Lops' §1985 claim that related to his state court criminal proceeding which was dismissed, *see* (Doc. No. 113)).  In addition to requesting to dismiss all of these claims, the Rio Rancho Defendants ask the Court to award them attorney's fees and costs for filing this third motion for partial summary judgment.

1.  The Federal Claims

The applicable statute of limitations for a §1983 civil rights action in New Mexico is three years. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985); NMSA 1978, §37-1-8 (1880).  This statute of limitations also applies to §1985 claims.  *See, e.g., Merrigan v. Affiliated Bankshares of Colorado, Inc.*, 775 F.Supp.1408, 1411 (D. Colo. 1991), *aff'd by* 956 F.2d 278 (10th Cir. 1992); *Crosswhite v. Brown*, 424 F.2d 495, 496 (10th Cir. 1970).  Although state law governs the length of the statute of limitations for federal claims, federal law determines when the federal claims accrue.  *See Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995).  A §1983 "'civil rights action

accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Smith v. City of Enid By and Through Enid City Com'n*, 149 F.3d 1151, 1154 (10th Cir. 1998)(quoting *Baker v. Board of Regents of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993)). "Since the injury in a §1983 case is the violation of a constitutional right, such claims accrue 'when the plaintiff knows or should know that his or her constitutional rights have been violated.' This requires the court to 'identify the constitutional violation and locate it in time.'" *Id.* (quoting *Lawshe v. Simpson*, 16 F.3d 1475, 1478 (7th Cir. 1994)). A §1985 conspiracy action accrues when the defendant commits the last overt act of the alleged conspiracy. *Crosswhite*, 424 F.2d at 496-97.

> a. Plaintiffs Victoria Lops, Maria Renee Lops, and Jacob Van Horn's First Amendment claims.

In regard to their First Amendment claims these Plaintiffs allege that Defendants Link, Haberman, Clark, Varnado, and Pilch "retaliat[ed] against Plaintiffs' open criticism and expression of their beliefs and by intercepting and censoring communications between Reynald and Victoria Lops and Cristen Van Horn. ... Through their actions Defendants intended to and did in fact have a chilling effect on Plaintiffs' and other witnesses' willingness to speak out on behalf of Plaintiffs and against Defendants." ¶¶s 140-141 of First Amended Complaint for Damages Resulting from Civil Rights Violations and Tortious Conduct and for Injunctive and Declaratory Relief (Doc. No. 16), filed Oct. 30, 2000. The Rio Rancho Defendants argue that the Plaintiffs knew that the Rio Rancho Defendants retaliated against them for their "open criticism" of Defendant Link's investigation of the spanking incident and religious beliefs before July 10, 1997, more than three years before the Plaintiffs filed this lawsuit.

The undisputed facts show that Plaintiff Reynald Lops openly criticized Defendant Link's investigation of the spanking incident before July 10, 1997.  The undisputed facts, however, do not indicate that Plaintiffs Victoria Lops, Maria Renee Lops, and Jacob Van Horn openly criticized Defendant Link's investigation of the spanking incident prior to August 31, 1997.  There is also no evidence that Plaintiffs Victoria Lops, Maria Renee Lops, and Jacob Van Horn expressed their religious beliefs to Defendant Link prior to August 31, 1997.  Lastly, there is no evidence that the Rio Rancho Defendants intercepted and censored communications between Plaintiff Victoria Lops and Cristen Van Horn prior to August 31, 1997.  Plaintiffs Victoria Lops, Maria Renee Lops, and Jacob Van Horn could not have known nor should they have known of a violation of their First Amendment rights prior to August 31, 1997.  Consequently, the statute of limitations does not bar the First Amendment claims brought by Plaintiffs Victoria Lops, Maria Renee Lops, and Jacob Van Horn.

> b. Plaintiff Reynald Lops' Sixth Amendment confrontation clause and compulsory process clause claims based on the actions of Defendant Link during the court-martial proceeding.

The court-martial proceeding was based on Defendant Link's May 1998 investigation and did not actually occur until February 1999.  Accordingly, Plaintiff Reynald Lops could not have known nor should he have known of his Sixth Amendment claims prior to August 31, 1997.  Plaintiff Reynald Lops' Sixth Amendment confrontation clause and compulsory process clause claims based on the actions of Defendant Link during the court-martial proceeding do not violate the statute of limitations.

      c.  Plaintiffs' Fourteenth Amendment procedural due process and right to good reputations claims.

The First Amended Complaint alleges that the Rio Rancho Defendants violated the Plaintiffs' right to due process under the Fourteenth Amendment by "concealing and misrepresenting material facts in the prosecution of Plaintiffs, permanently separating Plaintiffs from Cristen Van Horn and violating Plaintiffs' liberty interests."  ¶144 of First Amended Complaint.  The First Amended Complaint also alleges that the "Plaintiffs had a clearly established liberty interest in not having their good reputations sullied by Defendants' illegal conduct."  *Id*. at ¶154. The undisputed facts show that Plaintiff Reynald Lops believed prior to August 31, 1997 that Defendant Link's investigation of the spanking incident was inaccurate and misleading.  The undisputed facts further show that Plaintiff Reynald Lops was concerned about how the allegations of child abuse would affect his military career.  However, there is no evidence that prior to August 31, 1997 Plaintiff Reynald Lops either requested a hearing or was denied a request for a hearing on the issues of Defendant Link's alleged inaccurate investigative report and Plaintiff Reynald Lops' reputation.  Plaintiff Reynald Lops' complaint to RRDPS was promptly investigated in July 1997 and he had an opportunity to appeal the CYFD determination of physical abuse in June 1997.  Moreover, Cristen Van Horn was not separated from the family home until 1998.  The Plaintiffs, therefore, had no reason to know nor any reason to believe that they had a procedural due process claim prior to August 31, 1997.  The procedural due process claims are not barred by the statute of limitations.

      d. Plaintiffs' Fourteenth Amendment right to familial association claims.

The First Amended Complaint alleges that the Rio Rancho Defendants interfered "with

Plaintiffs' familial relationship with their daughter and sister, by permanently removing Cristen Van Horn from the Lops' home and by imposing Defendants' own religious and moral values on Cristen Van Horn and by denying Plaintiffs their right to raise their daughter in accordance with their own religious and moral values."  ¶145 of First Amended Complaint.  Since Cristen Van Horn was not removed from the family home until after August 31, 1997, the portion of the familial association claim alleging removal of Cristen Van Horn from the family home and denial of the Plaintiffs' right to raise their daughter as they see fit is not untimely.  In his July 1997 complaint to RRDPS, Plaintiff Reynald Lops stated that Defendant Link's conduct in investigating the spanking incident caused a severe moral crisis for his children.  Even if creation of a moral crisis is sufficient to establish an interference with the right to familial association, a cause of action based on the right to familial association also requires evidence that Defendant Link willfully or intentionally interfered with the family relationship.  *See J. B. v. Washington County*, 127 F.3d 919, 927 (10th Cir. 1997).  The Rio Rancho Defendants did not present any evidence that Defendant Link acted willfully or intentionally to interfere with the family relationship prior to August 31, 1997.  Simply investigating a matter is not proof of an intent to interfere with the right to familial association.  *Id*. at 927-28.  The Plaintiffs, therefore, had no reason to know nor any reason to believe that they had a familial association claim before August 31, 1997.  The familial association claim is not barred by the statute of limitations.

> e. Plaintiff Victoria Lops' Fourteenth Amendment *Brady* claim with respect to her state court criminal proceedings and Plaintiff Reynald Lops' Fourteenth Amendment *Brady* claim with respect to his court-martial.

The Rio Rancho Defendants did not present evidence that Plaintiff Victoria Lops knew prior to August 31, 1997 that her husband complained in July 1997 to the RRDPS that he

believed Defendant Link failed to investigate all of the evidence concerning the spanking incident.

There is also no evidence that Plaintiff Victoria Lops independently knew or should have known

prior to August 31, 1997 that Defendant Link allegedly failed to investigate all of the evidence

related to the spanking incident.  The statute of limitations, therefore, does not bar Plaintiff

Victoria Lops' *Brady* claim.  Moreover, Plaintiff Reynald Lops' *Brady* claim is timely, because it

concerns the May 1998 investigation and subsequent court-martial, events which occurred after

August 31, 1997.

f.  Plaintiffs' Fourteenth Amendment equal protection claims.

The First Amended Complaint alleges that the Rio Rancho Defendants "deprived Plaintiff

[sic] of their Fourteenth Amendment rights to equal protection under the laws by discriminating

against them on the basis of race and ethnic origin."  ¶146 of First Amended Complaint.  This

claim is interpreted to be a selective prosecution claim based on race.  To establish a selective

prosecution claim, a plaintiff must show by a preponderance of the evidence that 1) others

similarly situated have not been prosecuted, and 2) the selection was based on intentional,

purposeful discrimination stemming from impermissible considerations like race.  *Barton v.*

*Malley*, 626 F.2d 151, 155 (10th Cir. 1980).  Here, although there is evidence prior to August 31,

1997 that Plaintiff Reynald Lops believed he was unfairly investigated because of his race, there is

no evidence that prior to August 31, 1997, Anglo persons similarly situated to the Plaintiffs were

not prosecuted as Plaintiffs Reynald and Victoria Lops were.  There is likewise no evidence that

Defendant Link engaged in purposeful discrimination against the Plaintiffs prior to August 31,

1997.  The Plaintiffs, therefore, could not have known nor should they have known that they had

a selective prosecution claim prior to August 31, 1997.  The statute of limitations does not bar the

selective prosecution claim.

       g.  Plaintiffs' 42 U.S.C. §1983 malicious prosecution claims.

Plaintiffs' §1983 malicious prosecution claims as to the state court criminal and civil cases have now been dismissed.  Memorandum Opinion and Order (Doc. No. 127), filed May 2, 2001. Whether the statute of limitations bars those §1983l malicious prosecution claims is, therefore, a moot issue.  However, Plaintiff Reynald Lops still has a §1983 malicious prosecution claim as to the court-martial proceeding.  As noted before, the court-martial proceeding was based on the May 1998 investigation which occurred within the three year statute of limitations. The statute of limitations, therefore does not bar that §1983 malicious prosecution claim.

       h.  Plaintiffs' 42 U.S.C. §1983 and §1985 conspiracy claims (except for Plaintiff Reynald Lops' §1985 claim that related to his state court criminal proceeding which was dismissed).

As explained above, a conspiracy cause of action accrues when the last overt act of the alleged conspiracy is carried out.  *Crosswhite*, 424 F.2d at 496-97.  The First Amended Complaint alleges a conspiracy which "prevented Cristen Van Horn from returning to the family home...." ¶89 of First Amended Complaint.  The First Amended Complaint also alleges a conspiracy to deprive the "Plaintiffs of their First, Fourth, Sixth and Fourteenth Amendment rights" and to violate state statutory and common law.  *Id*. at ¶¶155 and 159.  The last overt act of the alleged conspiracy involving the Rio Rancho Defendants arguably was when the court-martial was held in February 1999.  This event occurred within the three year statute of limitations.  Consequently, the statute of limitations does not bar the remaining conspiracy claims.

12

2.  Plaintiffs' state malicious abuse of process claims

Plaintiffs' state malicious abuse of process claims as to the state court criminal and civil cases have also been dismissed.  Memorandum Opinion and Order (Doc. No. 127), filed May 2, 2001.  Whether the statute of limitations bars those state malicious abuse of process claims is a moot issue.  However, Plaintiff Reynald Lops still has a state malicious abuse of process claim as to the court-martial proceeding.  As previously stated, the court-martial proceeding was based on the May 1998 investigation which occurred within the three year statute of limitations. The statute of limitations, therefore, does not bar that state malicious abuse of process claim.

3.  Attorney's Fees and Costs

Since this third motion for partial summary judgment will be denied, an award of attorney's fees and costs to the Rio Rancho Defendants is not warranted.

IT IS ORDERED that Rio Rancho Defendants' Motion for Partial Summary Judgment No. III:  Dismissal of All of Plaintiffs' Remaining Federal and State Claims Based on Their Failure to File Their Complaint Within the Applicable Statute of Limitations (Doc. No. 122) is denied.


_____
CHIEF UNITED STATES DISTRICT JUDGE


13