IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REYNALD LOPS et al.,

        Plaintiffs,

vs.                                                     CIVIL NO. 00-1268 JP/LFG-ACE

ALFRED HABERMAN et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## STAYING DEPOSITION OF CRISTEN VAN HORN
## AND CALLING FOR BRIEFING ON ISSUE OF ALLEGED CONFLICT

THIS MATTER is before the Court following an emergency telephonic hearing conducted at the Plaintiffs' request to resolve discovery disputes.[1]

### Areas of Concern

At the telephonic hearing, the parties raised numerous concerns arising from Plaintiffs' desire to take the deposition of Cristen Van Horn. First is the fact that Ms. Van Horn's whereabouts are unknown to Plaintiffs and they cannot therefore serve a subpoena on her. Second, the parties agreed to designate a member of the bar to serve as a "special master" to oversee the deposition and to resolve any difficulties that may arise; however, they are unable to agree on the role of the "special

---

[1] No formal motion was filed. This is in accord with the Court's invitation to counsel at a Rule 16 scheduling conference that most discovery matters can be resolved in telephonic hearings without the need of extensive motion practice, briefing, or incurring substantial attorney fees. It's the Court's practice, after announcing its ruling on a discovery dispute, to determine if any party needs to have an order issued so as to allow that party to seek appellate review. In this case, no party wanted an order for appellate review, but did want an order entered to ensure that the parties' future conduct would be in compliance with the Court's order. These expedited discovery proceedings are conducted in an effort to accomplish the goals of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*

master." Finally, Defendants raise an issue of conflict of interest which, they argue, makes it inappropriate for Plaintiffs' counsel to proceed with the deposition of Ms. Van Horn. The Court agrees that a conflict of interest issue has arisen in this case which may preclude further representation by Plaintiff's counsel, and the Court will therefore stay the deposition of Ms. Van Horn pending briefing from the parties on this issue.

## Background

The gravamen of Plaintiffs' complaint is that Ms. Van Horn was improperly and illegally removed from her home and from the care, custody and control of Mr. and Mrs. Lops, following alleged false allegations of abuse, and as a result, all of the Plaintiffs, including Ms. Van Horn, suffered deprivations of state and federal constitutional rights, and state and federal statutory rights.

At the Rule 16 scheduling conference conducted in this case, Defendants first raised the claim that Ms. Van Horn no longer wished to proceed with the litigation and that the Plaintiffs' law firm was representing her without her consent. The Dixon, Scholl & Bailey firm advised that it did not have direct contact with Ms. Van Horn and wanted to deliver a letter to her outlining information about the case, advising her of rights, providing contact information, and asking her for concurrence to proceed. The arrangements to deliver this letter were made through attorney Randy Felker. Subsequently, Cristen Van Horn, acting *pro se*, filed a motion to be dismissed from this litigation [Doc. 138], and on June 6, 2001, the Court dismissed her as a party [Doc. 140].

Ms. Van Horn has subsequently submitted an affidavit to the Court, testifying that Reynald Lops physically abused her and sexually molested her on numerous occasions while she was a child.[2]

---

[2] The affidavit was faxed to the Court prior to the telephone conference. The original has not yet been filed. To ensure completeness of the record, the original affidavit should be filed with the Court within ten days.

She alleged:

> Lops has sexual molested me. On several occasions, he crawled into bed with me (under the covers), and rubbed my bare stomach and breasts, under my night clothing. He offered to teach me to masturbate and sexually propositioned me. This sexual molestation occurred when I was in my early teens.

(Van Horn Affidavit, ¶ 3).

Ms. Van Horn testified that she was beaten on numerous occasions (¶ 4). She further alleges that her mother, Victoria Lops, was complicit in that she "was a willing participant and observer for many of these instances of my physical abuse and intimidation by Lops" and took no steps to intercede to prevent Lops from beating or sexually molesting Van Horn (¶ 7).

It is clear that Ms. Van Horn will be a key, if not the pivotal, witness in the lawsuit. Clearly, if a fact finder credits her testimony, then action by the State to remove her from a dangerous and abusive environment, place her in another home, and prosecute those responsible for the alleged victimization will likely be deemed proper acts. Alternatively, if the fact finder determines that no physical or sexual abuse occurred, and that Cristen Van Horn either misrepresented what occurred, or was compelled to make untrue statements at the state's urging, Plaintiffs may well prevail.

In the interest of promoting full and fair discovery in this case, while at the same time protecting the interests of witnesses and parties and addressing ethical concerns, the Court makes the following clarifications and rulings.

### Service of Subpoena on Ms. Van Horn

Plaintiffs seek to depose Cristen Van Horn; however, they do not know her whereabouts, and Ms. Van Horn has resisted disclosing this information to Plaintiffs. The Plaintiffs, therefore, sought a ruling at the emergency telephonic hearing, as to whether service of a subpoena on attorney Randy

Felker would constitute service on Ms. Van Horn. Mr. Felker, however, is not Ms. Van Horn's attorney, but has assisted the Court and Plaintiffs' counsel in the past in delivering a letter from Plaintiffs' counsel to Ms. Van Horn. Mr. Felker indicated that he would attempt to deliver the subpoena and acceptance of service for Ms. Van Horn's signature, but was not authorized to accept service on her behalf.

The Court advised that the whereabouts of witnesses with relevant, discoverable evidence could not be kept secret except in extraordinary circumstances. Thus, if Ms. Van Horn were unwilling to accept the service of subpoena from Mr. Felker, the Court would consider entering an order requiring disclosure of her whereabouts to Plaintiffs' counsel. Even in that event, the Court would preclude Plaintiffs' counsel from disclosing that information to others, save for a process server, and would further require that any process server not disclose the whereabouts of Ms. Van Horn to any other individual.

### Use of a "Special Master"

The second area of the parties' concern involved anticipated difficulties during the proposed deposition. For that reason, they agreed to designate a member of the bar as a "special master" for purposes of overseeing the deposition. It is important to note that the term "special master" was selected by the parties, and the individual selected to oversee the deposition has not been deemed a "special master" by the Court. However, the Court has no objection to the parties so designating an individual to oversee the deposition and to ensure that it proceeds smoothly, efficiently and in compliance with appropriate rules of procedure.

The parties agreed that the Defendants would pay the cost of the special master, and the Court directed that the special master not be apprised as to who was paying these fees. The parties

further agreed that the Plaintiffs would not share in the payment of those expenses.

Next, the parties disagree on the role of the "special master." Defendants request that, prior to the deposition, he advise the deponent of her right to assert attorney-client privilege, raise conflict of interest, and of the risks of inadvertent disclosure of privileged information.[3] The parties also dispute the length of the deposition, with Plaintiffs asking for two days and Defendants requesting three hours.[4]

The Court agrees that imposing a responsibility on the special master to meet in advance of the deposition and to advise Ms. Van Horn of her rights may cast the special master in the role of an advocate, rather than a neutral, detached overseer. The special master's role is to ensure that the deposition proceeds efficiently and in accord with procedural rules governing the taking of depositions. He is to enforce the rules; he is to ensure that the examination is appropriately and fairly conducted; and he is to resolve disputes that may arise during the course of the deposition. As such, the Court believes it would be inconsistent with his responsibilities to provide legal advice to the deponent, as requested.

## **Conflict of Interest**

The final issue is perhaps the most important. It concerns the propriety of the Dixon, Scholl

---

[3] Indeed, the recommendation is in line with the Court's view that these matters should appropriately be raised prior to the deposition. Otherwise, all counsel will assemble, together with party representatives, and should the deponent decline to answer questions, as she is authorized to do under Resolution Trust Corp. v. Dabney, 73 F.3d 262 (10th Cir. 1995); American Hangar, Inc. v. BasicLine, Inc., 105 F.R.D. 173 (D. Mass. 1985); and the Federal Rules of Civil Procedure, a significant amount of time and money will be lost.

[4] This issue is resolved by the recent amendments to the federal rules, where a one-day, seven-hour limit is imposed on depositions. Fed. R. Civ. P. 30(d)(2).

5

& Bailey, P.A. law firm proceeding with this deposition altogether.[5] Defendants apprised the Court of the existence of what they term a bonafide conflict of interest and a potential violation of the Rules of Professional Responsibility. The alleged conflict arises because Dixon, Scholl & Bailey filed suit representing Cristen Van Horn. The introductory paragraph to Plaintiffs' Complaint [Doc. #1] indicates that the Dixon, Scholl & Bailey law firm was her counsel. Plaintiffs' law firm sought monetary damages on behalf of all Plaintiffs, including Cristen Van Horn, together with injunctive relief intended to benefit all Plaintiffs (Doc. #1, ¶ 27). The Complaint indicates that tort claim notices were submitted to Defendants on behalf all Plaintiffs and, therefore, on behalf of Ms. Van Horn as well (Doc. #1, ¶ 32). As Cristen Van Horn was a minor when the suit was filed, Cristen Van Horn's claims were brought by her mother, acting on the child's behalf.

As noted above, it is clear that Cristen Van Horn's testimony, and her credibility, are pivotal to the outcome of this lawsuit. At the telephonic conference, defense counsel advised the Court that Steven Scholl threatened to "destroy" the deponent Cristen Van Horn during the course of the deposition. Mr. Scholl vehemently disputes this characterization and states that he intends to attack her credibility and demonstrate that she lied about the alleged physical and sexual abuse. In any event, it is clear that Plaintiffs' lawyers will seek to undermine Ms. Van Horn's credibility and attack her prior statement in an effort to succeed in this litigation.

Clearly, if Dixon, Scholl & Bailey were counsel to Ms. Van Horn and represented her in this or in any other matter, the law firm owes a duty of loyalty, trust and confidentiality to her. That duty

---

[5] Subsequent to the telephonic conference, the Court faxed a letter to all counsel advising that the Court was deeply troubled by the issues relating to conflict of interest and professional responsibility. Thus, the Court stayed the Van Horn deposition and indicated that an order would be issued. The Court's letter is made part of the record.

continues even if the attorney-client relationship has been terminated. Rules of Professional Conduct, 16-106, N.M.R.A., ABA Comment ("The duty of confidentiality continues after the client-lawyer relationship has terminated"); Cole v. Ruidoso Mun. Sch., 43 F.3d 1373 (10th Cir. 1994). Thus, if Dixon, Scholl & Bailey represented Ms. Van Horn, they may not now take a position adverse to her interests, nor may they seek to discredit her testimony.

Dixon, Scholl & Bailey contend that they never represented Ms. Van Horn, and, instead, represented her mother. Further, they assert that they never established an attorney-client relationship with Ms. Van Horn, that they never had any attorney-client conferences, and that there is no professional ethical conflict that precludes them from taking Ms. Van Horn's deposition or representing the Plaintiffs in this case.

The allegations of professional conflict and breach of professional responsibility are serious, so much so that the Court determines that this matter must be resolved before the parties proceed further with the litigation. While the Court would prefer to have an attorney enter an appearance on behalf of Ms. Van Horn and specifically raise the conflict issue by a motion for protective order, the Court deems the allegations sufficiently troubling to require the present parties to brief the issues.

The Court may not ignore these claims simply because Ms. Van Horn is not represented by counsel. Therefore, in keeping with the Court's independent responsibilities under the Civil Justice Reform Act to expedite the ultimate disposition of cases, as well as its duty to initiate appropriate action when apprised of a possible breach of professional responsibilities, the Court orders that the proposed deposition of Cristen Van Horn is stayed and directs the present parties to brief the conflict of interest matter. Because attorney Bannerman first raised the issue in the telephonic conference, the Court will require Mr. Bannerman to submit the brief-in-chief addressing the Court's concerns.

Mr. Bannerman should file and serve his brief-in-chief within forty-five days; standard response and reply times are applicable.

The Court recognizes that remaining Defendants do not have standing to advocate on behalf of Ms. Van Horn. Accordingly, the Court is not considering these briefs as being filed on her behalf, but as briefs requested by the Court so that it may enter an order with regard to the potential conflict of interest, to the end that Ms. Van Horn's interests are protected while, at the same time, the parties are accorded a full opportunity to elicit her evidence and test her credibility.

The briefs should be directed to the following issues:

Whether there was an attorney-client relationship between Ms. Van Horn and Dixon, Scholl & Bailey;

Whether the representation of a parent, who brings a lawsuit on her own behalf and on behalf of her minor child, is equivalent to representation of the child;

Whether a conflict of interest exists even if no confidential communication was conveyed between Ms. Van Horn and the attorneys;

Whether the attorney-client relationship and corresponding duty to a client exists, notwithstanding that Ms. Van Horn is no longer a party to the lawsuit [Doc. 140];

Whether this alleged conflict precludes only Dixon, Scholl and Bailey's involvement in the deposition of Ms. Van Horn or, given the fact that her testimony is crucial to the litigation and that Plaintiffs must effectively discredit her testimony in order to prevail, whether the conflict precludes Dixon, Scholl & Bailey from representing the Plaintiffs in this case;

Whether, if the Court should find a conflict and determine that Dixon, Scholl & Bailey may not represent Plaintiffs, these attorneys are precluded from providing to other potential attorneys

information which was gained during, or as a result of, their attorney-client relationship with the Plaintiffs in this case;

And finally, the Court directs the parties to set forth proposals for conduct of any deposition of Ms. Van Horn which will not only ensure that her interests are protected but will also enable the parties to conduct full discovery of her testimony.

IT IS THEREFORE ORDERED that, until such time as the issue of conflict is resolved, Ms. Van Horn's deposition is stayed.

IT IS FURTHER ORDERED that attorney Bannerman will serve and file a brief in chief, addressing the matters listed above, within 45 days of the date of this order. Plaintiffs' counsel may file a response within fourteen days, and attorney Bannerman will have fourteen days following the response to file a reply.

                                                    _____
                                                    Lorenzo F. Garcia
                                                    United States Magistrate Judge