IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REYNALD LOPS, individually and on behalf
of his minor daughter, MARIA-RENÉE LOPS,
and VICTORIA LOPS, individually and on behalf
of her minor daughter, MARIA-RENÉE LOPS,
and JACOB VAN HORN,

    Plaintiffs,

vs.                                                           Civ. No. 00-1268 JP/LFG-ACE

ALFRED HABERMAN, individually,
DEBBIE CLARK, individually,
VERONICA MONTAÑO-PILCH, individually,
ANGELA VARNADO, individually and
formerly as GUARDIAN AD LITEM of CRISTEN
VAN HORN, BRIAN LINK, individually and in his
official capacity as an agent of the CITY OF RIO
RANCHO, RIO RANCHO DEPARTMENT OF
PUBLIC SAFETY, JOHN DOES 1-15 individually
and as agents of the CITY OF RIO RANCHO,
RIO RANCHO DEPARTMENT OF PUBLIC SAFETY,
JANE DOES 1-15 individually and as agents of the
CITY OF RIO RANCHO, RIO RANCHO
DEPARTMENT OF PUBLIC SAFETY, DENNY HAYCOX,
individually and in his official capacity as Director of RIO
RANCHO DEPARTMENT OF PUBLIC SAFETY, and
CITY OF RIO RANCHO,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On February 15, 2001, Defendant Angela Varnado filed Defendant Varnado's Motion for

Summary Judgment (Doc. No. 72). On May 2, 2001, the Court allowed the Plaintiffs to conduct

limited discovery on the issue of quasi-judicial immunity, an issue raised in Defendant Varnado's

Motion for Summary Judgment. Memorandum Opinion and Order (Doc. No. 126). The Court

also allowed counsel to file supplemental briefs on the issue of quasi-judicial immunity after the

limited discovery was conducted. *Id*. Those supplemental briefs have been filed. Doc. Nos. 155 and 159. Having reviewed the relevant law and the briefs, the Court finds that Defendant Varnado's Motion for Summary Judgment should be granted.

A. Background

The Plaintiffs are suing a myriad of persons who were involved in removing Cristen Van Horn, then a minor, from her family home. One of the Defendants is Angela Varnado. Defendant Varnado first knew about Cristen and her family on May 29, 1998 when she was appointed guardian ad litem for Cristen in an abuse and neglect proceeding initiated by the Children, Youth, and Family Department (CYFD) on May 29, 1998. CYFD had taken temporary custody of Cristen Van Horn on May 26, 1998.

On August 25, 1998, the Children's Court dismissed the abuse and neglect proceeding because the Children's Court had granted custody of Cristen to her biological father, Scott Van Horn, who lived in Tennessee. The Children's Court, however, ordered that CYFD keep protective supervision of the case for the following three months. Defendant Varnado believed that since the Children's Court dismissed the abuse and neglect proceeding her appointment as Cristen's guardian ad litem was terminated.

Shortly thereafter, Scott Van Horn decided he no longer wanted custody of Cristen. On October 6, 1998, the Children's Court issued an ex parte order ordering CYFD to take Cristen into custody upon her return to New Mexico. After Cristen was returned to CYFD custody, Defendant Varnado resumed her duties as Cristen's guardian ad litem on October 14, 1998. Defendant Varnado apparently continued to serve as Cristen's guardian ad litem until Cristen reached the age of majority.

The Plaintiffs allege that Defendant Varnado's actions along with the actions of other Defendants violated their constitutional rights under 42 U.S.C. §§1983 and 1985. The Plaintiffs also allege that Defendant Varnado and other Defendants engaged in malicious abuse of process and caused the Plaintiffs to suffer from intentional infliction of emotional distress.

B. Summary Judgment Standard

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Bacchus Indus., Inc.*, 939 F.2d at 891.

C. Discussion

Defendant Varnado argues that she is entitled to absolute quasi-judicial immunity for her actions as a guardian ad litem. Defendant Varnado also argues that the Plaintiffs' allegations of conspiracy are insufficient to defeat her defense of quasi-judicial immunity. Defendant Varnado

3

further argues that those actions not made in her capacity as a guardian ad litem were insufficient as a matter of law to give rise to any liability to Plaintiffs. Finally, Defendant Varnado argues that the §1983 claim against her fails because as a guardian ad litem she is not a state actor.

As an initial matter, the Plaintiffs argue that the Affidavit of Angela Varnado in Support of Motion for Summary Judgment (attached to Defendant Angela J. Varnado's Memorandum Brief in Support of her Motion for Summary Judgment (Doc. No. 73), filed Feb. 15, 2001) is incompetent and that the motion for summary judgment should be denied because it is based on an incompetent affidavit. The Plaintiffs contend that the affidavit purports to state facts of which Defendant Varnado has no personal knowledge, offers inadmissible hearsay evidence, and offers evidence which is inadmissible under the best evidence rule. Defendant Varnado asserts that the alleged hearsay statements are not hearsay because they are not offered to "prove the truth of the matter asserted" but are offered to show Defendant Varnado's state of mind. Defendant Varnado addresses the best evidence issue by attaching documents to Defendant Varnado's Reply to Plaintiffs' Response in Opposition to Varnado's Motion for Summary Judgment (Doc. No. 124), filed April 17, 2001, and providing an Appendix of documents to the Plaintiffs. The Court finds that Defendant Varnado's initial affidavit is not incompetent and cannot serve as a basis for denying this motion for summary judgment.

    1. Quasi-Judicial Immunity

"In deciding questions of immunity, the Court has taken a functional approach after considering the history of common law immunity." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990), *cert. denied*, 499 U.S. 976 (1991). *See also Speilman v. Hildebrand*, 873 F.2d 1377, 1381 (10th Cir. 1989). In New Mexico, the New Mexico Supreme Court held that under a

4

functional approach a guardian ad litem is absolutely immune from suit if the guardian ad litem does not depart from the scope of his or her appointment as a functionary of the court. *Collins on Behalf of Collins v. Tabet*, 111 N.M. 391, 395-96, 806 P.2d 40, 44-45 (1991). "[A] guardian ad litem would be absolutely immune in exercising functions such as testifying in court, prosecuting custody or neglect petitions, and making reports and recommendations to the court in which the guardian acts as an actual functionary or arm of the court, not only in status or denomination but in reality." *Id*. at 396, 806 P.2d at 45. The burden of proving quasi-judicial immunity lies with the person asserting it. *Id*. at 403, 806 P.2d at 52.

Defendant Varnado argues that during the times she acted as Cristen's guardian ad litem her actions with respect to Cristen and her family were limited to those actions a guardian ad litem would engage in as an arm of the court. Those actions included:

> (a) periodic communication and discussion with assigned CYFD social worker regarding Cristen's status and progress pursuant to court-ordered treatment plans and placements, and review of related reports by CYFD personnel; (b) attendance at the District Attorney's interview and motion hearing...(c) attendance and participation in court hearings related to the civil abuse and neglect proceedings; (d) the approval and/or filing of various pleadings associated with the civil abuse and neglect proceedings, and related correspondence; (e) the making of reports and recommendations to the court, in accordance with my statutory responsibilities as Guardian Ad Litem for Cristen, including the presentation of any information regarding Cristen's custody, placement, treatment, care and supervision that, in my independent professional judgment, had a bearing on Cristen's best interests; and (f) communications with Ms. Montaño-Pilch regarding Cristen's status and progress under her treatment plans. ... I spoke occasionally with Cristen's foster parents, shelter personnel, and semi-independent living supervisors regarding Cristen's status and progress, as well as with the attorneys for Reynald and Victoria Lops.

¶¶s 33 and 34 of Affidavit of Angela Varnado in Support of Motion for Summary Judgment (attached to Defendant Angela J. Varnado's Memorandum Brief in Support of her Motion for Summary Judgment). The Plaintiffs, however, argue that quasi-judicial immunity does not apply

5

to Defendant Varnado because she was parroting Cristen's wishes to the state court and Defendant Varnado's actions were sympathic to the CYFD, the State, and the Rio Rancho Department of Public Safety. The Plaintiffs also argue that Defendant Varnado was not acting as a functionary of the court but was instead engaged in a quasi-prosecutorial action when she sided with the State with regard to a motion to disclose psychotherapist records filed in the criminal case against Plaintiffs Reynald and Victoria Lops. In addition, the Plaintiffs argue that quasi-judicial immunity does not apply to Defendant Varnado because she was engaged in quasi-prosecutorial and investigative functions by being kept informed of the progress of the criminal proceedings against Plaintiffs Reynald and Victoria Lops. The Plaintiffs further allege that Defendant Varnado was acting outside her role as a guardian ad litem when she along with Defendants Haberman, Clark, and Montaño-Pilch allowed Cristen to go to Tennessee to live with Scott Van Horn without the Children's Court's consent or knowledge. Lastly, the Plaintiffs allege that Defendant Varnado went beyond her duties as a functionary of the court by investigating issues raised about Defendant Montaño-Pilch.

Whether Defendant Varnado was parroting the wishes of Cristen, CYFD, the State, or the Rio Rancho Public Safety Department is an issue addressing the quality of Defendant Varnado's work as a guardian ad litem. The allegation of parroting alone is not indicative of whether Defendant Varnado was acting outside the scope of her duties as a guardian ad litem. In fact, absolute "immunity applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive." *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989). Moreover, a guardian ad litem is required to "present the child's declared position to the court...." 1978 NMSA §32A-1-7(D)(2) (1993). Likewise, "[i]t is of no

6

consequence if, in the exercise of his or her independent judgment on behalf of the minor, the guardian ad litem arrives at a position of advocacy which corresponds with the objectives of the state in the abuse or neglect proceeding." *Meeker v. Kercher*, 782 F.2d 153, 155 (10th Cir. 1986).

The Plaintiffs' argument that Defendant Varnado acted outside the scope of her duties as a court functionary when she opposed disclosing the psychotherapist's records in the criminal proceeding against Plaintiffs Reynald and Victoria Lops is also without merit. It is undisputed that the Children's Court expressly requested that Defendant Varnado participate in the criminal hearing regarding the disclosure of the psychotherapist's records. ¶17 of Supplemental Affidavit of Angela Varnado in Support of her Motion for Summary Judgment (Ex. A of Defendant Varnado's Reply to Plaintiffs' Response in Opposition to Varnado's Motion for Summary Judgment). Defendant Varnado was, therefore, acting under the auspices of the Children's Court by participating in that criminal hearing. Moreover, the mere fact that Defendant Varnado agreed with the State's position regarding the disclosure of the psychotherapist's records does not mean Defendant Varnado was acting outside her duties as a court functionary.

The Plaintiffs' argument that Defendant Varnado acted outside the scope of her duties as a guardian ad litem by being informed of the progress of the criminal proceedings against Plaintiffs Reynald and Victoria Lops is likewise without merit. A guardian ad litem is required to "communicate with health care, mental health care and other professionals involved with the child's case...." 1978 NMSA §32A-1-7(D)(3) (1993). In addition, CYFD "'routinely informs the Guardian ad Litem about all significant events relating to the child.'" *State ex rel. Childre, Youth and Families Dept. v. George F.*, 125 N.M. 597, 1998-NMCA-119 ¶13, *cert. denied*, No. 25,271

7

(1998) (quoting 8 NMAC 10.7.17.3.2 (July 1, 1997)). Accordingly, "when a court-appointed GAL [guardian ad litem] performs factual investigations about the child's case to inform the court on the child's circumstances, the GAL is functioning less as an advocate for the child's personal interests, and more an as arm of the court." *Id*. at ¶12. In this case, it was appropriate for Defendant Varnado as a guardian ad litem to keep informed of the progress of the criminal proceedings against Plaintiffs Reynald and Victoria Lops so that Defendant Varnado could keep the Children's Court informed of Cristen's family situation.

Plaintiffs' contention that Defendants Haberman, Clark, Varnado, and Montaño-Pilch allowed Cristen to leave New Mexico to live with Scott Van Horn in Tennessee prior to August 25, 1998, without the Children's Courts' permission, is misleading. As of July 17, 1998, the Children's Court was aware that Cristen was preparing to move to Tennessee. Guardian Ad Litem's Report and Recommended Additions to the Court Ordered Treatment Plan, filed July 17, 1998 (Ex. A3 of Defendant Angela J. Varnado's Memorandum Brief in Support of her Motion for Summary Judgment). The Children's Court, however, may not have wanted Cristen to actually leave until the Disposition was entered on August 25, 1998. Even if Defendant Varnado had failed to attempt to stop Cristen from leaving New Mexico until the Disposition was entered and that failure resulted in an action outside the purview of a court functionary, that action would have been harmless error in light of the Disposition allowing Cristen to go to Tennessee anyway.

The Plaintiffs' argument that Defendant Varnado acted outside the scope of her duties as a guardian ad litem by investigating issues raised about Defendant Montaño-Pilch is not factually supported. The only evidence presented on this issue is Defendant Varnado's deposition testimony that she did not conduct an investigation of Defendant Montaño-Pilch. Deposition of

Angela Varnado at 206 (Ex. 1 attached to Plaintiffs' Supplemental Response to Defendant Angela J. Varnado's Motion for Summary Judgment (Doc. No. 155), filed Aug. 8, 2001)).

Defendant Varnado further argues that any allegations of a conspiracy do not interfere with her quasi-judicial immunity defense. The Plaintiffs allege a conspiracy based on the numerous contacts Defendant Varnado had with other Defendants regarding the criminal prosecution of Plaintiffs Reynald and Victoria Lops as well as other "frequent, detailed and strategic communications with Defendants Haberman, Clark and Montaño-Pilch between June 1998 and at least July, 2000." *See* Plaintiffs' Supplemental Response to Defendant Angela J. Varnado's Motion for Summary Judgment at 8 (pages unnumbered) (Doc. No. 155, filed Aug. 8, 2001. The Plaintiffs also allege that Defendant Varnado was involved in a conspiracy with Defendant Montaño-Pilch to give Cristen a voodoo doll representing Plaintiff Reynald Lops.

Allegations of "a claim of conspiracy will not defeat the protection of derivative absolute immunity for actions taken pursuant to court orders." *Cok*, 876 F.2d at 3. In addition, to allege a claim of conspiracy the Plaintiffs "must allege specific facts showing an agreement and concerted action amongst the defendants." *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (citation omitted). As noted before, a guardian ad litem is required to communicate with professionals involved in the child's case. 1978 NMSA §32A-1-7(D)(3) (1993). Defendants Haberman, Clark, and Montaño-Pilch were all professionals involved in Cristen's custody case.[1] Defendant Varnado, therefore, was required to speak with and consult with these Defendants about Cristen's case. Furthermore, the Plaintiffs have failed to establish, by affidavit or other

---

[1]Defendants Haberman and Clark were social workers and Defendant Montaño-Pilch was a Court Appointed Special Advocate (CASA).

evidence, a factual basis for a conspiracy involving Defendant Varnado and any of the other Defendants.  Consequently, the claims of conspiracy against Defendant Varnado are subject to summary judgment and cannot adversely affect Defendant Varnado's quasi-judicial immunity.

      2.  Defendant Varnado's Actions Between August 25, 1998 and October 14, 1998

Defendant Varnado does not believe that she was Cristen's guardian ad litem from August 25, 1998 to October 14, 1998 because she believed that the case was dismissed on August 25, 1998.  Although the Children's Court ordered in its August 25, 1998 Disposition that CYFD "keep protective supervision of the case for the next three (3) months," it also found that "[t]here is no need for further intervention by this Court."   Ex. A4 (attached to Defendant Angela J. Varnado's Memorandum Brief in Support of her Motion for Summary Judgment).  Since there was no need for further intervention in the case by the Children's Court, it was reasonable for Defendant Varnado, at that time a functionary of the court, to conclude that she was no longer Cristen's guardian ad litem. Although Defendant Varnado was not acting as a guardian ad litem during the period from August 25, 1998 to October 14, 1998, she nonetheless had contacts with Defendant Haberman, Defendant Montaño-Pilch, Scott Van Horn, and Bunny Latham.  Those contacts involved whether Cristen was staying with Bunny Latham when she returned to New Mexico in September 1998 to testify at the Air Force proceedings against Plaintiff Reynald Lops, reports of the deteriorating relationship between Cristen and her father, and the possibility of CYFD taking Cristen back into CYFD custody.

Defendant Varnado's contacts during this time period are not subject to quasi-judicial immunity.  Defendant Varnado, however, argues that her contacts during that time period did not subject her to any legal liability. The Court agrees with Defendant Varnado.  None of those

contacts caused any legal harm to the Plaintiffs or Cristen. In fact, it is very likely that Cristen would have stayed with Bunny Latham in September 1998 and been returned to CYFD custody even if Defendant Varnado had not been involved in those contacts.

3. State Action Under §1983

A guardian ad litem is not a state actor for purposes of §1983. *Meeker*, 782 F.2d at 155. Defendant Varnado is, therefore, not liable under §1983 for her actions as guardian ad litem for this reason as well.

IT IS ORDERED that Defendant Varnado's Motion for Summary Judgment (Doc. No. 72) is granted.

                                                                                                                                                  /s/ James A. Parker
CHIEF UNITED STATES DISTRICT JUDGE