# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

REYNALD LOPS, individually and on behalf
of his minor daughter, MARIA-RENÉE LOPS,
and VICTORIA LOPS, individually and on behalf
of her minor daughter, MARIA-RENÉE LOPS,
and JACOB VAN HORN,

      Plaintiffs,

vs.                                                                    Civ. No. 00-1268 JP/LFG-ACE

ALFRED HABERMAN, individually,
DEBBIE CLARK, individually,
VERONICA MONTAÑO-PILCH, individually,
ANGELA VARNADO, individually and
formerly as GUARDIAN AD LITEM of CRISTEN
VAN HORN, BRIAN LINK, individually and in his
official capacity as an agent of the CITY OF RIO
RANCHO, RIO RANCHO DEPARTMENT OF
PUBLIC SAFETY, JOHN DOES 1-15 individually
and as agents of the CITY OF RIO RANCHO,
RIO RANCHO DEPARTMENT OF PUBLIC SAFETY,
JANE DOES 1-15 individually and as agents of the
CITY OF RIO RANCHO, RIO RANCHO
DEPARTMENT OF PUBLIC SAFETY, DENNY HAYCOX,
individually and in his official capacity as Director of RIO
RANCHO DEPARTMENT OF PUBLIC SAFETY, and
CITY OF RIO RANCHO,

      Defendants.

## MEMORANDUM OPINION AND ORDER

On July 9, 2001, Defendants City of Rio Rancho, Rio Rancho Department of Public
Safety, Brian Link, and Dencil Haycox (Rio Rancho Defendants) filed Rio Rancho Defendants'
Motion to Dismiss No. VI: Dismissal of Plaintiffs' Conspiracy Claims Under 42 U.S.C. §§1985
and 1986 (Doc. No. 146).  Having reviewed the briefs and the relevant law, the Court finds that
the sixth motion to dismiss should be granted in part.

A.  Timeliness of the Motion to Dismiss

As a preliminary matter, the Plaintiffs argue that this motion to dismiss should be denied because it was filed after the motions deadline.  The motions deadline has since been extended. Amended Initial Pretrial Report (Doc. No. 172), filed October 2, 2001.  Accordingly, the motion to dismiss is timely.

B.  Background

The Rio Rancho Defendants argue that the Plaintiffs have not stated either a claim under §1985 or §1986.  The First Amended Complaint (Doc. No. 16), however, does not allege a §1986 claim of conspiracy.  Count II of the First Amended Complaint alleges the following claim under §1985:

> 158.  All Defendants conspired to deprive Plaintiffs of equal protection under the laws and their civil and constitutional rights as detailed in this Complaint.
> 159.  Defendants took action both directly and indirectly in the furtherance of the object of this conspiracy, which included but was not limited to depriving Plaintiffs of their First, Fourth, Sixth and Fourteenth Amendment rights.
> 160.  As a result of the conspiracy, Plaintiffs have been injured and damaged and deprived of exercising their civil and constitutional rights.

The Plaintiffs state that they are not alleging any conspiracy claims under 42 U.S.C. §1985(1) or the first two clauses of 42 U.S.C. §1985(2).  The Court notes that it has already dismissed without prejudice Plaintiff Reynald Lops' claim of conspiracy to violate his First and Fourth Amendment rights as it relates to his state court conviction, and dismissed with prejudice Plaintiff Reynald Lops' claim of conspiracy to violate his Sixth Amendment rights as it relates to his state court conviction.  Memorandum Opinion and Order (Doc. No. 113), filed March 29, 2001.  The remaining conspiracy claims are those brought under the last clause of §1985(2) and under §1985(3).  Both the Plaintiffs and Defendants ask for an award of attorneys' fees and costs

incurred in connection with this motion to dismiss.

C.  Standard

In considering a motion to dismiss for failure to state a claim, the Court must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).  The Court may dismiss the complaint if it appears to a certainty that the plaintiff can prove no set of facts in support of the plaintiff's claim which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

D.  Discussion

1.  The Last Clause of §1985(2) and §1985(3)

The last clause of §1985(2) provides that it is illegal

if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person or class of persons, to the equal protection of the laws....

Section 1985(3) provides that

If two or more persons in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; ... in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one of more of the conspirators.

"[T]he same general analysis applies to the two sections."  *Taylor v. Gilmartin*, 686 F.2d 1346,

1356 (10th Cir. 1982), *cert. denied*, 459 U.S. 1147 (1983). To state a claim of conspiracy under the last clause of §1985(2) and §1985(3), the plaintiff must make specific factual allegations that there was "a 'racial, or perhaps otherwise class-based, invidiously discriminatory animus' which 'aim(s) at a deprivation of the equal enjoyment of rights secured by the law to all.'" *Id.* at 1357 (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). *See also, e.g., Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981), *cert. denied*, 455 U.S. 1016 (1982)(mere conjecture is not enough to state claim of conspiracy). In addition, the Plaintiff must allege facts which demonstrate "that there was a meeting of minds or agreement among ... the defendants, discriminatorily motivated, to deprive [the plaintiff] of equal protection." *Gallegos v. City and County of Denver*, 984 F.2d 358, 364 (10th Cir. 1993). However, "'the nature of conspiracies often makes it impossible to provide details at the pleading stage,' and '[g]ranting defendant's motion[s] to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Brever v. Rockwell Intern. Corp.*, 40 F.3d 1119, 1128 (10th Cir. 1994)(citations omitted). Consequently, "the complaint must simply plead sufficient facts from which a conspiracy can be inferred; the facts detailing the conspiratorial agreement can be pleaded generally, while those facts documenting the overt acts must be pleaded specifically." *East v. City of Chicago*, 719 F.Supp. 683, 695 (N.D. Ill. 1989). *See also Brever*, 40 F.3d at 1127 (plaintiff must allege facts sufficient to give rise to an inference that there was a conspiracy).

Having liberally construed the pleadings and drawn all reasonable inferences in the Plaintiffs' favor, the Court finds that the Plaintiffs specifically pleaded that the various Defendants acted in concert with each other. The question then is whether the Plaintiffs specifically pleaded

that the Defendants were motivated by racial animus in their concerted actions to discriminate against the Plaintiffs.  The Amended Complaint alleges at ¶66 that "Defendant Link determined that Plaintiff Reynald Lops used 'big words' for a Black man."  The Amended Complaint also alleges at  ¶90 that "Defendants were in part motivated in their illegal conduct by the fact that Reynald Lops is a Black man, married to a Hispanic woman, who spanked a White girl, which motivation was openly discussed by the state actors during the investigation and prosecutions."  The Amended Complaint alleges at  ¶103 that the "Defendants' use of the voodoo doll was in furtherance of their conspiracy to alienate Cristen Van Horn from her family and to intimidate, harass, humiliate, persecute and belittle Reynald Lops because he is Black Haitian and Roman Catholic."  Finally, the Amended Complaint alleges at ¶93 that "Defendants were motivated to remove Cristen Van Horn and to pursue Reynald and Victoria Lops in part by their belief that Reynald Lops, a Black man, could not be trusted with a White/Hispanic girl; and, Victoria Lops, a Hispanic women, could not and would not adequately protect a White/Hispanic girl from her husband, who was Black."  The Court concludes that these allegations are sufficiently specific that one could infer that the Defendants were motivated by racial animus when they allegedly conspired against Plaintiff Reynald Lops.  The Court finds, however, that the Plaintiffs failed to allege specific facts showing that the Defendants were motivated by racial animus to act in concert against Plaintiffs Maria-Renee Lops, Victoria Lops, and Jacob Van Horn.  Accordingly, any §1985 claim by Plaintiffs Maria-Renee Lops, Victoria Lops, and Jacob Van Horn will be dismissed.

2. Attorneys' Fees and Costs

The Court finds that an award of attorneys' fees and costs to either the Plaintiffs or the Defendants is not warranted.

IT IS ORDERED that:

1. Rio Rancho Defendants' Motion to Dismiss No. VI: Dismissal of Plaintiffs' Conspiracy Claims Under 42 U.S.C. §§1985 and 1986 (Doc. No. 146) is granted in part;

2. the §1985 claims by Plaintiffs Maria-Renee Lops, Victoria Lops, and Jacob Van Horn will be dismissed with prejudice; and

3. the parties' requests for attorneys' fees and costs are denied.


_____
CHIEF UNITED STATES DISTRICT JUDGE