IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REYNALD LOPS, individually and on behalf
of his minor daughter, MARIA-RENÉE LOPS,
and VICTORIA LOPS, individually and on behalf
of her minor daughter, MARIA-RENÉE LOPS,
and JACOB VAN HORN,

    Plaintiffs,

vs.                                                                                                     Civ. No. 00-1268 JP/LFG-ACE

ALFRED HABERMAN, individually,
DEBBIE CLARK, individually,
VERONICA MONTAÑO-PILCH, individually,
ANGELA VARNADO, individually and
formerly as GUARDIAN AD LITEM of CRISTEN
VAN HORN, BRIAN LINK, individually and in his
official capacity as an agent of the CITY OF RIO
RANCHO, RIO RANCHO DEPARTMENT OF
PUBLIC SAFETY, JOHN DOES 1-15 individually
and as agents of the CITY OF RIO RANCHO,
RIO RANCHO DEPARTMENT OF PUBLIC SAFETY,
JANE DOES 1-15 individually and as agents of the
CITY OF RIO RANCHO, RIO RANCHO
DEPARTMENT OF PUBLIC SAFETY, DENNY HAYCOX,
individually and in his official capacity as Director of RIO
RANCHO DEPARTMENT OF PUBLIC SAFETY, and
CITY OF RIO RANCHO,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On July 9, 2001, Defendants City of Rio Rancho, Rio Rancho Department of Public Safety, Brian Link, and Dencil Haycox (Rio Rancho Defendants) filed Rio Rancho Defendants' Motion for Partial Summary Judgment No. IV: Dismissal of All of Lt. Col. Lops' Federal and State Claims Stemming From His Military Court Marshall [sic] and Air Force Board of Inquiry Proceedings (Doc. No. 144). Having reviewed the briefs and the relevant law, the Courts finds

that the Rio Rancho Defendants' fourth motion for partial summary judgment should be denied.

A. Timeliness of the Motion for Partial Summary Judgment

As a preliminary matter, the Plaintiffs argue that this motion to dismiss should be denied because it was filed after the motions deadline. The motions deadline has since been extended. Amended Initial Pretrial Report (Doc. No. 172), filed October 2, 2001. Accordingly, the motion for partial summary judgment is timely.

B. Standard for Summary Judgment

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Bacchus Indus., Inc.*, 939 F.2d at 891.

C. Discussion

The Rio Rancho Defendants argue that Defendant Link is entitled to absolute witness immunity under *Briscoe v. LaHue*, 460 U.S. 325 (1983) for his testimony at the United States Air Force Court Martial and Board of Inquiry proceedings brought against Plaintiff Reynald Lops. *Briscoe* held that witnesses are entitled to absolute immunity from actions for damages filed under 42 U.S.C. §1983. *Id*. at 335-36. The Rio Rancho Defendants further argue that the Plaintiffs cannot defeat Defendant Link's absolute witness immunity by alleging that Defendant Link was engaged in a conspiracy to offer false testimony at the Court Martial and Board of Inquiry proceedings. Finally, the Rio Rancho Defendants argue that the Plaintiffs cannot defeat Defendant Link's absolute witness immunity by relying on the complaining witness exception to absolute witness immunity.

The Plaintiffs responded to these arguments by stating that they are "not suing Defendant Link for lying in his testimony before the Court Martial and the Board of Inquiry." Plaintiffs' Response to Rio Rancho Defendants' Motion for Partial Summary Judgment No. IV: Dismissal of All of Lt. Col. Lops' Federal and State Claims Stemming From His Military Court Marshall [sic] and Air Force Board of Inquiry Proceedings (Doc. No. 152) at 10, filed Aug. 6, 2001. The Amended Complaint (Doc. 16), filed October 30, 2000, at ¶143 alleges only that "Defendants Link and Haberman deprived Plaintiffs of their Sixth Amendment right to confront witnesses and to have witnesses testify on their behalf by intimidating witnesses, concealing evidence and otherwise obstructing justice in their Unconstitutional [sic] pursuit of Plaintiffs Reynald Lops and Victoria Lops." Since the Amended Complaint does not allege that any of the Defendants committed perjury at the Court Martial and Board of Inquiry proceedings, the Rio Rancho

3

Defendants' fourth motion for partial summary judgment focuses on conduct that is not the subject of Plaintiffs' Amended Complaint and it will, therefore, be denied. Moreover, the requests for attorneys' fees and costs by both the Plaintiffs and the Rio Rancho Defendants will be denied.

IT IS ORDERED that:

1. the Rio Rancho Defendants' Motion for Partial Summary Judgment No. IV: Dismissal of All of Lt. Col. Lops' Federal and State Claims Stemming From His Military Court Marshall [sic] and Air Force Board of Inquiry Proceedings (Doc. No. 144) is denied; and

2. the requests for attorneys' fees and costs are denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE