IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REYNALD LOPS, individually and on behalf
of his minor daughter, MARIA-RENÉE LOPS,
and VICTORIA LOPS, individually and on behalf
of her minor daughter, MARIA-RENÉE LOPS,
and JACOB VAN HORN,

    Plaintiffs,

vs.                                          Civ. No. 00-1268 JP/LFG-ACE

ALFRED HABERMAN, individually,
DEBBIE CLARK, individually,
VERONICA MONTAÑO-PILCH, individually,
ANGELA VARNADO, individually and
formerly as GUARDIAN AD LITEM of CRISTEN
VAN HORN, BRIAN LINK, individually and in his
official capacity as an agent of the CITY OF RIO
RANCHO, RIO RANCHO DEPARTMENT OF
PUBLIC SAFETY, JOHN DOES 1-15 individually
and as agents of the CITY OF RIO RANCHO,
RIO RANCHO DEPARTMENT OF PUBLIC SAFETY,
JANE DOES 1-15 individually and as agents of the
CITY OF RIO RANCHO, RIO RANCHO
DEPARTMENT OF PUBLIC SAFETY, DENNY HAYCOX,
individually and in his official capacity as Director of RIO
RANCHO DEPARTMENT OF PUBLIC SAFETY, and
CITY OF RIO RANCHO,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On November 7, 2001, the Plaintiffs filed Plaintiffs' Objections to Magistrate Court's Memorandum Opinion and Order Staying Deposition of Cristen Van Horn and Calling for Briefing on Issue of Alleged Conflict Entered October 24, 2001 [Doc. 192], Doc. No. 199. Having considered the relevant law and the briefs, the Court finds that the Plaintiffs' objections will be denied and the Memorandum Opinion and Order Staying Deposition of Cristen Van Horn

and Calling for Briefing on Issue of Alleged Conflict (Doc. No. 192) will be affirmed.

A. Background

On September 27, 2001, Magistrate Judge Lorenzo Garcia held a telephonic hearing during which the parties raised numerous concerns about the Plaintiffs' desire to depose Cristen Van Horn. One of the concerns was whether a conflict of interest had arisen in this case which might preclude further representation of the Plaintiffs by their counsel. The conflict of interest issue centers on the fact that Cristen Van Horn was once a Plaintiff in this case and now Plaintiffs' counsel wants to depose Cristen Van Horn as a possible "hostile" witness. On October 24, 2001, Judge Garcia stayed the Plaintiffs' deposition of Cristen Van Horn and ordered that the parties brief the issue of the alleged conflict of interest. Memorandum Opinion and Order Staying Deposition of Cristen Van Horn and Calling for Briefing on Issue of Alleged Conflict (Doc. No. 192). The Plaintiffs object under Fed. R. Civ. P. 72(a) to Judge Garcia staying their deposition of Cristen Van Horn and ordering the parties to brief the conflict of interest issue.

B. Standard

A reviewing court must defer to the Magistrate Judge's decision "unless it is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir.), *cert. denied*, 522 U.S. 914 (1997). To overturn the Magistrate Judge's decision as clearly erroneous under Rule 72(a), the Court must have a "'definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)(quoting *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)). "To be clearly erroneous, a decision must strike [the court] as more than just maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish."

2

*Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988), *cert. denied*, 493 U.S. 847 (1989). The standard of review, however, when reviewing a question of law is *de novo*. *Weekoty v. United States*, 30 F.Supp.2d 1343, 1344 (D.N.M. 1998).

C. Discussion

The Plaintiffs raise three grounds for overturning Judge Garcia's order staying the Plaintiffs' deposition of Cristen Van Horn and requiring briefing on the issue of conflict of interest. First, the Plaintiffs argue that Judge Garcia cannot, as a Magistrate Judge, order injunctive relief by prohibiting the Plaintiffs' counsel from representing the Plaintiffs. Second, the Plaintiffs argue that no one with standing has raised the conflict of interest issue. Third, the Plaintiffs argue that there is no conflict of interest, because although Cristen Van Horn was once a named Plaintiff, Plaintiffs' counsel did not have an attorney-client relationship with her.

    1. Disqualification of Counsel by a Magistrate Judge

The Plaintiffs are correct in noting that 28 U.S.C. §636(b)(1)(A) precludes a Magistrate Judge from hearing motions for injunctive relief. However, "[n]umerous cases have held that motions to disqualify or for other relief related to the conduct or ethical violations of counsel fall within a magistrate's authority under 28 U.S.C. 636(b)(1)." *Hammond v. City of Junction City, Kansas*, 167 F.Supp.2d 1271, 1288-89 (D. Kan. 2001)(citing among other cases *Hutchinson v. Pfeil*, 105 F.3d 562, 565 (10th Cir. 1997)). Moreover, a Magistrate Judge has the authority to rule on a motion to disqualify under Fed. R. Civ. P. 72(a), because a motion to disqualify is not dispositive in nature. *Howe Inv., Ltd. v. Perez Y Cia. de Puerto Rico, Inc.*, 96 F.Supp.2d 106, 112-13 (D. Puerto Rico 2000)(citing *Phinney v. Wentworth Douglas Hospital*, 199 F.3d 1, 5-6 (1st Cir. 1999)). In sum, it is not contrary to law for Judge Garcia to decide whether Plaintiffs'

counsel should be disqualified due to a conflict of interest.

2. Standing to Raise Issue of Conflict of Interest

The Plaintiffs also argue that only Cristen Van Horn has standing to raise the issue of conflict of interest. Since she has not raised the issue of conflict of interest, the Plaintiffs contend that the Defendants cannot raise the issue for her. As a general rule, only a former client has standing to move for an attorney's disqualification based on conflict of interest. *Abbott v. Kidder Peabody & Co., Inc.*, 42 F.Supp.2d 1046, 1050 (D. Colo. 1999)(citing *Beck v. Board of Regents of State of Kan.*, 568 F.Supp. 1107, 1110 (D. Kan. 1983)). However, there is an exception to this general rule. Opposing counsel has standing to raise the issue of conflict of interest "where the interests of the public are so greatly implicated that an apparent conflict of interest may tend to undermine the validity of the proceedings." *Id*. (citing *Beck*, 568 F.Supp. at 1110). In other words, "[w]here the conflict is such as clearly to call in question the fair or efficient administration of justice, opposing counsel may properly raise the question." Rule 16-107 NMRA 1987, ABA Comment to Model Rules. Since the deposition of Cristen Van Horn is critical to this case, a potential conflict of interest could adversely affect the validity of her testimony. Under these circumstances, the Court finds that the Defendants have standing to raise the issue of a conflict of interest. Consequently, Judge Garcia did not act contrary to law by allowing opposing counsel to raise the issue of a possible conflict of interest.

3. The Client-Attorney Relationship

Finally, the Plaintiffs argue that there was no conflict of interest because there was never an attorney-client relationship between Cristen Van Horn and Plaintiffs' counsel. The threshold question in determining whether there is a conflict of interest based on a former representation is

whether there was an actual attorney-client relationship. *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1384 (10th Cir. 1994). Since the existence of an actual attorney-client relationship is a substantive element of a conflict of interest, the question of whether there was an actual attorney-client relationship between Cristen Van Horn and Plaintiffs' counsel is best addressed in the briefs on the conflict of interest issue or at an evidentiary hearing, if one becomes necessary.

IT IS ORDERED that:

1. Plaintiffs' Objections to Magistrate Court's Memorandum Opinion and Order Staying Deposition of Cristen Van Horn and Calling for Briefing on Issue of Alleged Conflict Entered October 24, 2001 [Doc. 192], Doc. No. 199 are denied; and

2. Judge Garcia's Memorandum Opinion and Order Staying Deposition of Cristen Van Horn and Calling for Briefing on Issue of Alleged Conflict (Doc. No. 192) is affirmed.

_____
CHIEF UNITED STATES DISTRICT JUDGE