# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

REYNALD LOPS, individually and on behalf
of his minor daughter, MARIA-RENÉE LOPS,
and VICTORIA LOPS, individually and on behalf
of her minor daughter, MARIA-RENÉE LOPS,
and JACOB VAN HORN,

      Plaintiffs,

vs.                                         Civ. No. 00-1268 JP/LFG-ACE

ALFRED HABERMAN, individually,
DEBBIE CLARK, individually,
VERONICA MONTAÑO-PILCH, individually,
ANGELA VARNADO, individually and
formerly as GUARDIAN AD LITEM of CRISTEN
VAN HORN, BRIAN LINK, individually and in his
official capacity as an agent of the CITY OF RIO
RANCHO, RIO RANCHO DEPARTMENT OF
PUBLIC SAFETY, JOHN DOES 1-15 individually
and as agents of the CITY OF RIO RANCHO,
RIO RANCHO DEPARTMENT OF PUBLIC SAFETY,
JANE DOES 1-15 individually and as agents of the
CITY OF RIO RANCHO, RIO RANCHO
DEPARTMENT OF PUBLIC SAFETY, DENNY HAYCOX,
individually and in his official capacity as Director of RIO
RANCHO DEPARTMENT OF PUBLIC SAFETY, and
CITY OF RIO RANCHO,

      Defendants.

## MEMORANDUM OPINION AND ORDER

On March 19, 2002, Magistrate Judge Garcia entered a Memorandum Opinion and Order

(Doc. No. 215) which granted the Defendants' request to preclude Plaintiffs' counsel from

deposing Cristen Van Horn and precluded the law firm of Dixon, Scholl, and Bailey from further

representation of the Plaintiffs in this case. Judge Garcia also ordered how the transference of

documents from the files of Plaintiffs' counsel to successor counsel should take place. On April

2, 2002, the Plaintiffs filed their Objection [sic] to Magistrate Court's Memorandum Opinion and Order Entered March 19, 2002 (Doc. No. 216). The Plaintiffs' objections are made under Fed. R. Civ. P. 72(a). Having reviewed the Plaintiffs' objections as well as the Defendants' response brief, the Court finds that the Plaintiffs' objections should be denied and Judge Garcia's March 19, 2002 Memorandum Opinion and Order should be affirmed.

A. Background

Judge Garcia found that Plaintiffs' counsel violated Rule16-107, NMRA (general conflict of interest) by representing both Ms. Van Horn and her family while she was still a minor. Judge Garcia further found that Rule 16-109, NMRA (conflict of interest involving a former client) precludes Plaintiffs' counsel from deposing Ms. Van Horn and from continuing to represent the Plaintiffs in this litigation. Finally, Judge Garcia found that policy considerations, like serving the best interests of children and considering the fairness of the judicial process, support his decision to preclude Ms. Van Horn from being deposed by Plaintiffs' counsel and his decision to disqualify Plaintiffs' counsel from representing the Plaintiffs any further.

B. Standard of Review

A reviewing court must defer to the Magistrate Judge's decision "unless it is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir.), *cert. denied*, 522 U.S. 914 (1997). To overturn the Magistrate Judge's decision as clearly erroneous under Rule 72(a), the Court must have a "'definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)(quoting *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)). "To be clearly erroneous, a decision must strike [the court] as more than just maybe or probably wrong; it

must . . . strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish."

*Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988), *cert. denied*, 493 U.S. 847 (1989). The standard of review, however, when reviewing a question of law is *de novo*. *Weekoty v. United States*, 30 F.Supp.2d 1343, 1344 (D.N.M. 1998).

C. Discussion

The Plaintiffs articulate three objections to Judge Garcia's Memorandum Opinion and Order of March 19, 2002. First, the Plaintiffs argue that Judge Garcia's finding of a conflict of interest which precludes Plaintiffs' counsel from further representation of the Plaintiffs in this case is not supported by specific facts. Second, the Plaintiffs argue that Judge Garcia distinguished two cases ruling against attorney disqualification by assuming certain facts not supported by the record. Third, the Plaintiffs argue that Judge Garcia decided to disqualify Plaintiffs' counsel without any evidence from Ms. Van Horn demonstrating a conflict of interest.

1. Whether Specific Facts Support Judge Garcia's Conclusion that a Conflict of Interest Precludes Plaintiffs' Counsel from Further Representation of the Plaintiffs.

The Plaintiffs contend that Judge Garcia improperly relied on the following in finding that there was an attorney-client relationship between Ms. Van Horn and Plaintiffs' counsel:

The Court has no way to determine whether confidential information was passed between Ms. Van Horn and Mr. Scholl. However, based on the pleadings prepared by Mr. Scholl for Ms. Van Horn, it appears the Mr. Scholl provided legal advice to Ms. Van Horn before she chose not to proceed with the litigation and before she made the decision to sign the motion [to dismiss] that he prepared.

Memorandum Opinion and Order at 16. The Plaintiffs argue that these statements are not based on specific evidence.

3

Judge Garcia indicated in his Memorandum Opinion and Order at 4 that in early December 2000, Plaintiffs' counsel, Mr. Scholl, delivered to Ms. Van Horn (through Randy Felker, counsel for Defendants Haberman, Clark, and Montaño-Pilch) a letter "outlining information about the case, advising her of rights, providing contact information, and asking her for concurrence to proceed." *See* Memorandum Opinion and Order at 2 (Doc. No. 192), filed Oct. 24, 2001). Judge Garcia noted that Ms. Van Horn also spoke with Mr. Scholl by telephone and stated to Mr. Scholl that she did not want to be involved in this case. Memorandum Opinion and Order at 4. Judge Garcia further observed that Mr. Scholl then prepared an unopposed "pro se" motion and order of dismissal which Ms. Van Horn executed. *Id*. at 5. These specific facts support Judge Garcia's finding that Mr. Scholl apparently, and in all likelihood, provided legal advice to Ms. Van Horn prior to the termination of her lawsuit. The provision of legal advice is evidence that Ms. Van Horn and Mr. Scholl had an attorney-client relationship. *See Griffen by Freeland v. East Prairie, Missouri Reorganized School Dist. No. 2*, 945 F. Supp. 1251, 1254 (E.D. Mo. 1996). Plaintiffs' first objection is without merit.

    2. Whether Judge Garcia Distinguished Two Cases Ruling Against Attorney Disqualification by Assuming Certain Facts Not Supported by the Record.

    Interestingly, the Plaintiffs only refer to one case, *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373 (10th Cir. 1994), as the case which Judge Garcia improperly distinguished. The Plaintiffs argue that Judge Garcia distinguished *Cole* from this case by stating that, unlike this case, *Cole* involved a situation where the attorney and client did not sign a formal contract of representation. The Plaintiffs contend that this distinction implies that there was a formal signed contract between Ms. Van Horn and Plaintiffs' counsel. The Plaintiffs assert that there is no evidence of a formal

signed contract between Ms. Van Horn and Plaintiffs' counsel.  Accordingly, the Plaintiffs argue

that since Judge Garcia did not properly distinguish *Cole* from this case, the following holding

from *Cole* should apply:  to establish the existence of an attorney-client relationship "a party must

show that (1) it submitted confidential information to a lawyer and (2) it did so with the

reasonable belief that the lawyer was acting as the party's attorney."  43 F.3d at 1384 (citation

omitted).  The Plaintiffs argue that there is no evidence that Ms. Van Horn submitted confidential

information to Plaintiffs' counsel.

> Judge Garcia stated the following regarding *Cole*:

>> It is true that the Tenth Circuit, in <u>Cole</u>, analyzed the disqualification issue in terms of whether the plaintiff had shown that she submitted confidential information to the attorney and whether she did so with the reasonable belief that the lawyer was acting as her attorney.  <u>Id</u>. at 1384.  However, that case, unlike this litigation, involved a situation where there was no formal signed contract between the parties and/or no payment of fees.  Instead, the Court essentially was asked to examine other factors that might <u>imply</u> an attorney-client relationship.  Here, it is undisputed that there was an <u>actual</u> attorney-client relationship between Plaintiffs and their counsel, and as discussed *supra*, the Court has concluded that Ms. Van Horn was one of the named Plaintiffs.

Memorandum Opinion and Order at 16 (emphasis added).  The Court agrees with the Plaintiffs

that Judge Garcia's statement regarding the lack of a formal signed contract in *Cole* appears to

imply that this litigation involved the unestablished fact that Ms. Van Horn signed a formal

contract of representation with Plaintiffs' counsel.  However, Judge Garcia's distinction of *Cole*

goes beyond whether Ms. Van Horn signed a formal contract.  Ms. Cole, the plaintiff in *Cole*, did

not have a formal contract with the attorneys at issue, did not pay their attorneys' fees, and

consulted with the attorneys in an official capacity as a constituent of a corporation.  As Judge

Garcia recognized, the Tenth Circuit had to examine other factors, like the communication of

confidential information, to determine whether Ms. Cole had an implied attorney-client

relationship. Judge Garcia also recognized that in this case there was an "actual" or express attorney-client relationship between Ms. Van Horn and Plaintiffs' counsel, not an implied attorney-client relationship. The facts, as discussed under the Real Party in Interest section of the Memorandum Opinion and Order at 12-15, indicate that Dixon, Scholl, and Bailey represented all of the original Plaintiffs as actual parties in this litigation. This situation is clearly distinguishable from that in *Cole* where the attorneys did not represent Ms. Cole as an actual party in any litigation and merely consulted with her in an official capacity, not personally. The Plaintiffs' second objection to Judge Garcia's Memorandum Opinion and Order is likewise without merit.

3. Whether Judge Garcia Decided to Disqualify Plaintiffs' Counsel Without Any Evidence from Ms. Van Horn Demonstrating a Conflict of Interest.

The Plaintiffs argue that Judge Garcia decided to disqualify Plaintiffs' counsel without determining from Ms. Van Horn whether there is an actual conflict of interest between her and the Plaintiffs. In addition to setting forth a test for determining whether there is an implied attorney-client relationship, *Cole* set forth the elements required to disqualify opposing counsel based on a former representation. To disqualify counsel on the ground of a former representation (1) there must have been an actual attorney-client relationship between the former client and the counsel; (2) the present litigation must involve a matter that is "substantially related" to the subject of the prior representation; and (3) the interests of the counsel's present client must be are materially adverse to the former client. 43 F.3d at 1384.

Judge Garcia found that "[i]t also appears, without question, that the remaining Plaintiffs' interests are materially adverse to those of Ms. Van Horn as their interests lie in denying that Mr. Lops mistreated and abused Ms. Van Horn, while Ms. Van Horn's interests lie in confirming her

prior statements and testimony that she was abused."  Memorandum Opinion and Order at 11-12.

This finding is based upon the allegations in the amended complaint and a sworn affidavit Ms. Van

Horn signed on September 25, 2001.  *See* Memorandum Opinion and Order at 2 and 5; Certificate

of Compliance (Doc. No. 198), filed Nov. 7, 2001.  Ms. Van Horn's sworn affidavit sets forth

sufficient facts to support Judge Garcia's conclusion that the Plaintiffs' interests are materially

adverse to the interests of Ms. Van Horn.  The Plaintiffs' third objection is without merit as well.

D.  Conclusion

The Court finds that Judge Garcia's March 19, 2002 Memorandum Opinion and Order is

not "clearly erroneous or contrary to law."  Accordingly, the Plaintiffs' objections will be denied

and Judge Garcia's Memorandum Opinion and Order will be affirmed.

IT IS ORDERED that:

1.  Plaintiffs' Objection [sic] to Magistrate Court's Memorandum Opinion and Order

Entered March 19, 2002 (Doc. No. 216) is denied; and

2.  Judge Garcia's Memorandum Opinion and Order (Doc. No. 215) is affirmed.


_____
CHIEF UNITED STATES DISTRICT JUDGE