IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REYNALD LOPS et al.,

        Plaintiffs,

vs.                                                     CIVIL NO.  00-1268 JP/LFG-ACE

ALFRED HABERMAN et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER RECOMMENDING DISMISSAL

### Background

In March 2002, the Court issued a memorandum and order disqualifying Plaintiffs' attorneys, Dixon, Scholl & Bailey, P.A., from representing the Plaintiffs in this lawsuit [Doc. 215]. Due to the disqualification, the Court stayed formal discovery as well as counsel's obligation to file motions to compel, to respond or to reply to various motions. The stay was intended to allow Plaintiffs time to secure new counsel.

In late March 2002, the Court corresponded with all counsel of record, including Dixon, Scholl & Bailey. The Court directed that counsel confer and determine how much time should be afforded Plaintiffs to obtain substitute counsel, when the stay should be lifted, and what steps were necessary to place the case back on an appropriate case management track. Rather than responding to the Court's March letter, Plaintiffs appealed the disqualification order [Doc. 216]. However, on May 7, 2002, the Court's order on disqualification was affirmed [Doc. 218].

The Court again corresponded with counsel and renewed its prior inquiries. In response, defense counsel corresponded with the Court and stated in part:

> After a number of attempts, I have been unable to substantively discuss this matter with the attorneys for the Plaintiffs. Mr. Becker advises me that he spoke with Mr. Bailey on May 8, and that the Dixon, Scholl & Bailey firm is seeking other counsel to represent the Plaintiffs. This letter is being written on behalf of the defense, after consultation with Mr. French and Mr. Becker.
>
> We suggest that the Plaintiffs be allowed thirty days to obtain substitute counsel, and that discovery be recommenced thirty days after substitute counsel enters an appearance on behalf of the Plaintiffs. Outstanding discovery requests should be due thirty days after substitute counsel enters an appearance on behalf of the Plaintiffs.

(May 13, 2002 letter from attorney Randolph B. Felker).

Upon receipt of Mr. Felker's letter, the Court issued an order establishing a 30-day deadline for Plaintiffs to obtain substitute counsel [Doc. 219]. The Court's order also provided that if substitute counsel were not obtained, the adult Plaintiffs could represent themselves as *pro se* litigants, but consistent with prior rulings of the Court, the *pro se* litigant could only represent his or her own interests and not the interests of anyone else, including other family members [Doc. 219, p. 1]. Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986). Thus, Plaintiffs had thirty days to have their substitute counsel enter an appearance or, alternatively, for Plaintiffs to enter their own appearance *pro se*.

In mid-May 2002, the Court received a letter request from the Dixon, Scholl & Bailey law firm seeking a 60-day extension of time so as to allow substitute counsel to enter an appearance. In accord with that request, the Court withdrew its May 14, 2002 order and, instead, entered a new order granting Plaintiffs sixty days within which to secure substitute counsel or to enter their own appearance as *pro se* litigants [Doc. 220].

On July 16, 2002, attorney Troy W. Prichard corresponded with the Court advising that he was contacted in mid-May 2002 concerning this case, and was consulting with the Plaintiffs to determine whether he would accept representation on their behalf. Mr. Prichard requested another 45-60 day extension to complete his evaluation. The Court once again granted the request and afforded the Plaintiffs an additional sixty days within which to secure substitute counsel or enter their own appearance [Doc. 222].

That final 60-day extension expired without Mr. Prichard or any other attorney entering an appearance on behalf of the Plaintiffs, and without the Plaintiffs entering their own appearance as *pro se* litigants. As a result, the Court corresponded with all counsel, including Mr. Prichard, on September 24, 2002. The letter provided:

> The last of many extensions for Plaintiffs to secure new counsel has expired and no new attorney has entered an appearance for Plaintiffs. Therefore, I am scheduling a Fed. R. Civ. P. 16 status conference. The purpose of this conference is to determine if there are outstanding motions that need Court decision; to determine if any further discovery is necessary; and to determine what further steps need be taken to bring this matter to final resolution.
>
> While Mr. Prichard has not entered his appearance and is not counsel of record, I request that he forward this letter to the Plaintiffs and, thereafter, confirm by letter to me that this letter was sent to them. I want to ensure that Plaintiffs are aware of the Rule 16 conference and of their responsibility to attend.
>
> I've set the Rule 16 conference with sufficient advance notice so as to allow the Plaintiffs to make necessary travel arrangements to attend. As *pro se* litigants representing their own interests, each Plaintiff must personally attend. Of course, if counsel enters an appearance on behalf of the Plaintiffs prior to that time, the Court will excuse the personal attendance of the Plaintiffs and will only require their legal representative to attend. Failure to attend the conference can result in imposition of Rule 16 sanctions, including dismissal of the lawsuit. Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992).

In accord with the Court's letter, the notice setting the status conference was provided to all parties of record and a Rule 16 conference was set for December 4, 2002.

Thereafter, Mr. Prichard confirmed that the Lops received notice of the hearing as well as the Court's September 24, 2002 letter.  Mr. Prichard also advised that he declined to accept representation in this case and, therefore, had not entered an appearance.  Mr. Prichard stated that the Lops decided not to pursue this litigation and that they would not attend the upcoming Rule 16 status/discovery conference.  Because Mr. Prichard had not entered his appearance, and technically could not speak on behalf of the Lops, the Court declined to vacate the Rule 16 conference.  Thus, the conference remained on the Court's docket.

On December 4, 2002, the date scheduled for the conference, all parties attended, save for the Plaintiffs.

## Ehrenhaus v. Reynolds Factors

The Plaintiffs' failure to comply with the Court's orders concerning substitute counsel, *pro se* representation and attendance at a mandatory conference constitutes grounds for imposition of sanctions.  In Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992), the circuit court set out various factors which must be considered prior to choosing dismissal as an appropriate sanction.

## Degree of Prejudice to Opposing Party

In this case, Defendants were accused of violating Plaintiffs' constitutional and statutory rights.  Plaintiffs accused all of the Defendants of serious wrongdoing, and the Defendants have labored under the dark cloud of accusation. Due to Plaintiffs' failure to secure substitute counsel or to proceed *pro se* with the prosecution of the case, Defendants have been unable to secure their day in court, and thus, have been denied an opportunity to clear their names.  The delays in this case have

been extraordinary and the Defendants have incurred significant legal expenses. Those expenses will continue to mount if this lawsuit remains pending, and Plaintiffs have come forward with no plan to return this case to an actively managed track. Defendants also incurred additional costs and expenses in clearing their dockets and attending the Rule 16 conference which was aborted due to the Plaintiffs' non-attendance. The Court concludes that Defendants have been prejudiced by the delays and by Plaintiffs' failure to secure new counsel, failure to enter their own appearance as *pro se* litigants, and failure to attend the Rule 16 conference.

### Interference with the Judicial Process

The Court next considers whether Plaintiffs' failures interfered with the effective, efficient and economical processing of the case. In this case, it is abundantly clear that Plaintiffs' failures to comply with the Court's prior orders has significantly delayed the final disposition of the case and impaired the Court's ability to bring this matter to final resolution. The delays have caused the Court to violate its own obligations under the district's Civil Justice Expense and Delay Reduction Plan, as this case should have been brought to final resolution within one year from the time the answer was filed. The Plaintiffs' failure to attend the Rule 16 status conference further impaired the Court's ability to return the case to an actively managed track, to lift the discovery stay and to bring this case to final resolution.

### Culpability of the Litigants

When sanctions are appropriate, a court is cautious to sanction the proper party. If the fault was occasioned by Plaintiffs' counsel, then counsel is the proper person to bear the sanction. In Re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984); M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 873 (10th Cir. 1987). Here, Plaintiffs are without counsel; thus, their failure to appear for

the conference falls solely on them and cannot be attributed to any legal representative. Thus, Plaintiffs should bear the sanction.

### Prior Warning

The Court must next consider whether it advised the Plaintiffs of the consequences for non-compliance with the Court's order. Wilner v. Univ. of Kansas, 848 F.2d 1020 (10th Cir. 1988). In this case, the Court specifically admonished Plaintiffs that their failure to attend the Rule 16 conference could result in dismissal of this litigation. (*See* the Court's September 24, 2002 letter and notice of hearing [Doc. 223]). Attorney Prichard provided the Plaintiffs with the Court's September 24, 2002 letter and notice of hearing. Notwithstanding those admonitions, Plaintiffs failed to attend and Plaintiffs directly failed to advise the Court of any reason for their non-attendance.[1]

### Efficacy of Lesser Sanctions

Finally, the Court must consider whether any lesser sanction would result in the Plaintiffs' compliance. In this case, notwithstanding the Court's prior orders or the Court's admonition of the consequences that would befall the Plaintiffs if they failed to attend, the Plaintiffs simply ignored the Court's directive and chose not to contact the Court or to attend a Court-ordered hearing. It is clear that the Plaintiffs have no further desire to prosecute this case and have opted to abandon their prosecution efforts.

Thus, the Court determines that an order of dismissal with prejudice is appropriate and, therefore, recommends that as a Rule 16 sanction, and in accord with the Plaintiffs' stated intent to

---

[1] The Court notes, of course, that Mr. Prichard advised the Court in advance that the Plaintiffs would not attend. However, as Mr. Prichard was not counsel of record and, thus technically, could not speak for the Plaintiffs, the Court was unable to vacate the conference. Mr. Prichard did advise the Court that the Plaintiffs wished to dismiss this litigation.

abandon their lawsuit, this case be dismissed with prejudice.[2]

_____
Lorenzo F. Garcia
United States Magistrate Judge

---

[2] Within ten (10) days after a party is served with a copy of this memorandum opinion and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such opinion and recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the opinion and recommendation. If no objections are filed by December 27, 2002, no appellate review will be allowed.